Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Movant and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | Case No. 2:21-cv-02873-FMO-JPR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES BABER TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Fernando M. Olguin<br>Hearing Date: July 1, 2021<br>Time: 10:00 a.m.<br>CTRM: 6D – First Street Courthouse |

[Additional caption on next page]

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF JAMES BABER TO CONSOLIDATE RELATED ACTIONS,
FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE
OF COUNSEL – 2:21-cv-02873-FMO-JPR

| | |
|---|---|
| JUSTIN KOJAK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEIL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE,<br><br>Defendants. | Case No. 2:21-cv-02879-DSF-PVC<br><br>CLASS ACTION<br><br>JUDGE: Dale S. Fischer |
| JEFF TYLER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | Case No. 2:21-cv-03080-FMO-JPR<br><br>CLASS ACTION<br><br>JUDGE: Fernando M. Olguin |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES BABER TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-02873-FMO-JPR

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant James Baber ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Federal Rule of Civil Procedure 42(a):

(1) consolidating the above-captioned actions;

(2) appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased or otherwise acquired the securities of Canoo Inc. ("Canoo" or the "Company") f/k/a Hennessy Capital Acquisition Corp. IV between August 18, 2020 and March 29, 2021, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

On April 2, 2021, the above-captioned action styled as *Blake v. Canoo Inc., et al.*, Case No. 2:21-cv-02873-FMO-JPR ("*Blake* Action"), was commenced against the Company and certain of its executives and directors for violations under the Exchange Act. That same day, a PSLRA early notice was issued advising potential class members of, *inter alia*, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES BABER TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-02873-FMO-JPR

The related action styled as *Kojak v. Canoo Inc., et al.*, Case No. 2:21-cv-02879-DSF-PVC ("*Kojak* Action"), was subsequently filed in this District against Canoo Inc., Ulrich Kranz, Tony Aquila, Daniel J. Hennessy, Nicholas A. Petruska, Bradley Bell, Peter Shea, Richard Burns, James F. O'Neil III, Juan Carlos Mas, Gretchen W. McClain, and Greg Ethridge, asserting substantially similar facts and claims as the instant action including the same Class Period.

The related action styled as *Tyler v. Canoo Inc., et al.*, Case No. 2:21-cv-03080-FMO-JPR ("*Tyler* Action"), was subsequently filed in this District against the same defendants and asserting substantially similar facts and claims as the instant action including the same Class Period.

The complaints allege that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and financial results. Specifically, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Canoo had decreased its focus on its plan to sell vehicles to consumers through a subscription model; (2) Canoo would deemphasize its engineering services business; (3) contrary to prior statements, Canoo did not have partnerships with original equipment manufacturers and no longer engaged in the previously announced partnership with Hyundai; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. When the true details entered the market, the lawsuits claim that investors suffered damages.

Canoo Holdings Ltd. ("Canoo Holdings") was an electric vehicle company that touted a "unique business model that defies traditional ownership to put customers first." It has announced a delivery vehicle (to launch in 2022), pickup

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES BABER TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-02873-FMO-JPR

truck (to launch in 2023), and van, all of which are built on the same underlying technological platform.

Hennessy Capital was a blank check company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination ("Special Purpose Acquisition Company" or "SPAC"). On or about December 21, 2020, Canoo Holdings became a public entity via merger with Hennessy Capital, with the surviving entity named "Canoo."

On March 29, 2021, after the market closed, Canoo revealed that the Company would no longer focus on its engineering services line, which had been touted in the SPAC merger documents just three months earlier and formed the basis of Canoo's growth story.

On this news, the Company's stock price fell $2.50, or 21.19%, to close at $9.30 per share on March 30, 2021, on unusually heavy trading volume.

**ARGUMENT**

## II. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES BABER TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-02873-FMO-JPR

not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

All of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

4

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $215,339.97 on his purchases of Canoo securities in connection with the alleged fraud at issue. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

5

**C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES BABER TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-02873-FMO-JPR

his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Canoo and its business. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.  Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant is retired and lives in Georgia. Prior to retirement, Movant worked as the president of a transportation service and truckload carrier company. Movant holds a Bachelor of Business Administration degree and has over 30 years of investing experience.

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES BABER TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-02873-FMO-JPR

Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## IV. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the class' and Movant's claims including filing the first case and reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigations and has obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff of the class; (3) approving The Rosen Law Firm, P.A. as Lead

8

Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   June 1, 2021                          Respectfully submitted,

                                               **THE ROSEN LAW FIRM, P.A.**

                                               /s/ Laurence Rosen, Esq.
                                               Laurence M. Rosen, Esq. (SBN 219683)
                                               355 South Grand Avenue, Suite 2450
                                               Los Angeles, CA 90071
                                               Telephone: (213) 785-2610
                                               Facsimile: (213) 226-4684
                                               Email: lrosen@rosenlegal.com

                                               *[Proposed] Lead Counsel for*
                                               *Movant and the Class*

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF JAMES BABER TO CONSOLIDATE RELATED ACTIONS,
FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE
OF COUNSEL – 2:21-cv-02873-FMO-JPR

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On June 1, 2021, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES BABER TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on June 1, 2021.

/s/ Laurence Rosen
Laurence M. Rosen

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAMES BABER TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL – 2:21-cv-02873-FMO-JPR