# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | No.: 2:21-cv-02873-FMO (JPRx)<br><br>**[PROPOSED] ORDER GRANTING MOTION OF JEFFREY PALJEVIC FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Hon. Fernando M. Olguin<br>Date: July 1, 2021<br>Time: 10:00 a.m.<br>Courtroom #6D |

*Caption continued on next page*

| | |
|---|---|
| JUSTIN KOJAK, Individually and on Behalf of All Others Similarly Situated, | No.: 2:21-cv-02879-DSF (PVCx) |
| | Judge: Hon. Dale S. Fischer |
| Plaintiff, | |
| v. | |
| CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEIL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE, | |
| Defendants. | |
| JEFF TYLER, Individually and on Behalf of All Others Similarly Situated, | No.: 2:21-cv-03080- FMO (JPRx) |
| | Judge: Hon. Fernando M. Olguin |
| Plaintiff, | |
| v. | |
| CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, | |
| Defendants. | |

2

Having considered the papers filed in support of the Motion of Jeffrey Paljevic ("Movant") for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for good cause shown, the Court hereby ORDERS as follows:

## I.    CONSOLIDATION OF RELATED ACTIONS

1.    The above-captioned securities fraud class actions pending in this Judicial District are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Any actions that have been filed, or may be filed, which are related, and which may be considered herewith, are consolidated with the *Blake* case under Case No. 2:21-cv-02873-FMO-JPR (the "Consolidated Action").

2.    A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The docket number for the Master File shall be Master File No 2:21-cv-02873-FMO-JPR. The original of this Order shall be filed by the Clerk in the Master File. The Clerk shall mail a copy of this Order to counsel of record in each of the above-captioned actions.

3.    Every pleading filed in the Consolidated Action shall bear the following caption:

| IN RE CANOO INC. SECURITIES LITIGATION | Master File No. 2:21-cv-02873-FMO-JPR |
|---|---|

## II.    APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

4.    Movant has moved this Court to be appointed as Lead Plaintiff in the above-captioned actions and to approve the counsel he retained to be Lead Counsel.

5.    Having considered the provisions of Section 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines Movant is the

3

most adequate plaintiff and satisfies the requirements of the PSLRA.  The Court hereby appoints Movant as Lead Plaintiff to represent the interests of the class.

6.      Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Movant has selected and retained the law firm of Levi & Korsinsky, LLP to serve as Lead Counsel. The Court approves Movant's selection of Lead Counsel.

7.      Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

a.      to coordinate the briefing and argument of any and all motions;

b.      to coordinate the conduct of any and all discovery proceedings;

c.      to coordinate the examination of any and all witnesses in depositions;

d.      to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e.      to call meetings of the plaintiff's counsel as deemed by Lead Counsel necessary and appropriate from time to time;

f.      to coordinate all settlement negotiations with counsel for defendants;

g.      to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

h.      to coordinate the preparation and filings of all pleadings; and

i.      to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Consolidated Action.

8.      No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to

prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of the Lead Counsel.

9.     Service upon any plaintiff of all pleadings, motions, or other papers in the Consolidated Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

10.     Lead Counsel shall be the contact between plaintiff's counsel and defendant's counsel, as well as the spokespersons for all plaintiff's counsel, and shall direct and coordinate the activities of plaintiff's counsel.  Lead Counsel shall be the contact between the Court and plaintiff and its counsel.

**III.     NEWLY FILED OR TRANSFERRED ACTIONS**

11.     When a case that arises out of the subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

a.     file a copy of this Order in the separate file for such action;

b.     mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

c.     make the appropriate entry on the docket for this action.

12.     Each new case that arises out of the subject matter of the Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

13.     During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored

5

information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

IT IS SO ORDERED.

DATED: _____

_____
HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT COURT JUDGE