**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore (SBN 228474)
Melissa A. Fortunato (SBN 319767)
445 S. Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone:  (213) 612-7222
Facsimile:   (212) 214-0506
Email:   passmore@bespc.com
           fortunato@bespc.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | Case No. 2:21-cv-02873-FMO-JPR<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF CARL SHUPE AND LANNIE WENG FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Honorable Fernando M. Olguin<br>Hearing Date: July 1, 2021<br>Time: 10:00 a.m.<br>Courtroom: 6D – 6th Floor |

[Caption continued on following page]

| | |
|---|---|
| JUSTIN KOJAK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEIL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE,<br><br>Defendants. | Case No. 2:21-cv-02879-DSF-PVC<br><br><u>CLASS ACTION</u> |
| JEFF TYLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | Case No. 2:21-cv-03080-FMO-JPR<br><br><u>CLASS ACTION</u> |

MEMO P&As ISO OF THE MOTION OF CARL SHUPE AND LANNIE WENG FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:21-cv-02873-FMO-JPR

## TABLE OF CONTENTS

I.     SUMMARY OF ARGUMENT...................................................................................1

II.    FACTUAL BACKGROUND ................................................................................2

III.   ARGUMENT.........................................................................................................4

       A.     Consolidation of the Actions Is Appropriate ...........................................4

       B.     The Court Should Appoint Movants as Lead Plaintiff .............................5

              1.     The Procedure Required by the PSLRA.........................................5

              2.     Movants Filed a Timely Motion.....................................................6

              3.     Movants Have the Largest Financial Interest in the Relief
                     Sought by the Class........................................................................7

              4.     Movants Satisfy the Requirements of Rule 23(a).........................7

                     a.     Movants' Claims Are Typical of the Claims of the Class ...8

                     b.     Movants Will Adequately Represent the Class...................9

       C.     Movants' Choice of Counsel Should Be Approved................................10

IV.    CONCLUSION ...............................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) ........................................................................... 1, 6, 8

*Crawford v. Honig*,
 37 F.3d 485 (9th Cir. 1994) ................................................................................. 9, 10

*Deinnocentis v. Dropbox, Inc.*,
 19-CV-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) .......... 8

*Ferrari v. Gisch*,
 225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................. 8

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) ................................................................................. 8

*Hufnagle v. Rino Int'l Corp.*,
 No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771
 (C.D. Cal. Feb. 14, 2011) ..................................................................................... 4, 5

*Karinski v. Stamps.com, Inc.*,
 No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879 (C.D. Cal. June 5, 2019) ........ 9

*Osher v. Guess? Inc.*,
 No. 01-cv-00871, 2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .... 8, 9, 10

*Richardson v. TVIA*,
 No. 06-cv-06304 RMW, 2007 U.S. Dist. LEXIS 28406
 (N.D. Cal. Apr. 16, 2007) ....................................................................................... 8

*Russo v. Finisar Corp.*,
 No. 5:CV 11-01252-EJD, 2011 U.S. Dist. LEXIS 124593
 (N.D. Cal. Oct. 27, 2011) ....................................................................................... 4

*Takeda v. Turbodyne Techs., Inc.*,
 67 F. Supp. 2d 1129 (C.D. Cal. 1999) ..................................................................... 8

*Vataj v. Johnson*,
 No. 19-CV-06996-HSG, 2020 U.S. Dist. LEXIS 21039
 (N.D. Cal. Feb. 3, 2020) ......................................................................................... 8

*Waterford Twp. Police v. Mattel, Inc.*,
 No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452
 (C.D. Cal. Sept. 29, 2017) ......................................................................................6

*Weisz v. Calpine Corp.*,
 No. CV 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831
 (N.D. Cal. Aug. 19, 2002) .......................................................................................4

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)..........................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)....................................................................................passim

**Rules**

Fed. R. Civ. P. 23(a) ...............................................................................................passim

Fed. R. Civ. P. 42(a) ...................................................................................................4, 5

## I.    SUMMARY OF ARGUMENT

Presently pending before the Court are three securities class action lawsuits[1] brought on behalf of a "Class" consisting of all persons or entities, other than Defendants (defined herein), who purchased or otherwise acquired Canoo Inc. ("Canoo" or the "Company") securities between August 18, 2020 and March 29, 2021, inclusive (the "Class Period").  Plaintiffs in the Action allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and directors.[2]

The Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Movants Carl Shupe and Lannie Weng (together, "Movants") lost approximately $185,502.31 as a result of the alleged fraud during the Class Period.  Movants believe that they have the largest financial interest

---

[1]  The actions pending in this Court include: *Blake v. Canoo Inc., et al.*, Case No. 2:21-cv-02873-FMO-JPR, filed on April 2, 2021 (the "*Blake* Action"); *Kojak v. Canoo Inc., et al.*, Case No. 2:21-cv-02879, filed on April 2, 2021 (the "*Kojak* Action"); and *Tyler v. Canoo Inc., et al.*, Case No. 2:21-cv-03080, filed on April 9, 2021 (the "*Tyler* Action") (together, the "Action").

