# EXHIBIT 3

**JOINT DECLARATION IN SUPPORT OF THE MOTION OF CARL SHUPE AND LANNIE WENG FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     We, Carl Shupe and Lannie Weng ("Movants"), respectfully submit this Joint Declaration in support of our Motion for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (the "Joint Declaration"). We each have personal knowledge about the information contained in this Joint Declaration as to ourselves.

2.     We are each informed of and understand the requirements of serving as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We understand that each of us could have chosen to pursue individual actions, individual motions for appointment as lead plaintiff, or taken no action and remained absent class members. However, we have decided to move for lead plaintiff in this case jointly because we believe that combining our collective resources and knowledge will best serve the Class.[1]

3.     I, Carl Shupe, as reflected in my Certification, purchased Canoo securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this Action. I am motivated to recover this loss for my own benefit and the benefit of all members of the Class. I currently reside in Eagan, Minnesota. I have two years of college education. I am currently semi-retired but continue to work as a home builder and carpenter. I consider myself to be a sophisticated investor and have been investing for five years. I decided to seek appointment as lead plaintiff with Lannie Weng after learning of her motivation to recover on behalf of investors and that we were each in discussions with Bragar Eagel & Squire, P.C.

---

[1] The "Class" consists of all persons or entities, other than defendants, that purchased or otherwise acquired Canoo Inc. ("Canoo" or the "Company") securities between August 18, 2020 and March 29, 2021, inclusive (the "Class Period").

("BES") to pursue claims on behalf of the Class.

4.    I, Lannie Weng, as reflected in my Certification, purchased Canoo securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this Action. I am motivated to recover this loss for my own benefit and the benefit of all members of the Class. I currently reside in California. I have a Master's degree and I am currently employed as an Engineer. I consider myself to be a sophisticated investor and have been investing for approximately fifteen years. I decided to seek appointment as lead plaintiff with Carl Shupe after learning of his motivation to recover on behalf of investors and that we were each in discussions with BES to pursue claims on behalf of the Class.

5.    On April 2, 2021, Samuel Blake filed a putative class action (the "*Blake* Action") in the United States District Court for the Central District of California (Case No. 2:21-cv-02873-FMO-JPR), on behalf of all those who purchased or otherwise acquired Canoo securities between August 18, 2020 and March 29, 2021. The *Blake* Action seeks relief against Canoo and certain of the Company's senior officers for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission.

6.    On April 2, 2021, Justin Kojak commenced a substantially similar action in the United States District Court for the Central District of California (Case No. 2:21-cv-02879-DSF-PVC) on behalf of the same class against most of the same defendants, as well as additional individual defendants, and alleging the same violations as the *Blake* Action.

7.    On April 9, 2021, Jeff Tyler commenced a substantially similar action in the United States District Court for the Central District of California (Case No. 2:21-cv-03080-FMO-JPR)

2

on behalf of the Class against the same defendants and alleging the same violations as the *Blake* Action.

8.    We believe that we will provide exemplary representation to the Class of investors who purchased or otherwise acquired Canoo securities during the Class Period.  Upon learning of each other's interest seeking appointment of lead plaintiff in this matter through our counsel, we communicated with one another and our counsel on Friday, May 28, 2020, at approximately 5:00 PM EST, where we discussed among other things: the allegations and the strength of the claims against defendants; a strategy for prosecuting the Action; the role of the lead plaintiff and the lead plaintiff selection and litigation process; the benefits that the class would receive from the leadership of a group of like-minded investors like us; a shared desire to achieve the best possible result for the class; our interests in prosecuting the case in a collaborative, likeminded manner; attorney's fees, and the actions that we will take to continue to ensure that the claims will be zealously and efficiently litigated.

