Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Bruce Nawrocki and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | Case No. 2:21-cv-02873-FMO-JPR<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BRUCE NAWROCKI FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL** |
| JUSTIN KOJAK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEIL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE,<br><br>Defendants. | Case No. 2:21-cv-02879-DSF-PVC |

[caption continues on following page]

MEMORANDUM OF LAW

JEFF TYLER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,

Defendants.

Case No. 2:21-cv-03080-FMO-JPR

MEMORANDUM OF LAW

Lead Plaintiff Movant Bruce Nawrocki ("Nawrocki") respectfully submits this memorandum of law in support of his motion to consolidate the above-captioned actions, to appoint Nawrocki as Lead Plaintiff, and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class (the "Class") of all persons other than the defendants who purchased or otherwise acquired Canoo Inc. ("Canoo" or the "Company") securities between August 18, 2020 and March 29, 2021, inclusive ("Class Period").

I.      PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff. This motion is made on the grounds that Nawrocki is the "most adequate plaintiff" as defined by the PSLRA.

Nawrocki has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Nawrocki satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Nawrocki respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Nawrocki's selection of GPM as Lead Counsel for the Class should be approved because the

firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Canoo Holdings Ltd. ("Canoo Holdings") was an electric vehicle company that touted its "unique business model that defies traditional ownership to put customers first." On or about December 21, 2020, Canoo Holdings merged with Hennessy Capital Acquisition Corp. IV ("Hennessy Capital"), a special purpose acquisition company ("SPAC") formed for the purpose of effecting a business combination, with the surviving entity named Canoo.

On March 29, 2021, after the market closed, Canoo announced its fourth quarter and full year 2020 financial results in a press release, which removed language touting its "unique business model" and instead stated that the Company "has developed breakthrough electric vehicles that are reinventing the automotive landscape with bold innovations in design and pioneering technologies."

The same day, Canoo held a conference call to discuss its financial results and announced that its Chief Financial Officer was being replaced. During the call, it was also revealed that the Company would "de-emphasize the originally stated contract engineering services line." Canoo also appeared to acknowledge that it no longer had a partnership with Hyundai.

On this news, the Company's share price fell $2.50, or 21%, to close at $9.30 per share on March 30, 2021.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company's engineering services was not a viable

[1] This section has been adapted from the complaints filed in the above-captioned actions.

business, would not provide meaningful revenue in 2021, and would not reduce operational risk; (2) that Canoo would de-emphasize its engineering services business; (3) that the Company would no longer be focused on its subscription-based business model; (4) that, contrary to prior statements, Canoo did not have partnerships with original equipment manufacturers and no longer engaged in the previously announced partnership with Hyundai; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## III.    PROCEDURAL HISTORY

On April 2, 2021, plaintiff Samuel Blake commenced a securities fraud class action against Canoo and certain of its officers, captioned *Blake v. Canoo Inc., et al.*, Case No. 2:21-cv-02873 (the "*Blake* Action"). It is brought on behalf of investors who purchased or otherwise acquired Canoo common stock and/or warrants during the Class Period.

The same day, plaintiff Justin Kojak filed a substantially similar class action against Canoo, certain of its officers, and the directors of Hennessy Capital, captioned *Kojak v. Canoo Inc., et al.*, Case No. 2:21-cv-02879 (the "*Kojak* Action"). It is brought on behalf of investors who purchased or otherwise acquired Canoo securities during the Class Period.

On April 9, 2021, plaintiff Jeff Tyler filed a substantially similar class action, captioned *Tyler v. Canoo Inc., et al.*, Case No. 2:21-cv-03080 (the "*Tyler* Action," and together with the *Blake* and *Kojak* Actions, the "Related Actions"). It is brought on behalf of investors who purchased or otherwise acquired Canoo common stock and/or warrants during the Class Period.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Russo v. Finisar Corp.*, No. 11-cv-1252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues . . . should be consolidated").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Weisz v. Calpine Corp.*, No. 4:02-cv-1200, 2002 WL 32818827, at *2-3 (N.D. Cal. Aug. 19, 2002) (consolidating cases alleging claims under the Securities Act of 1933 and the Exchange Act).

### B.    Nawrocki Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Nawrocki has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Nawrocki, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Nawrocki respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Nawrocki's Motion Is Timely

On April 2, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Nawrocki had sixty days (*i.e.*, until June 1, 2021), to file a motion to be appointed as Lead Plaintiff.  As a purchaser of Canoo securities during the Class Period, Nawrocki is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Nawrocki attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Linehan Decl., Ex. B. Accordingly, Nawrocki satisfies the first requirement to serve as Lead Plaintiff for the class.

### 2. Nawrocki Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Nawrocki believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Nawrocki purchased Canoo securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linehan Decl., Ex. C. To the best of his knowledge, Nawrocki is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Nawrocki believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Nawrocki Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus . . . " and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a)      Nawrocki's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Nawrocki's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Nawrocki purchased Canoo securities during

the Class Period and suffered losses as a result of his transactions. Like all members of the Class, Nawrocki alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning Canoo's operations and financial prospects. Nawrocki's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Canoo securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Nawrocki's interests and claims are typical of the interests and claims of the Class.

### b)    Nawrocki is an Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Nawrocki easily satisfies the adequacy requirements. Nawrocki's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Nawrocki is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Nawrocki has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (the firm's résumé).

In addition, Nawrocki is not aware of any conflict between his claims and those asserted on behalf of the Class.

### C.    The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). Here, Nawrocki has retained GPM to pursue this litigation on their behalf and will retain the firm as Lead Counsel in the event Nawrocki is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Nawrocki's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Nawrocki's selection of counsel.

### V.    CONCLUSION

For the foregoing reasons, Bruce Nawrocki respectfully asks the Court to grant his motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Nawrocki as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  June 1, 2021

**GLANCY PRONGAY & MURRAY LLP**

By:  _s/ Charles H. Linehan_

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

_Counsel for Lead Plaintiff Movant Bruce
Nawrocki and Proposed Lead Counsel for the
Class_

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On June 1, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 1, 2021, at Los Angeles, California.


*s/ Charles H. Linehan*
Charles H. Linehan