**THE WAGNER FIRM**
Avi Wagner (Cal. Bar No. 226688)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-491-7949
Facsimile: 310-694-3967

*Counsel for Movants and Proposed Liaison Counsel
for the Proposed Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>  vs.<br><br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br><br>                Defendants. | Case No. 2:21-cv-02873-FMO-JPR<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOHAMMAD WAHEED RANA AND YEVHEN STASIV'S MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL**<br><br>Date:    July 1, 2021<br>Time:   10:00 a.m.<br>Crtrm.:  6D<br>Judge:  Fernando M. Olguin |
| JEFF TYLER, Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>  vs.<br><br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br><br>                Defendants. | Case No. 2:21-cv-03080-FMO-JPR<br><br>CLASS ACTION |

Movant Mohammad Waheed Rana and Yevhen Stasiv's MPA iso Motion
for Consol., Appoint. Lead Plaintiff and Approval of Counsel
Case No. 2:21-cv-02873-FMO-JPR

JUSTIN KOJAK, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

Vs.

CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PERUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEIL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE,

Defendants.

Case No. 2:21-cv-02879-DSF-PVC

CLASS ACTION

Movants Mohammad Waheed Rana and Yevhen Stasiv ("Movants") respectfully submit this memorandum of law in support of their motion for: (a) consolidation of the above-captioned related actions pursuant to Federal Rule of Civil Procedure 42(a); (b) appointment as Lead Plaintiffs, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (c) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and The Wagner Firm as Liaison Counsel for the litigation.

### PRELIMINARY STATEMENT

Presently pending in this district are the three above-captioned securities class action lawsuits (the "Actions"), which allege virtually identical violations of the Exchange Act against the same defendants brought on behalf of all persons or entities (the "Class") who purchased the securities of Canoo, Inc. ("Canoo" or the "Company") from August 18, 2020 through March 29, 2021 (the "Class Period").[1] Movants hereby move for these Actions to be consolidated pursuant to Federal Rule of Civil Procedure 42(a) because they involve common questions of law and fact and because consolidation here would promote judicial economy.

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie*

---

[1] *Kojak v. Canoo, Inc., et al.*, 2:21-cv-02879-DSF-PVC (C.D. Cal.) (April, 2, 2021); *Tyler v. Canoo, Inc., et al.,* 2:21-cv-03080-FMO-JPR (C.D. Cal.) ((April 9, 2021); and *Blake v. Canoo, Inc. et al.*, 2:21-cv-02873-FMO-JPR (C.D. Cal.) (April 2, 2021).

showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Movants satisfy these requirements and should be appointed as Lead Plaintiffs. Movants have a substantial financial interest of $392,810. Movant Mohammad Waheed Rana is a pharmacy owner residing in Long Island, New York. He has three years of active investing experience. *See* Movants' Joint Declaration filed herewith ¶5 (attached to Wagner Decl. as Ex. C). Movant Mohammad Waheed Rana lost approximately $154,031.22 in connection with his purchases of Canoo securities. His nephew, Abbas Dastgir, suffered significant losses of approximately $44,350.95 on his Canoo investments. Mr. Dastgir has assigned his claims to his uncle, Mohammad Waheed Rana. *See* Declaration of Avi Wagner ("Wagner Decl."), Exhibit ("Ex.") B. Movant Yevhen Stasiv is employed with the Canadian Armed Forces and resides in Toronto, Canada. He has over eight years of investing experience. *See* Joint Decl. ¶4. Movant Yevhen Stasiv lost approximately $194,427.88 in connection with his purchases of Canoo securities. Movants believe that their losses comprise the largest financial interest in the litigation, ensuring their vigorous prosecution of the Class' claims. Movants also satisfy Federal Rules 23(a)(3) and (a)(4), as their claims are typical of the claims of the Class, Movants have no interests that are antagonistic to the Class, and they will fairly and adequately represent the interests of the Class. Additionally, Movants have selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, Movants respectfully request that the Court grant their motion to consolidate the Actions, appoint Movants as Lead Plaintiff, and to approve Movants' selection of Bernstein Liebhard as Lead Counsel and The Wagner Firm as Liaison Counsel.

**SUMMARY OF ALLEGATIONS**

Canoo (formerly known as Hennessy Capital Acquisition Corp. IV) was initially formed to effectuate a business combination as a special purpose acquisition company ("SPAC"). In December 2020, the Company entered into a business combination with Canoo Holdings Limited. The combined company is a mobile technology company that develops electric vehicles.

The complaints allege that Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's engineering services were not a viable business, would not provide meaningful revenue in 2021, and would not reduce operational risk; (ii) that the Company would no longer be focused on its subscription-based business model; (iii) and that the Company did not have partnerships with original equipment manufacturers and no longer engaged in a previously announced partnership with Hyundai. As a result, the Company's public statements were materially false and misleading at all relevant times.

On January 13, 2021, the Company filed a Form S-1 Registration Statement touting the value of its deal with Hyundai, the market for contract engineering services, its innovative subscription business model, and other expectations for Canoo's financial success.

