Nicole Lavallee (SBN 165755)
Jeffrey V. Rocha (SBN 304852)
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
Email: nlavallee@bermantabacco.com
       jrocha@bermantabacco.com

*Counsel for Plaintiff and Movant*
*Samuel Blake and Proposed Lead*
*Counsel for the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | No. 2:21-cv-2873-FMO-JPR<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL**<br><br>Date: July 1, 2021<br>Time: 10:00 a.m.<br>Courtroom:  6D<br>Judge:  Hon. Fernando M. Olguin |

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL

| JUSTIN KOJAK, Individually and On Behalf of All Others Similarly Situated, | No. 2:21-cv-02879-DSF-PVC |
| --- | --- |
| Plaintiff, | Judge: Hon. Dale S. Fischer |
| v. | |
| CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEIL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE, | |
| Defendants. | |
| JEFF TYLER, Individually and on Behalf of All Others Similarly Situated, | No. 2:21-cv-03080-FMO-JPR |
| Plaintiff, | Judge: Hon. Fernando M. Olguin |
| v. | |
| CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, | |
| Defendants. | |

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL

# **TABLE OF CONTENTS**

**PAGE**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ........................... 1

II.  STATEMENT OF FACTS ................................................................. 3

III. ARGUMENT ................................................................................... 4

    A.   The Court Should Consolidate The Above-Captioned Actions .......... 4

    B.   The Court Should Appoint Mr. Blake As Lead Plaintiff Because He Suffered The Largest Loss And Is The Most Capable Of Adequately Representing The Class .................................................... 5

        1.   Mr. Blake Has Filed A Timely Motion .................................... 6

        2.   Mr. Blake Is The Presumptive Lead Plaintiff Because He Has The Largest Financial Interest In The Relief Sought By The Class ................................................................................ 6

        3.   Mr. Blake Satisfies The Requirements Of Rule 23 .................. 7

            a.   Mr. Blake's Claims Are Typical Of The Claims Of The Class ............................................................................... 7

            b.   Mr. Blake Will Fairly And Adequately Represent The Interests Of The Class ............................................. 8

    C.   The Court Should Approve Mr. Blake's Choice Of Lead Counsel ..... 9

IV.  CONCLUSION ............................................................................. 12

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Adams v. Biolase, Inc.*,
No. 8:13-CV-1300-JLS-FFMx,  2013  WL 12128806 (C.D. Cal. Dec. 10, 2013) ................................................................................................................. 7

*Armstrong v. Davis*,
275 F.3d 849 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005) ................................................................. 8

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) ................................................................ 7, 8

*Feyko v. Yuhe Int'l Inc.*,
No. CV 11-05511 DDP (PJWx), 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) . 7, 9

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ......................................................... 8, 9

*Hufnagle v. Rino Int'l Corp.*,
No. CV 10-8695-VBF-VBKx, 2011 WL 710704 (C.D. Cal. Feb. 14, 2011). ...... 4

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ................................................................... passim

*Roberti v. OSI Sys., Inc.*,
No. CV-13-09174-MWF (VKBx), 2014 WL 12845727 (C.D. Cal. Mar. 17, 2014) ................................................................................................................. 7

*Rubke v. Capitol Bancorp, Ltd.*,
No. C 05-4800 PJH, 2006 WL 734390 (N.D. Cal. Mar. 21, 2006) ...................... 9

*Takeda v. Turbodyne Techs., Inc.*,
67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................................................ 4

*Tanne v. Autobytel, Inc.*,
226 F.R.D. 659 (C.D. Cal. 2005) ................................................................. 6, 7, 8

**Statutes**

15 U.S.C. § 78u-4(a)(1) ...................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(A)(i) ............................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B) .............................................................................. 1, 5

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................. 2

15 U.S.C. § 78u-4(a)(3)(B)(ii) ................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................ 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...................................................................... 2, 5, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .......................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ................................................................... 10

15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................. 9

17 C.F.R. § 240.10b-5 ........................................................................................... 1

Fed. R. Civ. P. 23 ..........................................................................................passim

