Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
Wesley A. Wong (314652)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com
wesleyw@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS <br><br> Defendants. | No. 2:21-cv-02873-FMO-JPR <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** <br><br> Date: July 1, 2021 <br> Time: 10:00 a.m. <br> Courtroom: 6D, 6th Floor <br> Judge: Hon. Fernando M. Olguin <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

[Caption continued on the next page.]

011018-11/1557593 V1

JUSTIN KOJAK, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEIL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE,

Defendants.

No. 2:21-cv-02879-DSF-PVC

JEFF TYLER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,

Defendants.

No. 2:21-cv-03080-FMO-JPR

011018-11/1557593 V1

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT.................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND....................................... 3

III.  ARGUMENT ............................................................................................ 4

    A.   The Related Actions Should Be Consolidated......................................... 4

    B.   Movant Should Be Appointed As Lead Plaintiff...................................... 6

        1.   The Governing Law of the PSLRA ................................................. 6

        2.   Movant Complied with the PSLRA and Timely Filed this Motion ................................................................................. 7

        3.   Movant has the Largest Financial Interest in the Relief Sought by the Class ................................................................... 9

    C.   Movant Otherwise Satisfies the Requirements of F.R.C.P. Rule 23 ................................................................................................ 9

        1.   Movant's Claims Are Typical of the Claims of All the Class Members................................................................................ 10

        2.   Movant Will Adequately Represent the Interests of the Class ....................................................................................... 12

    D.   The Court Should Approve Movant's Choice of Lead Counsel................................................................................................ 13

IV.   CONCLUSION ....................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Brown v. Innerworkings, Inc.*,
2018 WL 4859154 (C.D. Cal. July 27, 2018) ............................................. 10, 12

*Crihfield v. CytRx Corp.*,
2016 WL 10587938 (C.D. Cal. Oct. 26, 2016) ...................................................... 6

*Deora v. NantHealth, Inc.*,
2017 WL 3084161 (C.D. Cal. May 31, 2017) ....................................................... 6

*Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*,
306 F.3d 726 (9th Cir. 2002) ............................................................................ 9, 10

*Investors Research Co. v. U.S. District Court for Cent. Dist. of Cal.*,
877 F.2d 777 (9th Cir. 1989) ............................................................................... 5

*Longo v. OSI Sys.*,
2018 WL 4860145 (C.D. Cal. Mar. 1, 2018) ........................................................ 9

*Middlesex Cty. Ret. Sys. v. Semtech Corp.*,
2010 WL 11507255 (C.D. Cal. Aug. 27, 2010) .................................................. 11

*Query v. Maxim Integrated Prods., Inc.*,
558 F. Supp. 2d 969 (N.D. Cal. 2008) .................................................................. 9

*Vignola v. FAT Brands, Inc. et al.*,
2018 WL 6356109 (C.D. Cal. Nov. 16, 2018) ............................................... 10, 11

*Yousefi v. Lockheed Martin Corp.*,
70 F. Supp. 2d 1061 (C.D. Cal. 1999) .................................................................. 6

### STATUTES

15 U.S.C. § 77z-1(a)(3)(B)(i) .............................................................................. 7, 8

15 U.S.C. § 78u-1 ................................................................................................. 13

15 U.S.C. § 78u-4 ............................................................................................ *passim*

Securities Exchange Act of 1934 Section 21D(a)(3)(B)(iii)(I)(cc)............................9

**OTHER AUTHORITIES**

141 Cong. Rec. S8895 ..........................................................................................7

Fed. R. Civ .P. 23.......................................................................................*passim*

Fed. R. Civ. P. 42.....................................................................................1, 5, 6

Jose Santacruz ("Mr. Santacruz" or "Movant"), hereby moves the Court for an order consolidating the above-referenced related actions, appointing Movant as Lead Plaintiff and for approval of his selection of lead counsel. Movant makes this motion pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3). Movant is believed to be the movant with the largest financial interest in the outcome of this litigation. Movant satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claims are typical of the claims of the class and he will fairly and adequately represent the interests of the class. Movant has selected experienced and effective counsel as proposed lead counsel, Hagens Berman Sobol Shapiro LLP ("Hagens Berman").

## I.      PRELIMINARY STATEMENT

The three above-captioned Related Actions[1] assert substantially identical claims of securities fraud against similar Defendants on behalf of overlapping classes of investors that purchased Canoo securities during the same class period. Accordingly, the cases should be consolidated. See Fed. R. Civ. P. 42(a).

