**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Jeffrey Paljevic*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | No.: 2:21-cv-02873-FMO (JPRx)<br><br>**JEFFREY PALJEVIC'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR LEAD PLAINTIFF AND IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Hon. Fernando M. Olguin<br>Date: July 1, 2021<br>Time: 10:00 a.m.<br>Courtroom #6D |

*Caption continued on next page*

| | |
|---|---|
| JUSTIN KOJAK, Individually and on Behalf of All Others Similarly Situated, | No.: 2:21-cv-02879-DSF (PVCx) |
| | Judge: Hon. Dale S. Fischer |
| Plaintiff, | |
| v. | |
| CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEIL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE, | |
| Defendants. | |
| JEFF TYLER, Individually and on Behalf of All Others Similarly Situated, | No.: 2:21-cv-03080- FMO (JPRx) |
| | Judge: Hon. Fernando M. Olguin |
| Plaintiff, | |
| v. | |
| CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, | |
| Defendants. | |

# **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT.................................................................................1

II.    ARGUMENT ........................................................................................................2

    A.   The PSLRA Provides a Straightforward Process for Identifying the "Most Adequate Plaintiff" to Serve as Lead Plaintiff. .............................2

    B.   Mr. Shaulov Has Failed to Timely Demonstrate His Adequacy Under Rule 23. ........................................................................................................3

    C.   Mr. Paljevic Has the Largest Financial Interest and Otherwise Satisfies Rule 23 ...................................................................................................5

    D.   No Competing Movant Can Offer Proof that Mr. Paljevic Does Not Satisfy Rule 23. ...............................................................................................8

III.   CONCLUSION ...................................................................................................9

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B). Under that directive, Jeffrey Paljevic ("Mr. Paljevic") is the "most adequate plaintiff" because he is the movant with the largest financial interest that otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23"). Without any evidence from the other movants to show that Mr. Paljevic is atypical or inadequate, the Court should grant his motion in its entirety.

Eight shareholders/shareholder groups moved for lead plaintiff. In order of claimed loss, those shareholders are: (1) Valdi Shaulov ("Mr. Shaulov"); (2) Mohammad Waheed Rana and Yevhen Stasiv ("Messrs. Rana and Stasiv")[1]; (3) Mr. Paljevic; (4) Jose Santacruz; (5) James Baber; (6) Carl Shupe and Lannie Weng ("Shupe & Weng"); (7) Bruce Nawrocki ("Nawrocki"); and (8) Samuel Blake ("Mr. Blake").[2]

While Mr. Shaulov possesses the largest financial interest out of all competing movants, he does not meet the adequacy requirements of Rule 23 and is therefore disqualified from being appointed lead plaintiff. Mr. Shaulov failed to provide any information about himself aside from the country he lives in in his opening motion, making it impossible for the Court, competing lead plaintiff

---

[1] Movants Rana and Stasiv filed a notice of non-opposition to the competing motions for lead plaintiff on June 9, 2021. *See* ECF No. 53. Mr. Paljevic notes that he believes he has the second largest financial interest after Mr. Shaulov and reserves the right to challenge Messrs. Rana and Stasiv's motion should the Court decide to consider it.

[2] Movants Shupe & Weng, and Nawrocki all filed notices of non-opposition today. *See* ECF Nos. 54, 55.

movants, and the Class, to determine if he has any conflicts with other Class members. Even if Mr. Shaulov provides the Court with additional information to determine adequacy on opposition, it is too late, and the information should not be considered.

The movant with the next "largest financial interest" following Mr. Shaulov in the Actions and, therefore, is presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA, is Mr. Paljevic. Given Mr. Paljevic's presumptive status as the "most adequate plaintiff," he should be appointed as the lead plaintiff unless  a competing movant can provide proof that he is for some  reason  either  atypical  or  inadequate  to  serve  as  lead plaintiff. 15   U.S.C.   §78u-4(a)(3)(B)(iii). In this case, the other movants cannot do this.

Accordingly, Mr. Paljevic should be appointed as lead plaintiff and respectfully requests that the Court approve his motion in its entirety and deny all other competing motions.

## II.      ARGUMENT

### A.      The PSLRA Provides a Straightforward Process for Identifying the "Most Adequate Plaintiff" to Serve as Lead Plaintiff.

