POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Attorney for Movant Vladi Shaulov*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, <br><br> Defendants. | Case No. 2:21-cv-02873-FMO-JPR <br><br> MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF VLADI SHAULOV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS <br><br> DATE:  July 1, 2021 <br> TIME:  10:00 a.m. <br> JUDGE:  Fernando M. Olguin <br> CTRM:  6D, 6th Floor |

MEMORANDUM OF POINTS AND AUTHORITIES

| | |
|---|---|
| JUSTIN KOJAK, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:21-cv-02879-DSF-PVC |
| Plaintiff, | |
| v. | |
| CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEILL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE, | |
| Defendants. | |
| JEFF TYLER, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:21-cv-03080-FMO-JPR |
| Plaintiff, | |
| v. | |
| CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, | |
| Defendants. | |

MEMORANDUM OF POINTS AND AUTHORITIES

Movant Shaulov[1] respectfully submits this Memorandum of Points and Authorities in further support of his motion for consolidation of the Related Actions, appointment as Lead Plaintiff for the Class, and approval of his selection of Pomerantz and Holzer as Co-Lead Counsel for the Class (Dkt. No. 48); and in opposition to the competing motions of: (i) Jeffrey Paljevic ("Paljevic") (Dkt. No. 27); (ii) Jose Santacruz ("Santacruz") (Dkt. No. 44); (iii) James Baber ("Baber") (Dkt. No. 23); and (iv) Samuel Blake ("Blake") (Dkt. No. 41).[2]

## I.    PRELIMINARY STATEMENT

The Related Actions are putative class action securities fraud lawsuits on behalf of investors in Canoo securities.  As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  While the PSLRA does not define "financial interest," courts in this Circuit generally consider a

---

[1] All capitalized terms herein are defined in Shaulov's moving brief, unless otherwise indicated. *See* Dkt. No. 49.

[2] Initially three other movants or movant groups also filed competing motions: (i) Mohammad Waheed Rana and Yevhen Stasiv (Dkt. No. 37); (ii) Carl Shupe and Lannie Weng (Dkt. No. 29); and (iii) Bruce Nawrocki (Dkt. No. 33).  The foregoing movants subsequently filed notices of non-opposition to the competing motions, acknowledging that they did not appear to have alleged the largest financial interest in this litigation within the meaning of the PSRLA.  *See* Dkt. Nos. 53-55.

movant's claimed financial loss to be the most important factor in assessing financial interest within the meaning of the PSLRA. *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 U.S. Dist. LEXIS 29876, at *18-*19 (N.D. Cal. Mar. 4, 2013). Second to financial loss, courts in this Circuit consider three other factors—shares purchased, funds expended, and net shares purchased (*i.e.* retained shares)—in assessing financial interest. *See, e.g.*, *Knox*, 136 F. Supp. 3d at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18; *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012).

The following table compares Shaulov's financial interest to those of the remaining competing movants:

| Movant | Loss | Purchased Shares | Retained Shares | Funds Expended |
|--------|------|------------------|-----------------|----------------|
| Shaulov | $5,596,559 | 1,076,508 | 710,199 | $17,150,462 |
| Paljevic | $364,418 | 569,832 | 53,986 | $10,639,886 |
| Santacruz | $271,318 | 122,700 | 29,215 | $1,930,272 |
| Baber | $215,495 | 36,000 | 36,000 | $516,459 |
| Blake | $15,985 | 29,377 | 4,540 | $354,644 |

As the table reflects, Shaulov has a larger financial interest in this litigation than any competing movant. Shaulov's loss of roughly ***$5.6 million*** is significantly larger than that of any competing movant—and indeed, is significantly larger than the losses of all competing movants ***combined***. Similarly, Shaulov's shares purchased, funds

expended, and retained shares are significantly larger than that of any competing movant—and are also significantly larger than the shares purchased, funds expended, and retained shares of all competing movants combined.  As such, by any relevant metric, Shaulov clearly has the largest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.

Shaulov also satisfies the typicality and adequacy requirements of Rule 23. Shaulov, like all members of the Class, purchased Canoo securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the requirements of Rule 23.  *Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at \*3 (N.D. Cal. Feb. 3, 2020).  Shaulov's significant losses give him a sufficient stake in this litigation's outcome to ensure vigorous prosecution; Shaulov is aware of no conflict between his interests and those of the putative Class; and in Pomerantz, Shaulov has retained qualified and experienced class counsel. *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at \*1 (C.D. Cal. June 5, 2019); *Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL), 2019 WL 4934277, at \*3 (S.D. Cal. Oct. 7, 2019).  Shaulov has further demonstrated his adequacy by the submission of a Declaration with his initial motion papers, attesting to, *inter alia*, his understanding of the responsibilities of a Lead Plaintiff, his decision to seek

MEMORANDUM OF POINTS AND AUTHORITIES

3

appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Dkt. No. 50-4. Shaulov has also submitted a supplemental Declaration herewith, providing the Court with additional information about himself, including his educational and professional backgrounds and his investment experience. *See* Declaration of Jennifer Pafiti in Further Support of Motion and in Opposition to Competing Motions ("Pafiti Opp. Decl."), Ex. A.

