Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff
Jose Santacruz*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS<br><br>Defendants. | No. 2:21-cv-02873-FMO-JPR<br><br>CLASS ACTION<br><br>**JOSE SANTACRUZ MEMORANDUM IN OPPOSITION TO THE COMPETING MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date:       July 1, 2021<br>Time:       10:00 a.m.<br>Courtroom:  6D, 6th Floor<br>Judge:      Hon. Fernando M. Olguin<br><br>ORAL ARGUMENT REQUESTED |

[Caption continued on the next page.]

011018-11/1560945 V1

| JUSTIN KOJAK, Individually and On Behalf of All Others Similarly Situated, | No. 2:21-cv-02879-DSF-PVC |
| --- | --- |
| Plaintiff, | CLASS ACTION |
| v. | |
| CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEIL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE, | |
| Defendants. | |
| JEFF TYLER, Individually and on Behalf of All Others Similarly Situated, | No. 2:21-cv-03080-FMO-JPR |
| Plaintiff, | CLASS ACTION |
| v. | |
| CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, | |
| Defendants. | |

011018-11/1560945 V1

# **TABLE OF CONTENTS**

Page

I.     PRELIMINARY STATEMENT ........................................................................1

II.    ARGUMENT ...............................................................................................4

       A.     Shaulov has Not Made a *Prima Facie* Showing of Adequacy
              and Typicality .................................................................................4

       B.     Paljevic Has Not Made a *Prima Facie* Showing of Adequacy
              and Typicality  And Is Subject to Unique Defenses as A Day
              Trader ...............................................................................................8

       C.     Mr. Santacruz Is the Most Adequate Plaintiff ....................................11

       D.     The Court Should Approve Mr. Santacruz's Selection of
              Counsel ...........................................................................................13

III.   CONCLUSION .........................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Abadilla v. Precigen, Inc.*,
   2021 U.S. Dist. LEXIS 68718 (N.D. Cal. Apr. 8, 2021)......................................5

*Abbott v. Lockheed Martin Corp.*,
   2010 U.S. Dist. LEXIS 11721 (S.D. Ill. Feb. 10, 2010)....................................9

*Applestein v. Medivation, Inc.*,
   2010 U.S. Dist. LEXIS 98255 (N.D. Cal. Sep. 17, 2010) ...............................10

*Bang v. Acura Pharm., Inc.*,
   2011 U.S. Dist. LEXIS 2550 (N.D. Ill. Jan. 11, 2011) ....................................11

*Blake v. Canoo Inc., et al.*,
   No. 2:21-cv-02873-FMO-JPR (C.D. Cal., filed April 2, 2021)..........................5

*In re Boeing Co. Aircraft Sec. Litig.*,
   2019 U.S. Dist. LEXIS 198259 (N.D. Ill. Nov. 15, 2019) .........................2, 6, 7

*Borteanu v. Nikola Corp.*,
   2020 U.S. Dist. LEXIS 236005 (D. Ariz. Dec. 15, 2020)..................................5

*Camp v. Qualcomm Inc.*,
   2019 U.S. Dist. LEXIS 10269 (S.D. Cal. Jan. 22, 2019) ...............................5, 7

*Camp v. Qualcomm Inc.*,
   2019 WL 277360 (S.D. Cal. Jan. 22, 2019).......................................................4

*In re Charles Schwab Corp. Securities Litigation*,
   Case No. 3:08-1510-WHA (N.D. Cal.) ............................................................13

*In re Conseco, Inc. Sec. Litig.*,
   120 F. Supp. 2d 729 (S.D. Ind. 2000)................................................................7

*Eichenholtz v. Verifone*,
   2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ...................................................9

*In re Gemstar-Tv Guide Int'l Sec. Litig.*,
209 F.R.D. 447 (C.D. Cal. 2002) ........................................................................7

*Herrgott v. United States Dist. Court for the N. Dist. of Cal.(In re Cavanaugh)*,
306 F.3d 726 (9th Cir. 2002)...............................................................................1