[2]  Specifically, plaintiffs allege violations of Sections 10(b) and 20(a) of the Exchange Act and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder against Canoo, Chief Executive Officer Ulrich Kranz ("Kranz"), Chief Financial Officer Paul Balciunas, Executive Chairman and Director Anthony "Tony" Aquila ("Aquila"), and several other current and former officers and directors of the Company (collectively, "Defendants").

---

MEMO P&As ISO OF THE MOTION OF CARL SHUPE AND LANNIE WENG FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:21-cv-02873-FMO-JPR

1

in the outcome of the Action.[3]  Moreover, Movants satisfy the requirements of Rule 23 in that their claims are typical of the claims of the Class, and that they will fairly and adequately represent the interests of the Class.  As such, Movants meet the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movants respectfully request that:  (1) the above-captioned actions be consolidated; (2) Movants be appointed Lead Plaintiff; and (3) their selection of Bragar Eagel & Squire, P.C. ("BES") be approved as Lead Counsel.

## II.    FACTUAL BACKGROUND

Canoo (formerly known as Hennessy Capital Acquisition Corp. IV) was incorporated in Delaware on August 6, 2018, and conducted its initial public offering in March 2019.  ¶ 7.[4]  The Company was formed for the purpose of effecting a business combination with specific focus on businesses in the industrial, technology and infrastructure sectors.  *Id.*

On August 18, 2020, the Company issued a press release announcing that it had entered into a deal with Canoo Holdings Ltd. which would result in it becoming a publicly listed company.  ¶ 21.  The business combination was completed in December 2020 with the combined Company's securities trading on NASDAQ

---

[3]  Signed certifications identifying the transactions of Movants during the Class Period, as required by the PSLRA, as well as a chart identifying their losses, and a joint declaration executed by the Movants evidencing their intention to pursue the Action in a cohesive and collaborative manner, are attached to the accompanying Declaration of Marion C. Passmore ("Passmore Decl." or "Passmore Declaration"), as Exhibits 1, 2, and 3, respectively.

[4]  Citations to "¶__" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws filed in the *Blake* Action, the first-filed action (the "Complaint").  ECF No. 1.  The facts set forth in the Complaint are incorporated herein by reference.

beginning on December 22, 2020.  ¶¶ 7, 28.  The Company purports to be a mobility technology company that develops electric vehicles.  ¶ 7.

During an August 18, 2020 conference call with investors, defendant Kranz touted three streams of revenue for the Company.  ¶ 22.  In addition to business to business ("B2B") sales, the Company touted its engineering services business and a subscription-based consumer vehicle service business.  *Id.*  Similar statements relating to the Company's "united business model" continued throughout the Class Period.  ¶¶ 23-37.

The statements were materially false and misleading and failed to disclose material adverse facts about the Company's business, operations, and prospects.  ¶ 38.  More specifically, the Defendants mislead investors by misrepresenting and/or failing to disclose that:  (i) the Company's engineering services was not a viable business, would not provide meaningful revenue in 2021, and would not reduce operational risk; (ii) that the Company would no longer be focused on its subscription-based business model; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.  *Id.*

On March 29, 2021, the Company held a conference call to discuss its financial results (the "Q4 Call").  ¶ 40.  During the Q4 Call, among other things, defendant Aquila revealed that "it was decided by our Board to de-emphasize the originally stated contract engineering services line."  ¶ 41.

Shortly after the Q4 call, an article published by *The Verge* reported, *inter alia*, that "[t]he deal between Canoo and Hyundai to build electric vehicles appears to be dead."  ¶ 45.

In response to this news, shares of Canoo fell $2.50 (or $21.2%) from a March 29, 2021 close of $11.80 per share to close at $9.30 per share on March 30, 2021, on heavy volume.  ¶ 46.

An analyst from Roth Capital Partners downgraded the Company to neutral from buy and slashed the price target to $12 from $30 citing the hard pivot in the Company's business model. ¶ 47.

## III. ARGUMENT

### A. Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter is filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Russo v. Finisar Corp.*, No. 5:CV 11-01252-EJD, 2011 U.S. Dist. LEXIS 124593, at *8 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated"). "Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771, at *6-7 (C.D. Cal. Feb. 14, 2011); *Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *11-12 (N.D. Cal. Aug. 19, 2002) (consolidating cases alleging claims under the Securities Act of 1933 and the Exchange Act). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The actions here present similar factual and legal issues, as they involve the same subject matter and are based on the same wrongful course of conduct. The actions name a majority of the same parties as Defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to each of the actions. Accordingly, consolidation under Rule 42(a) is appropriate. *Rino*, 2011 U.S. Dist. LEXIS 19771, at *6-7.