9.    We are like-minded investors who contacted and retained BES.  We believe that the allegations against Canoo are meritorious and that the Class will benefit from having a small, cohesive group of highly motivated investors with substantial financial interests at stake as lead plaintiff.  We each decided to work together as a small group of investors in order to collaborate and exercise joint decision-making.  We agree to work collaboratively to represent all Canoo shareholders who suffered damages during the Class Period and to ensure that the Class achieves the largest recovery possible.

10.    We each understand that, if appointed, we would owe a fiduciary duty to the Class to provide effective representation and to ensure that lead counsel effectively litigates the Action. Each of us understands that if we are appointed as lead plaintiff, we will owe a duty to the putative

3

Class to provide fair and adequate representation, oversee counsel, and obtain the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy.  Each of us will do our best to maximize the recovery for the Class.

11.    If appointed as lead plaintiff, we agree to actively manage the prosecution of the Action including reviewing documents, having joint calls, discussing through email any developments, participating in discovery, and exercising joint decision-making to execute a strategy to maximize the recovery of the entire Class.  We are confident in our ability to reach joint decisions regarding litigation matters and will use consensus decision making to maximize the recovery for the Class.  We agree that we will share our perspectives, experiences, and resources and will remain actively involved to ensure the Class is afforded the highest degree of representation.

12.    Given our obligations to the Class and our shared common interest in maximizing the recovery for all investors, we fully expect to reach a consensus regarding litigation decisions. However, in the unlikely event that a disagreement arises, we agree that our respective voting power will be determined in proportion to the amount of Class Period losses suffered by each group member.

13.    We select BES to serve as lead counsel on behalf of the Class and believe BES has the experience and ability to effectively and expeditiously bring the Action to a close and achieve a strong recovery on behalf of the Class.  We are familiar with the experience, resources, and successes of our proposed lead counsel, BES.  We are well aware that BES is an accomplished law firm with a history of achieving significant settlements and corporate governance reforms with defendants.  Indeed, we believe that the firm's prior experience of effectively litigating complex class action lawsuits will provide comfort that the proposed Class will receive the best

possible representation. We also believe that BES will vigorously prosecute this Action in a cost-effective manner and in the best interests of all members of the putative Class.

14. It is our goal to resolve this Action in an expeditious manner that is fair to all members of the Class. Through supervision of our chosen counsel, BES, we will ensure that the Action is prosecuted for the benefit of the Class in an efficient and effective manner. In that regard, we will direct BES to prosecute the Action in such a way to achieve a fair result for all members of the Class.

15. We have implemented communication procedures to ensure that we can quickly communicate and make decisions on short notice. We understand that we may call for a meeting or conference call at any time, including on an emergency basis if necessary. We understand that meetings, conference calls, and communications may be conducted without counsel. We agree to contact one another when necessary to facilitate the best interests of the Class and to prosecute this Action. We do not foresee any problems communicating with one another or staying abreast of the progress of the litigation.

16. We have also directed counsel to keep us informed of any developments in the Action—including any developments in the lead plaintiff proceedings. To this end, we will continue to direct lead counsel and oversee the prosecution of this Action for the benefit of the Class by reviewing pleadings, orders, and motion papers and conferring amongst ourselves. Further, we agreed that we will make ourselves available to personally travel for any appearances, depositions, settlement hearings, and other necessary meetings to facilitate the prosecution of this Action.

17. We, Carl Shupe and Lannie Weng, hereby reaffirm our commitment to satisfying the fiduciary duties that we will owe to the Class if appointed as Lead Plaintiff, including

5

conferring with counsel regarding litigation strategy, attending court proceedings and

depositions, if necessary, and reviewing documents, pleadings, and motions in this Action.  Our

main goal is obtaining the largest recovery possible for the Class.

I, Carl Shupe, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the

foregoing is true and correct.

Executed this __29__ day of May, 2021.

*Carl L. Shupe*
Carl L.Shupe (May 29, 2021 17:31 CDT)

Carl Shupe

I, Lannie Weng, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this ⁻7 day of May, 2021.

5/27/2021

_____
Lannie Weng

16509086