On March 29, 2021, Canoo announced its CFO was being replaced, that it would no longer focus on subscription-based sales, that it would deemphasize its engineering services business, and that it would try to make and sell its vehicles to commercial operators during a conference call with analysts. On the same day, *The Verge* published an article stating the "deal between Canoo and Hyundai to build electric vehicles appears to be dead."

On this news, the Company's share price fell $2.50, or 21.2%, to close at $9.30 per share on March 30 2021, thereby injuring investors.

**ARGUMENT**

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving common question of law or act area pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Actions allege substantially similar claims under the Exchange Act arising from Defendants' dissemination of false and misleading information to investors. Accordingly, the Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFFS

### A.    The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the "person or group of persons" that:

1. has either filed the complaint or made a motion in response to an Early Notice;

2. in the determination of the court, has the largest financial interest in the relief sought by the class; and

3. otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Movants meet the foregoing criteria, and therefore are entitled to the presumption of being the "most adequate plaintiff."

## B.  Movants are the Most Adequate Plaintiffs

Movants respectfully submit that they are presumptively the "most adequate plaintiff[s]" because they have made a motion in response to an Early Notice, believe that they have the largest financial interest in the relief sought by the Class, and otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.  Movants' Motion is Timely

On April 2, 2021, Berman Tabacco published the Early Notice via *Business Wire*. *See* Wagner Decl., Ex. A.  Accordingly, putative class members had until June 1, 2021, to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.")

Movants have timely filed their motion in response to the Early Notice. Additionally, Movants have filed  sworn certifications, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to their review of one of the complaints in the Actions and their willingness to serve as a representatives of the Class, including providing testimony at deposition and trial, if necessary. *See* Wagner Decl., Ex. B. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### 2.  Movants Believe They Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial

interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movants suffered a substantial loss of $392,810.00 in connection with their purchases of Canoo securities. *See* Wagner Decl., Ex. D. Movants are not aware of any other movant that has a greater financial interest than them in this litigation. Accordingly, Movants have the largest financial interest in this litigation.

### 3. Movants Meet the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that it has the largest financial interest, it need only make a *prima facie* showing of its typicality and adequacy. *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Movants satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the only Rule 23 provisions relevant to a determination of lead plaintiff under the PSLRA. *Id*.

### 1. Movants' Claims Are Typical of Those of the Class

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). Movants' claims are typical of the Class in that they: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases their claims on the same, or substantially the same, legal theories as the Class. *Id*.

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movants as to all members of the Class. Since Movants' claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

## 2.    Movants Will Fairly and Adequately Protect the Interests of the Class

In determining whether the adequacy requirement is met, courts in this Circuit have to determine whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and whether "the representative plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citation omitted).

Movants are adequate Lead Plaintiffs. Movants and the other members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Movants' substantial financial stake in the litigation, Class members can be assured that Movants have the incentive to vigorously prosecute the claims.

Movants are a small cohesive group consisting of only two members. Movants submitted a joint declaration describing the formation of their group and how they will work together if appointed. *See generally* Joint Decl. (Wagner Decl., Ex. C). Although Movants were each ready, willing, and able to move for appointment as Lead Plaintiff independently, because this is their first time moving to serve as lead plaintiff, they were also interested in collaborating with other Canoo investors who suffered large losses in pursuing the claims alleged in the Actions. *Id*. ¶6. Thus, Movants spoke to one another and decided to move for lead

plaintiff together.  Movants also represent common stock and option holders. *Id*. ¶9. Thus, Movants are singularly qualified to represent Class members.

Additionally, Movants have further demonstrated their adequacy through their selection of Bernstein Liebhard as Lead Counsel for the proposed Class.  As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

## III. THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Wagner Decl., Ex. E (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, and the Wagner Firm Liaison Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *Vitiello et al. v. Bed Bath & Beyond, Inc., et al.,* No. 2:20-cv-04240-MCA-MAH (D.N.J.); *Valdes v. Kandi Technologies Group, Inc.,* No. 2:20-cv-06042-LDH-AYS (E.D.N.Y.); and *Chupa v. Armstrong Flooring, Inc., et al.,* No. 2:19-cv-09840-CAS-MRWx (C.D. Cal.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2020, Bernstein Liebhard was listed for the fifteenth consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list four times (2014-2016, 2019).

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Similarly, The Wagner Firm has extensive class action litigation experience. *See* Wagner Decl. Ex. F.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the related Actions; (2) appoint Movants as Lead Plaintiffs; and (3) approve their selection of Bernstein Liebhard as Lead Counsel for the litigation.

Respectfully submitted,

DATED: June 1, 2021          **THE WAGNER FIRM**

By: */s/Avi Wagner*

Avi Wagner (Cal. Bar. No. 226688)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-491-7949
Facsimile: 310-694-3967

*Counsel for Movants and Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson (*pro hac vice* to be filed)
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: *lhasson@bernlieb.com*

*Counsel for Movants and Proposed Lead Counsel for the Proposed Class*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I HEREBY CERTIFY that, on June 1, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 1, 2021.

*/s/Avi Wagner*
Avi Wagner