Fed. R. Civ. P. 23(a)(4) .......................................................................................... 8

Fed. R. Civ. P. 42 ............................................................................................... 1, 2

Fed. R. Civ. P. 42(a) .............................................................................................. 4

**Docketed**

*In re 2008 Fannie Mae Sec. Litig.*,
  No. 08-civ-07831-PAC ..................................................................................... 10

*In re BP PLC Sec. Litig.*,
  No. 10-md-2185 ............................................................................................... 10

*In re IndyMac Mortgage-Backed Sec. Litig.*,
  No. 09-cv-04583-LAK ...................................................................................... 10

*In re International Rectifier Sec. Litig.*,
  No. 07-cv-2544 (C.D. Cal.) .............................................................................. 10

Movant Samuel Blake ("Mr. Blake") respectfully submits this Memorandum in support of his motion: (1) to consolidate cases pursuant to Fed. R. Civ. P. 42; (2) to appoint Samuel Blake as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) for approval of his selection of Berman Tabacco as Lead Counsel for the class described herein (the "Motion").

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Presently pending in this district are three securities class actions (the "Actions") on behalf of all persons (the "Class") who purchased or otherwise acquired Canoo Inc. ("Canoo") securities from August 18, 2020, through and including March 29, 2021 (the "Class Period").[1] All of the above-captioned actions charge Canoo and certain of its current and former officers and directors with violations of Sections 10(b) and 20(a) of the Exchange Act, and U.S. Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, against Defendants. Exchange Act. In particular, these actions allege that Canoo investors incurred significant losses after revelations that the Company issued false and misleading statements concerning its engineering services and subscription-based business-to-consumer business segments.

---

[1] *Blake v. Canoo Inc., et al.*, No. 2:21-cv-02873-FMO-JPR ("*Blake*") and *Tyler v. Canoo Inc., et al.*, No. 2:21-cv-03080-FMO-JPR ("*Tyler*") assert claims on behalf of "persons and entities who purchased or otherwise acquired publicly-traded Canoo common stock and/or warrants from August 18, 2020, through and including March 29, 2021." *Kojak v. Canoo Inc., et al.*, No. 2:21-cv-02879-DSF-PVC ("*Kojak*") expands the class definition to included "persons and entities that purchased or otherwise acquired Canoo securities between August 18, 2020 and March 29, 2021."

As an initial matter, the Court should consolidate the above-captioned actions because they present common issues of law and fact. Moreover, consolidation will promote judicial efficiency and conserve the resources of the Court and the parties. *See* Fed. R. Civ. P. 42.

Additionally, under the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation, and also whether that movant has made a prima facie showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Blake respectfully submits that he is the "most adequate plaintiff" and should be appointed Lead Plaintiff. Mr. Blake suffered losses of approximately $15,962 from his Class Period transactions in the Canoo common stock, *see* Declaration of Nicole Lavallee in Support of Samuel Blake's Motion ("Lavallee Decl."), filed herewith, Ex. C, and he otherwise satisfies the requirements of Fed. R. Civ. P. 23 in that his claims are typical of the claims of the putative Class and that he will fairly and adequately represent the interests of the Class.

Finally, the Court should approve Mr. Blake's selection of Berman Tabacco as Lead Counsel on behalf of the Class. Berman Tabacco is a nationally recognized securities class action firm that has achieved substantial recoveries for the benefit of injured investor classes and has the expertise and resources necessary to provide high-quality legal representation and effectively protect the interests of the Class.

Accordingly, for these reasons and all those discussed below, Mr. Blake respectfully requests that the Court consolidate the above-captioned federal securities class actions, appoint Mr. Blake to serve as Lead Plaintiff and approve his selection of Berman Tabacco as Lead Counsel.

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL

2

## II.    **STATEMENT OF FACTS**[2]

Canoo (f/k/a Hennessy Capital Acquisition Corp. IV) was formed as a special purpose acquisition company ("SPAC") and conducted an initial public offering in March 2019. ¶7. On August 18, 2020, the Company issued a press release announcing that it had entered into a deal with Canoo Holdings Ltd. which would result in it becoming a publicly listed company. ¶21.  In December 2020, the Company completed its business combination with Canoo Holdings Limited. ¶7 The combined company purports to be a mobility technology company that develops electric vehicles.  ¶7.