Mr. Santacruz is the movant most capable of adequately representing the interests of class members. As described in the certification and loss chart attached to

---

[1] *Blake v. Canoo Inc., et al.*, No. 2:21-cv-02873-FMO-JPR (C.D. Cal.) ("Blake Compl."); *Kojak v. Canoo Inc., et al.*, No. 2:21-cv-02879-DSF-PVC (C.D. Cal.) ("Kojak Compl."); and *Tyler v. Canoo Inc., et al.*, No. 2:21-cv-3080-FMO-JPR (C.D. Cal.) ("Tyler Compl.").

the Declaration of Lucas E. Gilmore at Exs. B and C ("Gilmore Decl.")[2], Movant has suffered a loss in excess of $271,460 as a result of his purchases of Canoo Inc. ("Canoo" or "Company"), formerly known as Hennessy Capital Acquisition Corp. IV ("Hennessy Capital") securities between August 18, 2020 and March 29, 2021 (the "Class Period"). Movant believes that he has sustained the largest loss of any qualified investor seeking to be appointed as Lead Plaintiff.

Moreover, Movant satisfies both the applicable requirements of the PSLRA and Federal Rule of Civil Procedure 23 ("Rule 23"). In addition to evidencing the largest financial interest in the outcome of this litigation, Movant's certification demonstrates his intent to serve as Lead Plaintiff in this litigation, including his cognizance of serving in that role.[3]  Movant is also qualified to represent the class. Mr. Santacruz, a business manager at an Atlanta, Georgia area car dealership, is more than well-equipped to serve as Lead Plaintiff.[4]  Movant respectfully submits that he should be appointed as Lead Plaintiff in this action, and that this Honorable Court should

---

[2] "Gilmore Decl." refers to the Declaration of Lucas E. Gilmore in Support of Motion to Consolidate the Related Actions, Appoint Jose Santacruz as Lead Plaintiff and to Approve His Selection of Lead Counsel.

[3] *See* Gilmore Decl. Ex. B. The relevant federal securities laws specifically authorize any class member seeking to be appointed lead plaintiff to either file a complaint or move for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

[4] Gilmore Decl., Ex. D (Movant's Declaration) at ¶ 2.

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 2
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1557593 V1

approve his selection of the law firm Hagens Berman Sobol Shapiro LLP as lead counsel in this action.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Based in Torrance, California, Canoo is a mobile technology company that develops electric vehicles. The Company has touted a "unique business model that defies traditional ownership to put customers first." Canoo has announced a delivery vehicle (to launch in 2022), pickup truck (to launch in 2023), and van, all of which are built on the same underlying technological platform.

Hennessy Capital was a blank check company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination.

On August 18, 2020, Hennessy Capital and Canoo issued a joint press release, announcing that Canoo would be going public via a merger with Hennessy Capital, which was completed on or about December 21, 2020 (the "Merger").

The Actions allege that, throughout the Class Period, Defendants made materially false and misleading statements and omissions prior to and after the Merger.  Specifically, Defendants repeatedly touted a three-pronged strategy to generate revenue and growth: (i) an engineering services segment; (ii) the sales of subscriptions of vehicles to consumers; and (iii) the sale of vehicles to other businesses. Canoo also emphasized its agreements with established OEMs, including with Hyundai for the co-development of a future EV platform.

In truth, defendants concealed that Canoo (1) had decreased its focus on its plan to sell vehicles to consumers through a subscription model; (2) would de-emphasize its engineering services business; and (3) did not have partnerships with OEMs and no longer engaged in the previously announced partnership with Hyundai.

On March 29, 2021, the truth emerged when Canoo abruptly announced its CFO was being replaced, that it would deemphasize its engineering services business, would no longer focus on subscription sales to consumers, and try to make and sell its own vehicles to commercial operators. Moreover, on a call with investors, Canoo's Chairman characterized senior management's statements concerning the company's partnerships as "aggressive" and that "they weren't at our standard of representation to the public markets."

In response to this news, shares of Canoo fell $2.50 (or $21.2%) from a March 29, 2021 close of $11.80 per share to close at $9.30 per share on March 30, 2021, on heavy volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 4
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1557593 V1

filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate under Federal Rule of Civil Procedure 42(a) where, as here, the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a) ("[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.").

Rule 42(a) affords the Court broad discretion to consolidate cases in this district. *Investors Research Co. v. U.S. District Court for Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989) (district court has broad discretion to consolidate cases pending in the same district). Consolidation is appropriate, where, as here, the actions involve common questions of law and fact, and consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also* Manual for Complex Litigation (Third), § 20.123 (1995). Courts recognize that class action shareholder suits are "particularly well suited to consolidation" because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned.