In a PSLRA class action, a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Courts are to "adopt a presumption" that the most adequate plaintiff is the plaintiff who: (1) has either filed a complaint or moved to be named lead plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" and that "the representative parties will fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II). The goal of the PSLRA's lead plaintiff provision "is to locate a person or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an ***active*** agent for the class." *In re Cendant Corp. Litig.,* 264 F.3d 201, 266 (3d Cir. 2011).

### B. Mr. Shaulov Has Failed to Timely Demonstrate His Adequacy Under Rule 23.

Lead plaintiff movants must satisfy the typicality and adequacy provisions of Rule 23 before serving as lead plaintiffs. *See* 15 U.S.C. § 78u-4. To fulfill the "adequacy" requirement, the lead plaintiff must demonstrate the ability to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). This requirement is not trivial, as it is based upon due process concerns because "absent class members must be afforded adequate representation before entry of a judgment which binds them." *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998). To satisfy Rule 23(a)(4), a class representative must "prosecute the action vigorously on behalf of the class." *Id*. Personal factors evidencing an inability to properly oversee the litigation weigh in favor of disqualifying a class representative as inadequate. *Smyth v. China Agritech, Inc.,* No. CV 13-03008-RGK (PJWx), 2013 U.S. Dist. LEXIS 195196, at \*17 (C.D. Cal. Sept. 26, 2013) (plaintiff failed to carry his burden to "affirmatively demonstrate" a class representative's "present willingness and ability to vigorously litigate" the action where class representative was "unavailable" and exhibited a "lack of engagement"). A "district court has latitude as to what information it will consider in determining typicality and adequacy." *In re Cavanaugh*, 306 F.3d 726,732 (9th Cir. 2002).

Here, Mr. Shaulov has not made a *prima facie* showing of his adequacy to represent the Class and must be disqualified from consideration for the lead plaintiff role. Importantly, Mr. Shaulov has failed to provide any details for the Court to evaluate and determine if he can adequately serve as a lead plaintiff. *See* Shaulov Declaration in Support of Motion ("Shaulov Decl."), ECF No. 50-4. Here, there is

simply "a dearth of information upon which the Court can determine" if Mr. Shaulov would be able to adequately assume the role of lead plaintiff. *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.,* No. 20-CV-0966-AJB-DEB, 2021 U.S. Dist. LEXIS 27438, at *11 (S.D. Cal. Feb. 12, 2021); Recent caselaw throughout the country has found that movants who provide such sparse information are inadequate to represent the class. *See e.g. Camp v. Qualcomm Inc.,* 2019 U.S. Dist. LEXIS 10269, (S.D. Cal. Jan. 22, 2019); *Perez v. HEXO Corp.,* 2020 U.S. Dist. LEXIS 32381, at *4-6 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.,* 2020 U.S. Dist. LEXIS 166312 (S.D.N.Y. Sept. 11, 2020)(denying motion for appointment as lead plaintiff because, the Court was skeptical that the movant "an individual investor about whom little is known – possesse[d]the requisite sophistication to serve as lead plaintiff in this action."); *In re Boeing Co. Aircraft Sec. Litig*., 2019 U.S. Dist. LEXIS 198259, at *13-17 (N.D. Ill. Nov. 15, 2019), *reconsideration denied*, 2020 U.S. Dist. LEXIS 15012 (N.D. Ill. Jan. 28, 2020).

Further, Mr. Shaulov cannot cure this issue on opposition. because the information needed to be provided in his opening motion. *See Qualcomm*, 2019 U.S. Dist. LEXIS 10269 (declining to appoint individual with largest financial interest as lead plaintiff in light of his failure "to include any basic details about himself" even though information was provided in opposition); *see also Hexo*, 2020 U.S. Dist. LEXIS 32381, at *7 ("Indeed, given Wong's failure to provide any information regarding his experience in his ***preliminary motion***, the Court questions whether Wong will meaningfully oversee and control the prosecution of this consolidated class action.")(emphasis added); *Karp v. Diebold Nixdorf, Inc.,* 2019 U.S. Dist. LEXIS 188670, at *13-18 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, 2019 U.S. Dist. LEXIS 210109 (S.D.N.Y. Dec. 5, 2019) (declining to appoint individual investor movants as lead plaintiff where movants had, *inter alia*, failed to make a preliminary showing of adequacy under Rule 23).