For the reasons set forth herein, Shaulov respectfully submits that his motion should be granted in its entirety and that the competing motions should be denied.

## II.    ARGUMENT

### A.    SHAULOV SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a *prima facie* showing at this stage that it satisfies the adequacy and typicality requirements of Rule 23. *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representative is Shaulov.

**1.    Shaulov Has The Largest Financial Interest In The Relief Sought By The Class**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Knox*, 136 F. Supp. 3d at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at \*18-\*19. Second to financial loss, courts in this Circuit consider three other factors—shares purchased, funds expended, and net shares purchased (*i.e.* retained shares)—in assessing financial interest. *See, e.g.*, *Knox*, 136 F. Supp. 3d at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at \*18; *City of Royal Oak*, 2012 U.S. Dist. LEXIS 2776, at \*10-\*11.

Under the foregoing analysis, no movant seeking appointment as Lead Plaintiff in the Related Actions has alleged a larger financial interest in the litigation than Shaulov.

As the chart referenced above demonstrates, Shaulov incurred a loss of approximately *$5.6 million*. Not only is this loss many times larger than the loss incurred by Paljevic, the remaining movant claiming the next-largest financial interest, it is in fact larger than the losses incurred by all competing movants *combined*. Similarly, Shaulov's shares purchased, funds expended, and retained shares are significantly larger than that of any competing movant and, moreover, are significantly larger than the shares purchased, funds expended, and retained shares of all competing movants *combined*. As

MEMORANDUM OF POINTS AND AUTHORITIES

5

such, by any relevant metric, Shaulov clearly has the "largest financial interest" in this litigation within the meaning of the PSLRA.

### 2. Shaulov Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Shaulov has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730-31. First, Shaulov's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See, e.g.*, *Vataj*, 2020 WL 532981, at *3. Second, Shaulov satisfies the adequacy requirement of Rule 23(a)(4) because he has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. *See, e.g.*, *Karinski*, 2019 WL 8013753, at *1; *Harari*, 2019 WL 4934277, at *3. Shaulov has further demonstrated his adequacy by the submission, with his motion papers, of a sworn Declaration, attesting to, *inter alia*, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Dkt. No. 50-4. Shaulov has also submitted herewith a supplemental Declaration providing the Court with additional biographical information about himself. *See generally* Pafiti Opp. Decl., Ex. A. Shaulov resides in the Republic of Cyprus, is 32 years old, and has been investing in the securities markets

for five years. *Id.* ¶ 2. Shaulov was educated in Israel, and his academic background is in business and entrepreneurship. *Id.* Shaulov is the Chief Executive Officer of a cybersecurity and software company. *Id.*

After the filing of the competing motions for appointment as Lead Plaintiff in this litigation, counsel for a competing movant contacted Shaulov's counsel, adverting to a news item reporting that an individual with a name superficially similar to Shaulov's had been arrested in connection with a violent crime in DeKalb County, Georgia in 2019, and inquiring whether this was, in fact, Shaulov. The answer, unequivocally, is ***no***. Shaulov is a different age than the individual arrested in Georgia, he resides in Cyprus, not the United States, and—most significantly—Shaulov has attested under penalty of perjury that he has ***never*** been arrested for a crime. *Id.*

Finally, as discussed in greater detail below, Shaulov has further demonstrated his adequacy by selecting Pomerantz and Holzer—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Co-Lead Counsel for the Class.

\* \* \* \*

Because Shaulov has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA. To overcome the strong presumption entitling Shaulov to appointment as Lead Plaintiff, the PSLRA requires ***"proof"*** that the

presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

## B.   SHAULOV'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Shaulov has selected Pomerantz and Holzer as Co-Lead Counsel for the Class.  As their respective resumes reflect, Pomerantz and Holzer are both highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. Nos. 50-5, 50-6.  Thus, the Court may be assured that by approving Shaulov's selection of counsel, the members of the Class will receive the best legal representation available.

## III.   CONCLUSION

For the foregoing reasons and for the reasons set forth in his motion brief (Dkt. No. 49), Shaulov respectfully requests that the Court issue an Order granting his motion in all respects and denying the competing motions.

Dated:  June 10, 2021                                    POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

HOLZER & HOLZER, LLC
Corey D. Holzer
(*pro hac vice* application forthcoming)
1200 Ashwood Parkway, Suite 410
Atlanta, Georgia 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com

*Counsel for Movant Vladi Shaulov and Proposed Co-Lead Counsel for the Class*

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


*/s/ Jennifer Pafiti*
Jennifer Pafiti