*Hurst v. Enphase Energy*,
2020 U.S. Dist. LEXIS 223696 (N.D. Cal. Nov. 30, 2020) ...........................3, 9

*In re Initial Pub. Offering Sec. Litig.*,
227 F.R.D. 65 (S.D.N.Y. 2004)............................................................................9

*Kojak v. Canoo Inc., et al.*,
No. 2:21-cv-02879-DSF-PVC (C.D. Cal., filed April 2, 2021).........................5

*In Re McKesson Corporation Derivative Litigation*,
Case No. 4:17-cv-01850-CW (N.D. Cal.) .........................................................13

*Pino v. Cardone Capital, LLC*,
2020 U.S. Dist. LEXIS 240317 (C.D. Cal. Dec. 18, 2020).............................11

*Piven v. Sykes Enters., Inc.*,
137 F. Supp. 2d 1295 (M.D. Fla. 2000)..............................................................7

*Reinschmidt v. Zillow, Inc.*,
2013 U.S. Dist. LEXIS 36793 (W.D. Wash. Mar. 14, 2013) ..........................10

*In re Safeguard Scientifics*,
216 F.R.D. 577 (E.D. Pa. 2003) .....................................................................3, 11

*Shaffer v. Dig. Generation, Inc.*,
2013 U.S. Dist. LEXIS 204461 (N.D. Tex. Sept. 19, 2013) ...........................11

*In re Snap Inc. Sec. Litig.*,
2019 U.S. Dist. LEXIS 88379 (C.D. Cal. Apr. 1, 2019)..................................11

*Tanne v. Autobytel, Inc.*,
226 F.R.D. 659 (C.D. Cal. 2005) .....................................................................12

*Tomaszewski v. Trevena, Inc.*,
383 F. Supp. 3d 409 (E.D. Pa. 2019).................................................................6

*Tsirekidze v. Syntax-Brillian Corp.*,
  2008 U.S. Dist. LEXIS 118562 (D. Ariz. Apr. 4, 2008) ...................................10

**FEDERAL STATUTES**

15 U.S.C. § 78u-4 *et seq.* ...................................................................................... 1, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .............................................................................11

15 U.S.C. § 78u4(a)(3)(B)(i) ......................................................................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 .......................................................................................*passim*

Fed. R. Civ. P. 23(a)(4) ..........................................................................................7, 12

Lead Plaintiff movant Jose Santacruz ("Mr. Santacruz") respectfully submits this memorandum of law in further support of his motion to consolidate cases, appointment as lead plaintiff, approval of his selection of counsel, and in opposition to the competing lead plaintiff motions.

## I. PRELIMINARY STATEMENT[1]

Before the Court were eight motions for appointment as lead plaintiff filed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Pursuant to the PSLRA, this Court is required to appoint as Lead Plaintiff the movant that is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u4(a)(3)(B)(i); *Herrgott v. United States Dist. Court for the N. Dist. of Cal.(In re Cavanaugh)*, 306 F.3d 726, 729 (9th Cir. 2002). Here, only two competing movants (Vladiv Shaulov and Jeffrey Paljevic) purport to claim a larger financial interest than Mr. Santacruz, these applicants suffer from disqualifying typicality and adequacy issues rendering them incapable of representing the Class.[2]

Shaulov, who claims the largest financial interest in this litigation, has not made a *prima facie* showing of his adequacy and typicality, and submitted a false and defective PSLRA Certification. Shaulov did not provide the Court with *any* information

---

[1] The defined terms in Mr. Santacruz's opening brief (ECF No. 44) shall have the same meaning herein.

[2] Mohammad Rana & Yevhen Stasiv filed a non-opposition to all other movants (ECF No. 53). Carl Shupe and Lannie Weng (ECF No. 54), and Bruce Nawrocki (ECF No. 55) have also filed notices of non-opposition to the competing motions.