### B.      The Court Should Appoint Movants as Lead Plaintiff

### 1.      The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

MEMO P&As ISO OF THE MOTION OF CARL SHUPE AND LANNIE WENG FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:21-cv-02873-FMO-JPR
5

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30; *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *8 (C.D. Cal. Sept. 29, 2017).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Cavanaugh*, 306 F.3d at 741.  *See also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that Defendants could raise against them.  Therefore, Movants are entitled to the presumption that they are the most adequate plaintiff(s) to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### 2.    Movants Filed a Timely Motion

On April 2, 2021, counsel in the *Blake* Action, the first-filed action, caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed and advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action.[5]  Pursuant to the PSLRA and within the requisite time frame after publication of the required Notice, Movants timely move this Court to be appointed lead plaintiff on behalf of all members of the Class.

---

[5]  The Notice was published over *Newsfile Corp.*, a widely circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit 4 to the Passmore Declaration.

### 3. Movants Have the Largest Financial Interest in the Relief Sought by the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movants have the largest known financial interest in the relief sought by the Class. *See* Passmore Decl., Ex. 2. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.

During the Class Period, Movants purchased Canoo securities in reliance upon the materially false and misleading statements issued by Defendants and were injured thereby. Movants suffered a substantial loss of approximately $185,502.31. *See* Passmore Decl., Ex. 2. Movants thus have a significant financial interest in the outcome of the Action. To the best of Movants' knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 4. Movants Satisfy the Requirements of Rule 23(a)

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730 n.5, 732; *Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *11 (N.D. Cal. Jan. 16, 2020); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136-37 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *15 (N.D. Cal. Apr. 16, 2007).

As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

### a.    Movants' Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movants meet the typicality requirement of Rule 23 because: (i) they suffered the same injuries as the absent Class members; (ii) they suffered as a result of the same course of conduct by Defendants; and (iii) their claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039, at *6 (N.D. Cal. Feb. 3, 2020). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Vataj*, 2020 U.S. Dist. LEXIS 21039, at *6; *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *13 (C.D. Cal. Apr. 26, 2001) ("[C]laims are typical 'if they are

reasonably co-extensive with those of the absent class members; they need not be substantially identical.'") (citations omitted).

In this case, the typicality requirement is met because Movants' claims are identical to, and neither compete nor conflict with the claims of the other Class members.  Movants, like the other members of the Class, acquired Canoo securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby.  Thus, Movants' claims are typical, if not identical, to those of the other members of the Class because Movants suffered losses similar to those of other Class members and their losses resulted from Defendants' common course of wrongful conduct.  Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3).; *Osher*, 2001 U.S. Dist. LEXIS 6057, at \*13.

### b.    Movants Will Adequately Represent the Class

Movants are adequate representatives for the Class.  Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of the movant and other members of the class.  15 U.S.C. § 78u-4(a)(3)(B); *Karinski v. Stamps.com, Inc.*, No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879, at \*4 (C.D. Cal. June 5, 2019); *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movants' interests are clearly aligned with those of the other members of the Class.  Not only is there no evidence of antagonism between Movants' interests and those of the Class, but Movants also have a significant and compelling interest in prosecuting the Action based on the large financial losses they suffered as a result of the wrongful conduct alleged in the Action.  This motivation, combined with

Movants' identical interest with the members of the Class, demonstrates that Movants will vigorously pursue the interests of the Class. *See id.* (citation omitted).

In addition, Movants have retained counsel highly experienced in prosecuting securities class actions and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movants have sustained the largest amount of losses from Defendants' alleged wrongdoing, they are therefore the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### C. Movants' Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 U.S. Dist. LEXIS 6057, at *15.

Movants have selected and retained BES as proposed Lead Counsel for the Class. The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this, and are well-qualified to represent the Class. *See* Passmore Decl., Ex. 5 (BES firm résumé).

### IV. CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the actions; (2) appoint Movants as Lead Plaintiff for the Class;

(3) approve BES as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: June 1, 2021

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Marion C. Passmore*
Marion C. Passmore (SBN 228474)
Melissa A. Fortunato (SBN 319767)
445 S. Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone:  (213) 612-7222
Facsimile:   (212) 214-0506
Email:  passmore@bespc.com
               fortunato@bespc.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above cases and am over eighteen years old.  On June 1, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of June, 2021.

*/s/ Marion C. Passmore*
Marion C. Passmore

MEMO P&As ISO OF THE MOTION OF CARL SHUPE AND LANNIE WENG FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Case No. 2:21-cv-02873-FMO-JPR
12