The Complaint alleges that, during the Class Period, the Company touted its business model and how it would generate revenue streams from three business segments: (i) engineering services, (ii) business to consumer ("B2C") sales of electric vehicles through a subscription program, and (iii) sales of electric vehicles to businesses (B2B).  ¶¶22-23.

On March 29, 2021, however, the Company announced that it would "de-emphasize the originally stated contract engineering services line" and admitting that contract engineering was "not going to drive the best shareholder value." ¶¶41-42.  The Company further stated that it was reducing its focus on its subscription based B2C model.  ¶¶ 44-45.

The Complaint alleges that the Company misled investors by misrepresenting and/or failing to disclose that: (i) the Company's engineering services business was not a viable business, would not provide meaningful revenue in 2021, and would not reduce operational risk; and (ii) that that the Company would no longer be focused on its subscription-based business model.  ¶38

---

[2] All references to the "Complaint" are to the *Blake* Complaint, ECF No. 1, filed on April 4, 2021, which is cited herein as "¶__."  The complaints in *Tyler* and *Kojak* allege similar or identical facts.

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL

3

As to loss causation and damages, the Complaint alleges that as the true state of the Company's business was revealed to investors on March 29, 2021 (after the market close), shares of the Company's common stock subsequently fell $2.50 (or $21.2%), on heavy volume.  ¶¶46, 49.

As a result of the Company's alleged misrepresentations and omissions, and together with the precipitous decline in the market value of the Company's securities, Mr. Blake has losses and damages in the amount of $15,962.

## III.   ARGUMENT

### A.     The Court Should Consolidate The Above-Captioned Actions

Pursuant to the PSLRA, the Court should first rule on motions to consolidate before addressing the lead plaintiff/lead counsel issues. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF-VBKx, 2011 WL 710704, at *2 (C.D. Cal. Feb. 14, 2011). Further, differences in causes of action, defendants or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions asserting claims against different defendants over different class periods).

The above-captioned actions assert claims under the Exchange Act on behalf of investors who allegedly were defrauded by Canoo and certain current and former officers and/or directors and allege substantially the same wrongdoing.  In

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL                                                                                                          4

particular, Defendants allegedly issued materially false and misleading statements and omissions regarding the Company's engineering services and B2C subscription segments, which artificially inflated the Company's stock price and subsequently damaged the Class when the price of the Company's securities declined as the truth emerged over time.

Consolidation of the above-captioned actions is therefore appropriate as all cases clearly involve common questions of law and fact.

**B.    The Court Should Appoint Mr. Blake As Lead Plaintiff Because He Suffered The Largest Loss And Is The Most Capable Of Adequately Representing The Class**

The PSLRA sets forth a procedure for the appointment of a lead plaintiff in class actions brought under the Exchange Act.   15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  First, within twenty days of filing a class action, the filing plaintiff must publish a notice advising members of the purported class of the pendency of the action, the claims asserted, the purported class period, and their right to move the court for appointment as lead plaintiff of the purported class.   15 U.S.C. § 78u-4(a)(3)(A)(i); *Cavanaugh*, 306 F.3d at 729.

Second, upon considering all motions for appointment as lead plaintiff filed in response to the notice, the court must appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff.  The "presumptively most adequate plaintiff" is the person or group of persons who: (1) has either filed the complaint or made a motion to serve as lead plaintiff within 60 days after publication of the required notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730.

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL

5

Third, the court must then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Only proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class" can rebut the presumption in favor of appointing the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 668 (C.D. Cal. 2005).

### 1.      Mr. Blake Has Filed A Timely Motion

Plaintiff in this Action caused notice to be published through *Newsfile* on April 2, 2021, the day the initial complaint was filed in *Blake*. That notice stated that the deadline for filing to serve as lead plaintiff was 60 days from the date of the notice (June 1, 2021). *See* Lavallee Decl. Ex. A. Therefore, Mr. Blake has satisfied the procedural requirements of the PSLRA by filing the present motion seeking lead plaintiff status within the 60-day deadline and filing the requisite certification detailing his Canoo transactions and his suitability to serve as a class representative in this case. *See* Lavallee Decl. Ex. B.