*Deora v. NantHealth, Inc.*, No. 2:17-cv-01825-TJH-MRW, 2017 WL 3084161, at *3 (C.D. Cal. May 31, 2017); *see also Crihfield v. CytRx Corp.*, No. 2:16-cv-05519-SJO-SK, 2016 WL 10587938, at *2 (C.D. Cal. Oct. 26, 2016) (finding that the consolidation of a securities class action "expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved.") (*citing Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 5:13-cv-05368-LHK, 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014).

Here, the Related Actions present virtually identical factual and legal issues. Each Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, names the same Defendants, and stems from the same underlying operative facts and circumstances. Consolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense. Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to Rule 42(a). *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).

**B.      Movant Should Be Appointed As Lead Plaintiff**

**1.      The Governing Law of the PSLRA**

The PSLRA governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). The PSLRA requirements are both procedural and substantive. *Id*. The Court:

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 6
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1557593 V1

(s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

There is a rebuttable presumption that the lead plaintiff presumed to be most capable of adequately representing the Class is the investor that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added). Congress' goal in enacting the PSLRA was to empower investors to "have greater control over their class action cases."[5]

### 2.    Movant Complied with the PSLRA and Timely Filed this Motion

The first procedural requirement is that the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the class action was filed on April 2, 2021, and notice was published nationally via *Newsfile Corp.* (a national business-oriented wire service) the same day. *See* Gilmore Decl., Ex. A (Published Notice).

---

[5] *See* 141 Cong. Rec. S8895 (Sen. D'Amato) ("the legislation empowers investors so that they, not their lawyers, have greater control over their class action cases") (June 22, 1995).

The second procedural requirement is met within sixty days after publication of notice, when "any person" who is a member of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa). After the procedural requirements are satisfied, the Court is charged with selecting the class member "most capable of adequately representing the interests of the class" to serve as Lead Plaintiff, based on the substantive considerations outlined in the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Only by a showing that a presumptive Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under the PSLRA test, Movant meets the criteria of "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class. First, Movant met the procedural requirements of the PSLRA by timely moving this Court for appointment as Lead Plaintiff within sixty days of publication of the notice. Accordingly, Movant meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), and has filed his motion within the 60-day time period requirement. Next, as outlined below, Movant has the largest known financial interest in the case and he satisfies the requirements of Rule 23. Movant has hired reputable and experienced counsel and possess the willingness, resources, and expertise to obtain excellent results for the

Class. Finally, Movant is not subject to any unique defenses that would bar his ability to represent the class.

Consequently, this Court should appoint Movant as Lead Plaintiff.

### 3. Movant has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As a result of his purchases of Canoo securities during the Class Period, Movant has suffered losses of over $271,460. Gilmore Decl., Exs. B and C.

Movant's losses were calculated using an approved calculation method,[6] and to the best of the Movant's knowledge, this represents the largest known financial interest in the relief sought by the Class. Movant, therefore, is presumptively the most adequate to serve as Lead Plaintiff.

### C. Movant Otherwise Satisfies the Requirements of F.R.C.P. Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provides that the lead plaintiff must satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a).[7]

---

[6] *See Longo v. OSI Sys.*, No. 2:17-cv-08841-VAP-SK, 2018 WL 4860145, at *4 (C.D. Cal. Mar. 1, 2018); *Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 974 (N.D. Cal. 2008).

[7] *See Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 729-30 (9th Cir. 2002).

At this stage of the litigation, however, courts focus only on the typicality and adequacy requirements of Rule 23.[8] Further, the inquiry into typicality and adequacy at the lead plaintiff stage are not as rigorous as during a class certification proceeding and Movant must make only a preliminary showing that it meets the Rule 23 typicality and adequacy requirements to be entitled to lead plaintiff status under the PSLRA.[9] As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

**1.      Movant's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same course of conduct that gives rise to the claims of the class members and are based on the same legal theory.[10]

---

[8] *See Vignola v. FAT Brands, Inc. et al.,* No. 2:18-cv-70469-PSG-PLA, 2018 WL 6356109, at *3 (C.D. Cal. Nov. 16, 2018) ("[t]he typicality and adequacy requirements . . . are the main focus," and "[e]xamination of the remaining requirements is deferred until the lead plaintiff moves for class certification.") (*citing In re Cavanaugh*, 306 F.3d at 730.