Moreover, the lack of information provided by Mr. Shaulov is disconcerting as he *chose* not to provide information about himself in his opening motion when he had ample opportunity to do so, considering he filed a preliminary declaration. *See* Shaulov Decl. This declaration could've easily included the necessary background information to demonstrate Mr. Shaulov's adequacy, as his counsel has done countless times since this precedent has been established, but rather he chose to only provide the Court with the country he resides in. *Id*. at ¶ 2[3]

Thus, Mr. Shaulov should be disqualified for his failure to preliminarily establish his adequacy to represent the Class.

### C.    Mr. Paljevic Has the Largest Financial Interest and Otherwise Satisfies Rule 23

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C §78u-4(a)(3)(B)(iii). The movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *In re Cavanaugh,* 306 F.3d at 732.

---

[3] Shaulov Decl. Compare to *Schneider v. Champignon Brands Inc*., et al., C.A. No. 2:21-cv-03120-JVS-KES, ECF No. 22-4 (June 9, 2021 C.D. Cal.); *Kehoe v. 3D Systems Corp., et al.,* C.A. No. 1:21-cv-01920-NGG-LB, ECF No. 31-4 (June 8, 2021 E.D.N.Y.); *Zaker v. EBang International Holdings Inc., et al.,* C.A. No. 1:21-cv-03060-KPF, ECF No. 29-4 (June 7, 2021 S.D.N.Y.); *Tadros v. Kadmon Holdings, Inc., et al.,* C.A. No. 2:21-cv-01797-SJF-AKT, ECF No. 17-4 (June 2, 2021 E.D.N.Y.); *Beltran v. SOS Limited, et al.,* C.A. No. 1:21-cv-07454-RBK-MJS, ECF No. 9-3 (June 1, 2021 D.N.J.); *Humenik, Jr. v. Repro Med Systems, Inc. d/b/a Koru Medical Systems, et al.,* C.A. No. 1:21-cv-02632-VEC, ECF No. 12-4 (May 25, 2021 S.D.N.Y.); *D'Arcy v. Sequential Brands Group, Inc., et al.,* C.A. No. 2:21-cv-02305-JFW-RAO, ECF No. 17-4 (May 17, 2021 C.D. Cal.); *Lewis v. CytoDyn, Inc., et al.,* C.A. No. 3:21-cv-05190-BHS, ECF No. 18-4 (May 17, 2021 W.D. Wash.); *Rico v. Lordstown Motors Corp., et al.,* C.A. No. 4:21-cv-00616-PAG, ECF No. 24-4 (May 17, 2021 E.D. Ohio); *Farrar v. Workhorse Group, Inc.,* C.A. No. 2:21-cv-02072-CJC-PVC, ECF No. 44-4 (May 7, 2021 C.D. Cal.).

Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, *Perlmutter v. Intuitive Surgical, Inc.,* No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *11-12 (N.D. Cal. Feb. 15, 2011) (describing different approaches). Typical methods of calculations used in this Circuit include: (a) four factors typically known as the *Olsten/Lax* factors, (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate loss suffered[4]; and (b) retained shares methodology[5].

As the following table demonstrates, Mr. Paljevic possesses the second largest financial interest in the Actions, using the *Olsten/Lax* factors:

---

[4] *Ferrari v. Gisch*, 225 F.R.D. 599, 604 (C.D. Cal. 2004).

[5] *Eichenholtz v. Verifone Holdings, Inc.,* No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *10-14 (N.D. Cal. Aug. 22, 2008*); Mulligan v. Impax Labs., Inc.,* No. C131037, 2013 U.S. Dist. LEXIS 93119, at *16-19 (N.D. Cal. July 2, 2013) (looking to number of shares purchased during the class period that were retained as of the last day of the class). Mr. Paljevic did not provide a calculation for retained shares in his opening motion, so he does not rely on it here, but if the Court were to evaluate the movants' losses pursuant to *Eichenholtz,* the results would be the same– he still possesses the largest financial interest of all qualified movants. Mr. Paljevic can provide loss calculations based on the retained share method if the Court feels it necessary when making its decision.