SANTACRUZ OPP. TO COMP. MOTS. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE SELECTION OF COUNSEL - 1
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1560945 V1

concerning his background, profession, education, investment experience, or any information that would demonstrate he has the ability to lead a complex securities class actions. The one fact that Shaulov does provide about himself – that he "live[s] in Cyprus" – makes it unlikely that he will be able to oversee counsel and actively participate in the case in a cost-effective and efficient manner.

Moreover, Shaulov submitted a certification dated April 1, 2021, a day before the first complaint was filed in this case. *Compare* ECF No. 50-3 with ECF No. 1. Accordingly, the statement in Shaulov's certification that he "has reviewed the initial complaint filed in this action" is demonstrably false. The certification is also heavily redacted where it appears a chart of Shaulov's transactions was supposed to be, which makes it unclear what Shaulov actually signed. ECF No. 50-3. There is also an unexplained redaction where he normally would identify the jurisdiction in which the certification was signed.

Shaulov's purported investments in Canoo stock also raise some concerns. Shaulov claims to have purchased over $17 million of Canoo stock over a 14-week period, and lost approximately $5.5 million on that investment, but publicly available information and an investigation into Shaulov suggests there is nothing to substantiate the claim that he has the financial resources to make such an investment. *See e.g.*, *In re Boeing Co. Aircraft Sec. Litig.*, 2019 U.S. Dist. LEXIS 198259, at *13 (N.D. Ill. Nov. 15, 2019).

Paljevic is a day trader who submitted a voluminous 45-page chart demonstrating that he was trading in and out of Canoo's stock, with over 1,800 trades during the class period (ECF No. 27-3), in a manner that makes him atypical of members of the class. His trading patterns indicate that he will likely not be able to obtain class certification on behalf of the Class, and his motion should therefore be denied. *See Hurst v. Enphase Energy*, 2020 U.S. Dist. LEXIS 223696, at *8 (N.D. Cal. Nov. 30, 2020) (rejecting movants who "often acted as day traders, purchasing and selling [the Company's] stock within the same day."); *In re Safeguard Scientifics*, 216 F.R.D. 577, 583 (E.D. Pa. 2003) (rejecting day trader as class representative and denying class certification).

Mr. Paljevic also provides only minimal information about himself, and none that would indicate that he even knows he is moving to be a lead plaintiff or what his responsibilities would be, or that he has the capability to manage counsel. From counsel's investigation it appears Mr. Paljevic is 24 years old and unemployed.

In contrast to both Mr. Shaulov and Paljevic, Mr. Santacruz has provided the Court with substantive information about himself: he is a Business Manager with a Computer Science degree who has over 5 years of experience managing his own investments. ECF No. 46, Ex. D. He understands the responsibilities of a lead plaintiff under the PSLRA. ECF No. 46, Ex. D, at ¶ 4. And he has described how he is "motivated to litigate vigorously, efficiently, and to the best of [his] ability to maximize the potential

recovery for [him]self and the Class [he] seek[s] to represent. ECF No. 46, Ex. D, at ¶ 3.

The motions of the remaining movants have either been withdrawn or should be denied as they each claim smaller losses than Mr. Santacruz, and in many cases provide little if any information about their client necessary to assess their adequacy.

In sum, Mr. Santacruz does not suffer from any of the deficiencies that affect the competing movants, and no evidence exists to rebut the presumption that Mr. Santacruz now stands as the most adequate plaintiff. In addition, Mr. Santacruz is well positioned to litigate this action. With approximately $271,460 in losses, Mr. Santacruz has a significant financial stake in the claims. See ECF No. 46, at Ex. C. His interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. Thus, Mr. Santacruz is the most adequate Lead Plaintiff candidate and respectfully submits that the Court appoint him as Lead Plaintiff on behalf of the proposed Class.