### 2.      Mr. Blake Is The Presumptive Lead Plaintiff Because He Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA establishes a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "[T]he [PSLRA] 'provides in categorical terms that the *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of

their financial stake in the controversy.'"  *Tanne*, 226 F.R.D. at 666 (quoting *Cavanaugh*, 306 F.3d at 732).

To the best of his counsel's knowledge, Mr. Blake believes that he has the largest financial interest in this litigation by any qualified movant seeking appointment as Lead Plaintiff.  Mr. Blake suffered a loss of $15,962 from transactions in Canoo common stock during the Class Period.  *See* Lavallee Decl. Ex. C.  Accordingly, Mr. Blake has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is therefore entitled to the legal presumption of "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32.

### 3.    Mr. Blake Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the litigation, the Mr. Blake also satisfies the applicable requirements of Rule 23.  At the lead plaintiff stage, movants are required to make only a "preliminary showing" under Rule 23 that the proposed lead plaintiff's claims are typical and adequate.  *Roberti v. OSI Sys., Inc.¸* No. CV-13-09174-MWF (VKBx), 2014 WL 12845727, at *3 (C.D. Cal. Mar. 17, 2014); *Feyko v. Yuhe Int'l Inc.,* No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *2-3 (C.D. Cal. Mar. 2, 2012); *see also Cavanaugh*, 306 F.3d at 730; *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004).

### a.    Mr. Blake's Claims Are Typical Of The Claims Of The Class

Mr. Blake claims are typical of the claims of other Class members.  The typicality requirement of Federal Rule of Civil Procedure 23 is satisfied when the lead plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory. *See Adams v. Biolase, Inc.,* No. 8:13-CV-1300-JLS-FFMx,  2013  WL 12128806, at *3 (C.D. Cal. Dec. 10, 2013); *see also Armstrong v. Davis*, 275 F.3d 849, 868

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL

7

(9th Cir. 2001) ("Typicality … is said to require that the claims of the class representatives be typical of those of the class, and to be satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (citation and internal quotation marks omitted), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005); *Ferrari*, 225 F.R.D. at 606-07 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)); *Tanne*, 226 F.R.D. at 666-67.

Here, Mr. Blake like other Class members, seeks to hold Defendants liable for the consequences of their violations of the federal securities laws. In addition, Mr. Blake acquired Canoo securities during the Class Period at prices artificially inflated by the Defendants' false statements and material omissions, and suffered damages as a result. Mr. Blake's claims, therefore, arise from the same events and are based on the same legal theory as the Class' claims.

Because there are well-defined common questions of law and fact involved in this case, the claims asserted by Mr. Blake which are not subject to any unique defenses, are typical of the claims of other proposed Class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("Under [Rule 23's] permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

### b.      Mr. Blake Will Fairly And Adequately Represent The Interests Of The Class

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Rubke v. Capitol Bancorp*,

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL

8

No. C 05-4800 PJH, 2006 WL 734390, at *2-3 (N.D. Cal. Mar. 21, 2006). "This prong is satisfied where the lead plaintiff's attorneys are qualified and where its interests are not antagonistic to those of the class." *Feyko*, 2012 WL 682882, at *3 (citations and internal quotation marks omitted). Accordingly, the Ninth Circuit has held that "[r]esolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Mr. Blake fully meets the adequacy requirement. First, Mr. Blake, like every member of the Class, purchased Canoo securities during the Class Period and suffered losses from Defendants' untrue, false and/or misleading statements and material omissions. Mr. Blake's interests are therefore fully aligned with, and not adverse to, those of the Class. There are no facts that indicate any conflicts of interest between the Mr. Blake and the other Class members. Moreover, the Mr. Blake has submitted the requisite investor certification which confirms that he understands and is willing to assume the responsibilities of a lead plaintiff. *See* Lavallee Decl. Ex. B.