[9] *See Cavanaugh*, 306 F.3d at 731 (presumptive lead plaintiff must show only "a prima facie showing of typicality and adequacy").

[10] *See Brown v. Innerworkings, Inc.*, No. 8:18-cv-00832-CJC-KES, 2018 WL 4859154, at *1 (C.D. Cal. July 27, 2018) (*citing Guohua Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL., AND APPROVE THE SELECTION OF COUNSEL - 10
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1557593 V1

The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical, since "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."[11] In this case, the typicality requirement is met because Movant's claims arise from the same conduct as the claims of every other Class Member. Like all Class Period investors, Movant purchased Canoo securities when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions. Both Movant and the Class Members suffered damages as a result of these purchases. Simply put, Movant, like all the other class members, (1) purchased Canoo securities between August 18, 2020 and March 29, 2021; (2) purchased Canoo securities at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Movant's claims and injuries therefore "arise out of the same event or course of conduct as do the other class members' claims and are based on the same legal theories."[12]

---

[11] *Middlesex Cty. Ret. Sys. v. Semtech Corp.*, No. 2:07-cv-07114-CAS-FMO, 2010 WL 11507255, at *3 (C.D. Cal. Aug. 27, 2010) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, at 1020 (9th Cir. 1998), *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

[12] *See Vignola,* 2018 WL 6356109, at *3 (*citing Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999)).

Moreover, Movant is not subject to any unique or special defenses. Thus, he meets the typicality requirement of Rule 23 because his claims are the same as the claims of the other class members.

### 2.    Movant Will Adequately Represent the Interests of the Class

When evaluating whether a class representative is adequate, courts assess whether he "has interests antagonistic to the class, and whether [his] counsel have the necessary capabilities and qualifications."[13] As described below, Movant, a business manager at an Atlanta, Georgia area car dealership, will adequately represent the interests of the class.

Movant's interests are clearly aligned with the members of the class because his claims arise from the same conduct as the claims of the Class. There is no evidence of antagonism between Movant's interests and those of proposed class members. Furthermore, Movant has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss he incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's shared interests with the members of the class, clearly shows that Movant will adequately and vigorously pursue the interests of the class. In addition, Movant

---

[13] *See Brown,* 2018 WL 4859154, at *2 *(citing In re Emulex Corp.,* 210 F.R.D. 717, 720 (C.D. Cal. 2002)).

has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent Movant and the class.[14]

In sum, because of Movant's common interests with the class members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Rule 23(a) is met in this case. Therefore, since Movant not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, Movant is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.[15]

**D.      The Court Should Approve Movant's Choice of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant selected Hagens Berman to serve as Lead Counsel for the class. Hagens Berman has successfully prosecuted complex class action cases of various types and complex securities fraud actions. Hagens Berman is one of the nation's leading class

---

[14] *See* Gilmore Decl., Ex. E (Firm Résumé).

[15] The PSLRA clearly envisions a two-part test of a presumption of adequacy and a mechanism for rebutting the presumption. 15 U.S.C. § 78u-1(a)(3)(B)(iii)(I) and (II). Movant meets the presumption of adequacy.

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 13
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1557593 V1

action law firms, and has earned an international reputation for excellence and innovation in groundbreaking litigation against large corporations. Hagens Berman has recovered hundreds of millions of dollars in losses for individuals and institutions through securities litigation, in cases that frequently result in industry-leading percentage returns for damaged investors.[16] This Court may be assured that in the event that this motion is granted, the members of the class will receive the highest caliber of legal representation.

In sum, because of Movant's common interests with the Class Members, his clear motivation and ability to vigorously pursue this action, and his competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this case. Because Movant not only meets both the typicality and adequacy Requirements of Rule 23(a), but has also sustained the largest amount of losses at the hands of the Defendants, Movant is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii), presumptively the most adequate plaintiff to lead this action.

## IV.   CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the related actions; (2) appoint him to serve as Lead Plaintiff in this action; (3) approve his selection of Lead Counsel for the class; and (4) grant such other and further relief as the Court may deem just and proper.

---

[16] Gilmore Decl., Ex. E (Firm Résumé).

Respectfully submitted,

DATED: June 1, 2021          HAGENS BERMAN SOBOL SHAPIRO LLP

*s/ Lucas E. Gilmore*
     LUCAS E. GILMORE

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
Wesley A. Wong (314652)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com
wesleyw@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff Jose Santacruz*

MPA ISO MOT. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE THE SELECTION OF COUNSEL - 15
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1557593 V1