| Movant | Approximate LIFO Loss Suffered | No. of Shares Purchased | Net Funds Expended | Net Shares Retained |
|---|---|---|---|---|
| ~~Vladi Shaulov~~ | ~~$5,579,674.31~~ | ~~1,076,508~~ | ~~$11,642,421.52~~ | ~~710,199~~ |
| Mr. Paljevic | **$364,680.68[6]** | **569,832** | **$ 815,979.10** | **53,986** |
| Santacruz | $271,460.13 | 122,700 | $515,684.25 | 29,215 |
| Baber | $215,339.97 | 36,000 | $516,459.04 | 36,000 |
| ~~Rana & Stasiv~~ | | | | |
| ~~Rana~~ | ~~$213,775.22~~ | ~~19,633~~ | ~~$355,150.66~~ | ~~18,633~~ |
| ~~Stasiv~~ | ~~$194,427.88~~ | ~~17,672~~ | ~~$41,521.78~~ | ~~0~~ |
| ~~Shupe & Weng~~ | | | | |
| ~~Shupe~~ | ~~$120,007.35~~ | ~~44,500~~ | ~~$124,187.12~~ | ~~500~~ |
| ~~Weng~~ | ~~$65,494.97~~ | ~~6,000~~ | ~~$115,652.24~~ | ~~6,000~~ |
| ~~Nawrocki~~ | ~~$19,170.46~~ | ~~3,000~~ | ~~$44,249.10~~ | ~~3,000~~ |
| Blake | $15,962.00 | 29,377 | $59,000.47 | 4,540 |

Not only does this chart demonstrate that Mr. Paljevic has the largest loss out of all qualified movant, it also demonstrates that he possesses the largest individual loss of all qualified movants as well. *See Crihfield v. CytRx Corp.,* No. CV 16-05519 SJO (SKx), 2016 U.S. Dist. LEXIS 181615 (C.D. Cal. Oct. 26, 2016) (appointing movant with the largest individual loss over a group of unrelated investors with the largest aggregate loss).

Mr. Paljevic also meets the adequacy and typicality requirements of Rule 23. As detailed in his Motion (ECF No. 27-1 at 9-10) and in his Certification (ECF No. 27-3), Mr. Paljevic is a sophisticated and experienced investor who can adequately

---

[6] Mr. Paljelvic's loss calculation chart provided with his opening motion calculated both his LIFO loss, and his *Dura* LIFO loss, pursuant to the PSLRA and the Supreme Court's decision in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005) ("*Dura* LIFO" loss). *See* ECF No. 27-4. Mr. Paljevic is providing his LIFO loss here in an effort to compare losses using the same calculation methodology, being that no other movant provided their *Dura* LIFO loss in their initial motions,

represent the Class' interest as its fiduciary and is typical of other investors in the Class as a result of purchasing shares of Canoo on the open market during the Class Period. As described in his Motion and Certification, Mr. Paljevic is a sophisticated and experienced investor who is committed to serving as a faithful fiduciary to the Class. First, Mr. Paljevic been investing for over six years, and is a professional investor. Second, Mr. Paljevic is an educated and sophisticated investor as evidenced by his Bachelor's Degree in finance with a minor in accounting.

### D. No Competing Movant Can Offer Proof that Mr. Paljevic Does Not Satisfy Rule 23.

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Actions of all *qualified* movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Mr. Paljevic has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Mr. Paljevic, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(i)(stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mr. Paljevic's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mr. Paljevic "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh,* 306 F.3d at 741. Absent proof rebutting the presumption, Mr. Paljevic is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.,* No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011)(appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). This is something that the other movants cannot

do.

## III.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an order: (1) consolidating the Actions; (2) appointing Movant as Lead Plaintiff; and (3) approving Levi & Korsinsky as Lead Counsel for the Class.

Dated: June 10, 2021                              Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Lead Counsel for Movant Jeffrey Paljevic and [Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On June 10, 2021, I electronically filed the following **JEFFREY PALJEVIC'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR LEAD PLAINTIFF AND IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on June 10, 2021.

/s/ Adam M. Apton
Adam M. Apton