## II.    ARGUMENT

### A.    *Shaulov has Not Made a Prima Facie Showing of Adequacy and Typicality*

Shaulov provided virtually no information about himself in his lead plaintiff motion, and thus failed the basic requirements for any lead plaintiff. *See e.g., Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (finding movant did not satisfy Rule 23's typicality requirement because he "failed to include any basic details about himself, including where he lives or who he is specifically in his motion").

SANTACRUZ OPP. TO COMP. MOTS. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE SELECTION OF COUNSEL - 4
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1560945 V1

Movants for Lead Plaintiff must make a *prima facie* showing that they satisfy the typicality and adequacy requirements" of Rule 23. *Abadilla v. Precigen, Inc.*, 2021 U.S. Dist. LEXIS 68718, at *10 (N.D. Cal. Apr. 8, 2021). And "the initial determination on typicality and adequacy should be a product of the court's independent judgment." *Borteanu v. Nikola Corp.*, 2020 U.S. Dist. LEXIS 236005, at *24 (D. Ariz. Dec. 15, 2020).

First, Shaulov has not made the required showing, and instead only submitted a false and defective certification. The certification, dated April 1, 2021, falsely claims that Shaulov "has reviewed the initial complaint filed in this action". ECF No. 50-3. This cannot be true because the initial complaints in this matter were each filed the following day, on April 2, 2021. *Blake v. Canoo Inc., et al.*, No. 2:21-cv-02873-FMO-JPR (C.D. Cal., filed April 2, 2021); *Kojak v. Canoo Inc., et al.*, No. 2:21-cv-02879-DSF-PVC (C.D. Cal., filed April 2, 2021). Shaulov did not review the complaint prior to signing the certification, and the Court should not appoint someone who has made a false statement about such an important matter, despite "declar[ing] under penalty of perjury that the foregoing is true and correct." ECF No. 50-3. *See Camp v. Qualcomm Inc.*, 2019 U.S. Dist. LEXIS 10269, at *9 (S.D. Cal. Jan. 22, 2019) ("[Plaintiff's] willingness to make false statements under oath contributes to the court's conclusion that he would not have been an adequate lead plaintiff.") (*citing Garbowski v. Tokai Pharmaceuticals, Inc.*, 302 F. Supp. 3d 441, 455 (D. Mass. 2018)); *see also*

*Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (finding that "errors in [] sworn statements amount to a substantial degree of carelessness and raise doubt as to whether he will fairly and adequately represent the best interests of the class").

The certification is also inexplicably heavily redacted where it appears a chart of Shaulov's transactions was supposed to be, which makes it clear that Shaulov actually signed something else which his counsel does not want others to see. ECF No. 50-3.

Further, Shaulov's motion fails to inform the Court of any of the most basic information needed for the Court to make its determination. For instance, he did not provide his age, educational background, profession, or anything suggesting he is capable of leading a complex securities class action. As the court in *In re Boeing Co. Aircraft Sec. Litig.*, 2019 U.S. Dist. LEXIS 198259, at *13 (N.D. Ill. Nov. 15, 2019) noted:

> **The complete dearth of information accompanying the [movants]' lead plaintiff motion leaves the Court with virtually no basis to assess their adequacy to lead and direct litigation potentially involving thousands of claims for tens, or perhaps hundreds, of millions of dollars** and provides no assurance to the Court that the concerns prompted by the unusual course of the [movants] trading activity are unwarranted.

[Emphasis added.]

So too here, the Court here is left with no basis to assess Shaulov's adequacy to lead this action. The paucity of information disqualifies him as Lead Plaintiff because

SANTACRUZ OPP. TO COMP. MOTS. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE SELECTION OF COUNSEL - 6
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1560945 V1

he has not shown that he "will fairly and adequately protect the interests of the class."[3] An investigation by Mr. Santacruz's counsel found an individual matching his profile (i.e., named "Vladi Shaulov" and stating "from Larnaca, Cyprus") has a Facebook profile in which he jokingly refers to his education as having "studied at [the] University of Life".[4] In short, what little information about Shaulov that exists only undermines his adequacy in leading this action.

Mr. Shaulov also inexplicably asks for the appointment of two counsel to represent him and the class as co-lead counsel, without explaining why such representation is necessary, further demonstrating a questionable ability to adequately represent the class and control the attorneys.

Finally, Shaulov's claims that he invested over $17 million in a single company over a three-month period, and sustained an investment loss of approximately $5.5 million, are questionable and unsubstantiated. The court in *In re Boeing Co. Aircraft Sec. Litig.*, 2019 U.S. Dist. LEXIS 198259, at *13 (N.D. Ill. Nov. 15, 2019) faced similar

---

[3] Fed. R. Civ. P. 23(a)(4); *see also Camp v. Qualcomm Inc.*, 2019 U.S. Dist. LEXIS 10269, at *8 (S.D. Cal. Jan. 22, 2019) (rejecting movant who "failed to include any basic details about himself, including where he lives or who he is specifically in his motion," which made it "difficult" for the court "to determine whether [he] would indeed be a typical plaintiff for the class"); *In re Conseco, Inc. Sec. Litig.*, 120 F. Supp. 2d 729, 733-34 (S.D. Ind. 2000) (rejecting individual movant and citing lack of information about background and qualifications); *In re Gemstar-Tv Guide Int'l Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) ("In short, the Gads provide no briefing and proffer no declarations concerning their ability to act as lead plaintiffs."); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1304-05 (M.D. Fla. 2000) (same).

[4] *See* https://www.facebook.com/shaulovvvvv

SANTACRUZ OPP. TO COMP. MOTS. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE SELECTION OF COUNSEL - 7
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1560945 V1

circumstances when a group of three individuals claimed to have sustained $4.7 million in losses following $40 million of purchases of Boeing stock, but provided no information to substantiate those claims. In rejecting their application, the Court noted that the individuals provided no information about their "level of financial sophistication or about the general source of their wealth; no general information about their backgrounds, education, employment, or investment experience; no information about their litigation experience generally or any basis to gauge their ability to control and manage complex class action securities litigation." For these same reasons, in light of the fact that Shaulov provided no substantive information about himself, and his false and defective certification, he has failed to demonstrate his adequacy and typicality, and the Court should similarly deny his motion outright.

**B.**   ***Paljevic Has Not Made a Prima Facie Showing of Adequacy and Typicality and Is Subject to Unique Defenses as a Day Trader***

Paljevic has also failed to provide basic information about himself to show his adequacy and has also shown that he is a day trader subject to unique defenses.

Unlike Movant Santacruz, who submitted a declaration showing his background, experience, his discussions with counsel, and his understanding of his role as a lead plaintiff, Paljevic filed no similar declaration. Paljevic instead submitted a certification simply stating where he lives and his education. Although he also states that he is a "professional investor", he does not identify any verifiable employment held at any point. He only states that he has been investing for six years. ECF No. 27-3. Rather, an

SANTACRUZ OPP. TO COMP. MOTS. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE SELECTION OF COUNSEL - 8
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1560945 V1

investigation by Mr. Santacruz's counsel shows that he is actually a 24-year-old recent college graduate with no discernable employment. There is also nothing to show that he even spoke to counsel or understands the role of a lead plaintiff. Accordingly, for the reasons cited above, Paljevic has failed to show his adequacy.

Worse, Paljevic's submission shows he is a day trader subject to unique defenses. Numerous courts have declined to appoint day traders or in-and-out traders on the ground that they may not satisfy the typicality requirements of Rule 23. *Eichenholtz v. Verifone*, 2008 WL 3925289, at *11 (N.D. Cal. Aug. 22, 2008). Day traders may be subject to unique defenses including questions about whether they relied on publicly available information in executing their trades. *See Hurst v. Enphase Energy*, 2020 U.S. Dist. LEXIS 223696, at *8 (N.D. Cal. Nov. 30, 2020) (rejecting movants who "often acted as day traders, purchasing and selling [the Company's] stock within the same day."); *see also* citations *infra*.

If the Court appoints a lead plaintiff with unusual trading patterns, defendants will later attack that trader as atypical and subject to unique defenses. *See e.g., In re Initial Pub. Offering Sec. Litig.,* 227 F.R.D. 65, 95 (S.D.N.Y. 2004) (defendants argued that proposed class representatives were day traders and therefore could not avail themselves of a presumption of reliance on stock prices or the integrity of the market); *Abbott v. Lockheed Martin Corp.*, 2010 U.S. Dist. LEXIS 11721, at *12 (S.D. Ill. Feb. 10, 2010) (finding that "the interests of average class members compared to 'day trader'

members who invest in the company stock funds are antagonistic and irreconcilable.""). Where the Court is faced with a choice between a day trader and an investor not subject to these same unique defenses, appointment of the day trader is not appropriate.

Here, the record submitted to the Court by Paljevic indicates that he is a day trader. His trades demonstrate that he was trading in and out of Canoo's stock, with over 1,800 trades during the class period (ECF No. 27-3), often making dozens or hundreds of trades per day. As one court noted, "[s]uch a high-volume day trader might be subject to the unique defense that frantic trading belies any true reliance on company reports or even on the integrity of the stock price itself." *Tsirekidze v. Syntax-Brillian Corp.*, 2008 U.S. Dist. LEXIS 118562, at *18 (D. Ariz. Apr. 4, 2008) (rejecting lead plaintiff movant with "unusually active" trades) (citing *In re Safeguard Scientifics*, 216 F.R.D. 577, 583 (E.D. Pa. 2003)); *Reinschmidt v. Zillow, Inc.*, 2013 U.S. Dist. LEXIS 36793, at *12 (W.D. Wash. Mar. 14, 2013) ("upon review of [a day trading movant's] trading activity he may be subject to a unique defense that could become the focus of the litigation."); *Applestein v. Medivation, Inc.*, 2010 U.S. Dist. LEXIS 98255, at *9 (N.D. Cal. Sep. 17, 2010) (noting that "day-traders 'typically focus on technical price movements rather than price,' and therefore are subject to a defense the they would have purchased the stock at issue 'regardless of the misstatement/omission.'") (citing *In re Safeguard Scientifics*, 216 F.R.D. 577, 583 (E.D. Pa. 2003)).

Similarly, Paljevic's trading pattern and status as a day trader makes him susceptible to attacks by Defendants that he purchased and sold Canoo securities because of technical indicators, unlike typical class members who react to positive and negative developments concerning the Company. This would likely render him unable to obtain class certification, to the detriment of the Class. *See In re Snap Inc. Sec. Litig.*, 2019 U.S. Dist. LEXIS 88379, at \*11 (C.D. Cal. Apr. 1, 2019) ("it is sufficient to conclude that the issue is quite likely to be raised by Defendants to the detriment of the putative class."); *In re Safeguard Scientifics*, 216 F.R.D. 577, 583 (E.D. Pa. 2003) (rejecting day trader as class representative and denying class certification); *Shaffer v. Dig. Generation, Inc.*, 2013 U.S. Dist. LEXIS 204461, at \*5 (N.D. Tex. Sept. 19, 2013) (rejecting movant with "the largest financial interest in the litigation" because of the amount of "high-volume trading" he did during the class period); *Bang v. Acura Pharm., Inc.*, 2011 U.S. Dist. LEXIS 2550, at \*16 (N.D. Ill. Jan. 11, 2011) ("atypical trading volume may be sufficient to rebut the presumption of lead plaintiff").Accordingly, the Court should deny Paljevic's motion to be appointed as lead plaintiff as he is subject to unique defenses and cannot satisfy the provisions of Rule 23.

## C.   *Mr. Santacruz Is the Most Adequate Plaintiff*

Once the Court concludes that the movants claiming greater losses (*i.e.*, Shaulov and Paljevic) do not satisfy the adequacy requirement, the Court must then consider whether the movant with the next largest financial stake, Mr. Santacruz, satisfies Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Pino v.*

*Cardone Capital, LLC,* 2020 U.S. Dist. LEXIS 240317, at *6 (C.D. Cal. Dec. 18, 2020) (*citing In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002)).

As demonstrated in his moving papers, Mr. Santacruz is a typical class representative. He specifically states that he "personally purchased a substantial amount of shares of GOEV, retained those shares through disclosures that allegedly caused the share price to drop significantly, and suffered substantial recoverable losses as a result." ECF No. 46, Ex. D, at ¶ 3. In sum, like all other Class members, Mr. Santacruz: (1) purchased Canoo shares during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements; and (3) was harmed when the truth was revealed. *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005) ("in inquiring whether the movant has preliminarily satisfied the typicality requirement, [the Court] should consider whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims of that movant are based differ[s] from that upon which the claims of other class members will perforce be based") (*quoting In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001)). As such, Mr. Santacruz is a typical Class representative.

Mr. Santacruz similarly satisfies Rule 23's adequacy requirement because he is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Unlike Shaulov and Paljevic, Mr. Santacruz has demonstrated that he is more than adequate. He has clearly informed the Court of his age, educational background,

SANTACRUZ OPP. TO COMP. MOTS. TO CONSOL. REL. ACTIONS, APPOINT LEAD PL. AND APPROVE SELECTION OF COUNSEL - 12
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1560945 V1

profession, and investment experience (ECF No. 46, Ex. D, at ¶ 2); his ability and willingness to lead this action (*id.* at ¶ 3); his actual communications with counsel with whom he spoke (*id.* at ¶ 4); his understanding of his duties as a lead plaintiff (*id.* at ¶¶ 4-5); his understanding and intent to seek appointment as lead plaintiff in this action (*id.* at ¶ 4); his willingness to be deposed and attend hearings if necessary (*id.*); and his decision to retain Hagens Berman as counsel (*id.* at ¶ 5). Moreover, Mr. Santacruz has a substantial financial stake in the litigation as well as the incentive and ability to vigorously represent the Class' claims. Accordingly, Mr. Santacruz satisfies the typicality and adequacy requirements of Rule 23.

## D.     *The Court Should Approve Mr. Santacruz's Selection of Counsel*

For the reasons articulated in Mr. Santacruz's opening brief (ECF No. 44), Mr. Santacruz's choice of counsel should be approved. Hagens Berman is a leading securities class action law firm, has previously been appointed as lead counsel in numerous other cases, and has an established track record obtaining successful recoveries for investors in securities class actions. *See* ECF No. 46; *see also In re Charles Schwab Corp. Securities Litigation*, Case No. 3:08-1510-WHA (N.D. Cal.) ($235 million class recovery); *In Re McKesson Corporation Derivative Litigation*, Case No. 4:17-cv-01850-CW (N.D. Cal.) ($175 million class recovery). Accordingly, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

SANTACRUZ OPP. TO COMP. MOTS. TO CONSOL. REL. ACTIONS, APPOINT
LEAD PL. AND APPROVE SELECTION OF COUNSEL - 13
Case No.: 2:21-cv-02873-FMO-JPR
011018-11/1560945 V1

## III. CONCLUSION

For all of the foregoing reasons, Mr. Santacruz respectfully requests that this Court: (1) consolidate the related actions; (2) appoint him to serve as Lead Plaintiff in this action; (3) approve his selection of Lead Counsel for the class; and (4) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: June 10, 2021                    HAGENS BERMAN SOBOL SHAPIRO LLP

s/ Danielle Smith
DANIELLE SMITH

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
Wesley A. Wong (314652)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com
wesleyw@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff
Jose Santacruz*