Additionally, as discussed below, his selected counsel is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated their ability to effectively prosecute complex securities class actions and other forms of shareholder litigation.

For these reasons, the Mr. Blake is a more than adequate class representative.

**C.** **The Court Should Approve Mr. Blake's Choice Of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734. The Court should not disturb the lead plaintiff's selection of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL                                                                                                    9

4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs.  And, indeed, it did not.  While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Mr. Blake has selected and retained Berman Tabacco as the proposed Lead Counsel for the Class.

Berman Tabacco is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous matters on behalf of investors, throughout the United States, including cases in this District, as detailed in the firm's resume.  *See* Lavallee Decl. Ex. D.  The firm has been ranked as a "Top Ten Plaintiffs' Firm" by *Benchmark Litigation*.  *Id.*  Since the passage of the PSLRA, Berman Tabacco has recovered billions of dollars on behalf of defrauded investors, including:  *In re BP PLC Sec. Litig.*, No. 10-md-2185 (S.D. Tex.) (as co-lead counsel representing the Ohio Public employees retirement system, the firm reached a $175 million settlement); *In re IndyMac Mortgage-Backed Sec. Litig.*, No. 09-cv-04583-LAK (S.D.N.Y.) (as sole lead counsel representing the Wyoming State Treasurer and the Wyoming Retirement System, the firm reached settlements worth $346 million); *In re 2008 Fannie Mae Sec. Litig.*, No. 08-civ-07831-PAC (S.D.N.Y) (as co-lead counsel representing the Massachusetts Pension Reserves Investment Management Board, the firm achieved a $170 million settlement); *In re International Rectifier Sec. Litig.*, No. 07-cv-2544 (C.D. Cal.) (as co-lead counsel representing the Massachusetts Laborers' Pension Fund, the firm negotiated a $90 million settlement in a case alleging that the company engaged in numerous

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL

10

accounting improprieties to inflate its financial results).[3] *Id.* Berman Tabacco has the skill and knowledge necessary to enable them to prosecute this action effectively and expeditiously.

Thus, the Court can be assured that, by approving the Mr. Blake's choice of counsel, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve the Mr. Blake's selection of Berman Tabacco as Lead Counsel for the Class.

//

//

//

---

[3] In *International Rectifier*, Judge Walter commented, "I think the work by the lawyers – all the lawyers in this case – was excellent. … In this case, the papers were excellent. So it makes our job easier and, quite frankly, more interesting when I have lawyers with the skill of the lawyers that are present in the courtroom today who have worked on this case … the motion practice in this case was, quite frankly, very intellectually challenging and well done. … I've presided over this consolidated action since its commencement and have nothing but the highest respect for the professionalism of the attorneys involved in this case. … The fact that plaintiffs' counsel were able to successfully prosecute this action against such formidable opponents is an impressive feat."

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Mr. Blake respectfully requests that this Court: (1) consolidate the above-captioned cases; (2) appoint Mr. Blake as Lead Plaintiff for the Class in this Action and all subsequently filed, related actions; and (3) approve Berman Tabacco as Lead Counsel for the Class.

DATED: June 1, 2021                    Respectfully submitted,

By:   */s/ Nicole Lavallee*
          Nicole Lavallee

Jeffrey V. Rocha
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
Email: nlavallee@bermantabacco.com
       jrocha@bermantabacco.com

*Counsel for Plaintiff and Movant Samuel Blake and Proposed Lead Counsel for the Class*

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL

12

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users via the e-mail addresses on the court's Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the court's Manual Notice List.

_/s/ Nicole Lavallee_
Nicole Lavallee

Jeffrey V. Rocha
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
Email: nlavallee@bermantabacco.com
        jrocha@bermantabacco.com

_Counsel for Plaintiff and Movant Samuel Blake and Proposed Lead Counsel for the Class_

[Case No. 2:21-cv-02873-FMO-JPR] MEM. OF P&A ISO SAMUEL BLAKE'S MOTION TO CONSOLIDATE CASES, FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL