POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Attorney for Movant Vladi Shaulov*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | Case No. 2:21-cv-02873-FMO-JPR<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF VLADI SHAULOV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br>DATE:  July 1, 2021<br>TIME:  10:00 a.m.<br>JUDGE:  Fernando M. Olguin<br>CTRM:  6D, 6th Floor |

MEMORANDUM OF POINTS AND AUTHORITIES

| | |
|---|---|
| JUSTIN KOJAK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEILL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE,<br><br>Defendants. | Case No. 2:21-cv-02879-DSF-PVC |
| JEFF TYLER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | Case No. 2:21-cv-03080-FMO-JPR |

MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ...........................................................................1

II.   ARGUMENT...................................................................................................6

    A.    Shaulov Satisfies the Adequacy Requirement of Rule 23 ........................6

        1.    Shaulov has Provided More than Enough Information for the Court to Assess his Adequacy..............................................................6

        2.    Shaulov's Certification is not Defective.............................................8

        3.    Shaulov's Selection of Two Law Firms as Co-Lead Counsel does not Render him Inadequate.................................................. 12

III.  CONCLUSION................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM,
2011 U.S. Dist. LEXIS 79795 (C.D. Cal. Mar. 15, 2011)......................................5, 10

*Armour v. Network Assocs.*,
171 F. Supp. 2d 1044 (N.D. Cal. 2001) ........................................................................1

*Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF,
2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014) ....................................2, 7

*Bhojwani v. Pistiolis*, Nos. 06 Civ. 13761 (CM) (KNF) *et al.*,
2007 U.S. Dist. LEXIS 51239 (S.D.N.Y. June 26, 2007) ......................................5, 10

*Deering v. Galena Biopharma, Inc.*, Nos. 3:14-cv-00367-SI *et al.*,
2014 U.S. Dist. LEXIS 140766 ................................................................................ 13

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018)..................................................................2, 7

*In re Cheetah Mobile, Inc. Sec. Litig.*, CV 20-5696-MWF,
2021 U.S. Dist. LEXIS 6266 (C.D. Cal. Jan. 12, 2021)....................................6, 12, 13

*In re MGT Capital Invs., Inc.*, Nos. 16 Civ. 7415 (NRB),
2017 U.S. Dist. LEXIS 59130 (S.D.N.Y. Apr. 11, 2017) ........................................... 11

*Jiangchen v. Rentech, Inc.*, CV 17-1490-GW,
2017 U.S. Dist. LEXIS 222741 (C.D. Cal. May 22, 2017)....................................6, 13

*Nasin v. Hongli Clean Energy Techs. Corp.*, No. 2:17-3244 (WJM),
2017 U.S. Dist. LEXIS 192673 (D.N.J. Nov. 21, 2017) ......................................10, 11

*Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD,
2011 U.S. Dist. LEXIS 18247 (D. Idaho Feb. 24, 2011) ......................................5, 10

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ......................................................................................3

*Vataj v. Johnson*, No. 19-cv-06996-HSG,
   2020 U.S. Dist. LEXIS 21039 (N.D. Cal. Feb. 3, 2020) ............................................... 13

*Vignola v. Fat Brands, Inc.*, CV 18-7469 PSG (PLax),
   2018 U.S. Dist. LEXIS 224258 (C.D. Cal. Nov. 16, 2018) ............................. 6, 12, 13

## **Statutes**

15 U.S.C. § 78u-4(a)(1)(2)(A) ................................................................................ 4, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ................................................................................ 1

PSLRA ................................................................................................................*passim*

## **Rules**

Fed. R. Civ. P. 23 ................................................................................................ 5, 6, 10

Movant Shaulov[1] respectfully submits this Reply Memorandum of Points and Authorities in further support of his motion for consolidation of the Related Actions, appointment as Lead Plaintiff for the Class, and approval of his selection of Pomerantz and Holzer as Co-Lead Counsel for the Class (Dkt. No. 48); and in opposition to the competing motions of: (i) Paljevic (Dkt. No. 27); (ii) Santacruz (Dkt. No. 44); and (iii) Baber (Dkt. No. 23).[2]

## I.    PRELIMINARY STATEMENT

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii).   This presumption can ***only*** be rebutted by ***proof*** that the movant with the largest financial interest is atypical or inadequate.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).   Mere speculation or innuendo is insufficient to rebut this presumption.   *See*, *e.g.*, *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001).

Here, Shaulov is clearly the movant with the largest financial interest in the subject matter of this litigation, having incurred losses of roughly ***$5.6 million*** as a result of the fraud alleged in the Related Actions—a fact that no movant has disputed.

---

[1] All capitalized terms herein are defined in Shaulov's moving and opposition briefs, unless otherwise indicated. *See* Dkt. Nos. 49, 57.

[2] In addition to the three movants who filed notices of non-opposition to the competing motions prior to the opposition deadline (*see* Dkt. Nos. 53-55), one other movant, Blake, has since also filed a notice of non-opposition. *See* Dkt. No. 61.

Recognizing as much, four of the seven other movants who initially filed competing motions for Lead Plaintiff appointment in the Related Actions subsequently abandoned their motions. Only three movants—Paljevic, Santacruz, and Baber, each of whom possesses a significantly smaller financial interest in this litigation than Shaulov—continue to challenge Shaulov's appointment. These movants can only resort to meritless arguments against Shaulov's adequacy in an effort to disqualify him from consideration.

*First*, Paljevic, Santacruz and Baber argue that Shaulov has failed to make a *prima facie* showing of his adequacy because he did not provide certain biographical information—*e.g.*, his background, occupation, or investing experience—in his motion papers. *See* Dkt. No. 56 at 3-5; Dkt. No. 58 at 4-5; Dkt. No. 59 at 6-7. This argument fails. As Paljevic and Santacruz acknowledge in their opposition briefs, the requisite adequacy and typicality showing at the Lead Plaintiff appointment stage is merely *prima facie*, and the PSLRA contains no requirement to submit the kind of detailed biographical information that Paljevic and Baber claim is necessary. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014). Shaulov's proffer in his motion papers, which included a schedule of his Class Period transactions in Canoo securities and an estimate of his losses (*see* Dkt. Nos. 50-1, 50-3 at *4), more than meet this standard because they demonstrate that

he has no "conflicts of interest with other class members" and "will . . . prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).   Nevertheless, Shaulov went well beyond the requisite *prima facie* proffer in his motion papers by providing a detailed Declaration in which he attested to his understanding of this litigation and the responsibilities of a Lead Plaintiff, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to undertake to prosecute this litigation on behalf of the Class.   *See* Dkt. No. 50-4. Moreover, Shaulov has since provided a supplemental Declaration attesting to, *inter alia*, his background, occupation, and investment experience—precisely the information that the competing movants characterize as necessary to assess Shaulov's adequacy.   *See generally* Dkt. No. 62-1.[3]

**Second**, Baber and Santacruz incorrectly characterize Shaulov's Certification (Dkt. No. 50-3) as defective for several purported reasons.   Noting that the date of the Certification preceded, by one day, the date on which the first of the Related Actions— *Blake v. Canoo Inc. et al.*, 2:21-cv-02873 (the "*Blake* Action")—was filed, Baber and Santacruz argue that Shaulov's attestation in his Certification that he reviewed the "initial" complaint against the Company must be false.   Baber also argues that because

---

[3] Shaulov's supplemental Declaration (Dkt. No. 62-1) was executed on June 10, 2021 and was intended to be filed on that same date, concurrently with Shaulov's opposition brief (Dkt. No. 57).   As set forth in the Declaration of Pomerantz attorney J. Alexander Hood II, Shaulov's Declaration was not filed on June 10, 2021 due to a clerical error and was filed instead on June 16, 2021.   *See* Dkt. No. 62-2.

MEMORANDUM OF POINTS AND AUTHORITIES

3

Shaulov executed his Certification in the Republic of Cyprus, his failure to include the clause "under the laws of the United States" when he attested to submitting his Certification under penalty of perjury mandates denial of his motion. Finally, Santacruz argues that the redaction of certain information from Shaulov's Certification renders Shaulov inadequate.

None of the arguments concerning Shaulov's Certification provides any basis to deny Shaulov's motion. The PSLRA imposes no requirement that a Lead Plaintiff movant file any Certification whatsoever, let alone a Certification in any specific form—the statute only requires that the initial *plaintiff* in a PSLRA action file a Certification. *See* 15 U.S.C. § 78u-4(a)(1)(2)(A) (under the heading "Certification filed with *complaint*", requiring that "[e]ach *plaintiff* seeking to serve as a representative party . . . shall provide a signed certification . . ." (emphases added)). Even if the statute did require Shaulov to submit a Certification, the competing movants' arguments in any event lack merit. As explained in the Declaration of Marshall P. Dees, submitted herewith as Exhibit A to the accompanying Reply Declaration of Jennifer Pafiti ("Pafiti Reply Decl."), on April 1, 2021, Shaulov authorized the filing of a complaint that he and his counsel anticipated would be the first-filed—*i.e.*, the "initial" complaint against Canoo and the other Defendants, and later opted to seek appointment as Lead Plaintiff rather than filing. *See* Pafiti Reply Decl., Ex. A ¶¶ 1-2. Shaulov's attestations in his Certification on this point—and indeed, ***all*** of the attestations in his Certification—are

thus true.  The absence of the phrase "under the laws of the United States" constitutes a minor defect of the sort that courts in the Ninth Circuit routinely disregard, and certainly provides no basis for disqualifying Shaulov from appointment as Lead Plaintiff.  *See, e.g., Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at *34 (D. Idaho Feb. 24, 2011) ("minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement"); *Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 U.S. Dist. LEXIS 79795, at *44 (C.D. Cal. Mar. 15, 2011) ("the adequacy of the certificat[ion] should not be the determinative factor in selecting the lead plaintiff") (quoting *Bhojwani v. Pistiolis*, Nos. 06 Civ. 13761 (CM) (KNF) *et al.*, 2007 U.S. Dist. LEXIS 51239, at *27 (S.D.N.Y. June 26, 2007)).  The redactions to the transactions presented on Shaulov's Certification were merely a formatting choice, as the same transaction information was presented on the accompanying Schedule A (*see* Dkt. No. 50-3 at *4), whereas the location at which Shaulov executed his Certification was redacted for the sake of Shaulov's privacy.  In any event, for the avoidance of any doubt, Shaulov submits herewith a revised Certification curing the foregoing supposed defect, as well as an unredacted version of the Certification initially filed by Shaulov which demonstrates that there was no relevant information "hidden" from that Court in the initial redaction.  *See* Pafiti Reply Decl., Exs. B-C.

***Third***, Baber incorrectly asserts that Shaulov's request for approval of the Pomerantz and Holzer firms as Co-Lead Counsel somehow renders him inadequate.  Not so.  Rather, courts in this Judicial District and the Ninth Circuit routinely appoint multiple firms as Co-Lead Counsel in PSLRA actions.  *See In re Cheetah Mobile, Inc. Sec. Litig.*, CV 20-5696-MWF, at *12 (C.D. Cal. Jan. 12, 2021) (approving selection of two "well[-]qualified" firms as co-lead counsel); *Vignola v. Fat Brands, Inc.*, CV 18-7469 PSG (PLax), 2018 U.S. Dist. LEXIS 224258, at *9 (C.D. Cal. Nov. 16, 2018) (same); *Jiangchen v. Rentech, Inc.*, CV 17-1490-GW (FFMx), 2017 U.S. Dist. LEXIS 222741, at *12-*13 (C.D. Cal. May 22, 2017) (same).

Accordingly, for the reasons set forth herein and in his moving and opposition briefs (Dkt. Nos. 49, 57), Shaulov respectfully requests that the Court grant his motion in its entirety and deny the competing motions of Paljevic, Santacruz, and Baber.

## II.    ARGUMENT

### A.    Shaulov Satisfies the Adequacy Requirement of Rule 23

#### 1.    Shaulov has Provided More than Enough Information for the Court to Assess his Adequacy

Paljevic, Santacruz, and Baber argue that because Shaulov did not provide biographical information in his motion papers, beyond stating that he resides in the Republic of Cyprus, Shaulov has failed to make a *prima facie* showing of adequacy, and that this purported failure mandates denial of his motion.  *See* Dkt. No. 56 at 3-5; Dkt. No. 58 at 4-5; Dkt. No. 59 at 6-7.

This argument fails twice over. First, as at least two of the competing movants acknowledge, lead plaintiff applicants need only make a *prima facie* showing of adequacy at this stage of the litigation. *See Hessefort*, 317 F. Supp. 3d at 1060-01; *Bao*, 2014 U.S. Dist. LEXIS 111869, at *9. Here, Shaulov submitted a schedule of his Class Period transactions in Canoo securities (Dkt. No. 50-3 at *4), as well as an analysis reflecting his estimated losses incurred as a result of the alleged fraud (Dkt. No. 50-1). Accordingly, on the basis of these transactions and his estimated losses, Shaulov asserted, correctly, in his motion brief that "[t]here is no antagonism between the interests of Shaulov and those of the Class, and his significant financial interest in the outcome of this litigation gives him an incentive to vigorously prosecute fraud claims on behalf of the Class." Dkt. No. 49 at 12. This *prima facie* proffer is all that is required at this stage of the litigation.

Second, Shaulov has by now submitted a supplemental Declaration (Dkt. No. 62-1) providing ***exactly*** the information that the competing movants claim is necessary to evaluate his adequacy. Shaulov has attested, under penalty of perjury, that he is 32 years old, resides in the Republic of Cyprus, and has been investing in the securities markets for five years. *Id.* ¶ 2. Shaulov was educated in Israel, and his academic background is in business and entrepreneurship. *Id.* He is the CEO of a cybersecurity and software company. *Id.* This robust proffer, which goes well beyond that required by the PSLRA, directly addresses the competing movants' supposed concerns.

### 2.    Shaulov's Certification is not Defective

The competing movants also incorrectly assert that Shaulov is inadequate because of three purported defects in his Certification.  First, Baber and Santacruz argue that Shaulov's Certification is false because Shaulov attests therein to having reviewed the "initial complaint' in this litigation on April 1, 2021, whereas the first-filed *Blake* Action was not filed until April 2, 2021.  Second, Baber argues that the absence of the language "under the laws of the United States" from Shaulov's attestation that his Certification was made under the penalty of perjury also disqualifies Shaulov, because Shaulov signed his Certification in the Republic of Cyprus.  Third, Santacruz claims that the redaction of certain information from Shaulov's Certification also renders Shaulov inadequate.

For the reasons set forth below, none of these arguments is availing.

As an initial matter, the PSLRA contains no requirement that a movant for appointment as Lead Plaintiff submit any Certification whatsoever, let alone imposes any requirements for a Lead Plaintiff Certification.  The PSLRA clearly states, under the heading "Certification filed with ***complaint***", that "[e]ach ***plaintiff*** seeking to serve as a representative party . . . shall provide a signed certification . . .."  15 U.S.C. § 78u-4(a)(1)(2)(A) (emphases added).  Because Shaulov is not a plaintiff who filed in a complaint, he was under no obligation to file any Certification, and the PSLRA thus does not impose any requirements applicable to the Certification that Shaulov opted to file.

Even assuming *arguendo* that the PSLRA did require Shaulov to submit a Certification, none of the supposed defects identified by Baber and Santacruz has any bearing on Shaulov's adequacy. First, Shaulov's attestation that he reviewed "the initial complaint" in this litigation prior to the filing of the first of the related actions is ***not*** false. The Pomerantz and Holzer firms were actively preparing to file a securities class action complaint on behalf of Canoo investors prior to the filing of the *Blake* Action. *See* Pafiti Decl., Ex. A ¶ 2. On April 1, 2021, after Shaulov contacted the Holzer firm via email regarding the firm's investigation of Canoo, Dees sent Shaulov via email a draft complaint, which contained allegations substantively similar to those in the complaint that was shortly filed thereafter in the *Blake* Action. *Id.* Dees then separately caused a Certification to be sent to Shaulov via email. *Id.* Later that day, after both a complaint and Certification had been sent to Shaulov via email, Shaulov returned via email an executed Certification, attesting that he had "reviewed the initial complaint filed in this action"—*i.e.*, the complaint that Shaulov, Holzer and Pomerantz anticipated would shortly thereafter be filed on Shaulov's behalf, which at that point in time was expected to be the first—that is, the "initial"—complaint filed on behalf of Canoo investors. *Id.*

After the filing of the *Blake* Action, which occurred before the complaint that Shaulov had authorized could be filed, it was apparent that Shaulov's losses were significantly larger than those of the plaintiff in the *Blake* Action. *Id.* ¶ 3. Accordingly,

it appeared that Shaulov might be a competitive candidate for appointment as Lead Plaintiff pursuant to the PSLRA. *Id.* Thus, rather than filing a complaint against Canoo as originally intended, Shaulov opted instead to file a motion seeking appointment as Lead Plaintiff on the statutory motion deadline. *Id.*

Shaulov's attestation regarding his review of a complaint, executed on April 1, 2021, is thus true, as are *all* of the attestations in Shaulov's Certification.

Second, the absence of the "under the laws of the United States" language in Shaulov's attestation that his Certification was made under the penalty of perjury is hardly the disqualifying omission that Baber incorrectly claims. Even if the relevant statute calls for such specific language, courts generally do not consider such minor errors to be evidence of a lead plaintiff movant's inadequacy. *See, e.g., Niederklein*, 2011 U.S. Dist. LEXIS 18247, at *34 ("minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement"); *Andrade*, 2011 U.S. Dist. LEXIS 79795, at *44 ("the adequacy of the certificat[ion] should not be the determinative factor in selecting the lead plaintiff") (quoting *Bhojwani*, 2007 U.S. Dist. LEXIS 51239, at *27).

The only authority that Baber cites in support of his argument, *Nasin v. Hongli Clean Energy Techs. Corp.*, No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673 (D.N.J. Nov. 21, 2017), is plainly inapposite. There, the issue was *not* that movants located outside of the United States submitted Certifications that attested to having been

made under penalty of perjury without specifying "under the laws of the United States." Rather, the movants in *Nasin* submitted Certifications that lacked ***any*** attestation to having been made under penalty of perjury, merely stating that the statements therein "are, to the best of my knowledge, true and correct statements." *See Nasin v. Hongli Clean Energy Techs. Corp.*, 2:17-cv-03244 (D.N.J.), Dkt. Nos. 7-3 at *1; 7-4 at *1. Here, by contrast, Shaulov's Certification unequivocally states: "I declare ***under penalty of perjury*** that the foregoing is true and correct." Dkt. No. 50-3 at *3 (emphasis added).

Third, the redaction of certain information from Shaulov's Certification has no bearing on his adequacy. Shaulov's transaction history in Canoo securities was redacted from his Certification purely for the sake of formatting clarity. Because a schedule of Shaulov's transactions was appended to his Certification on a separate page, the transactions that Shaulov recorded on his Certification were redacted, rather than risk confusion by presenting information that might otherwise appear duplicative to the Court. Considering precisely this issue in *In re MGT Capital Invs., Inc.*, Nos. 16 Civ. 7415 (NRB), 2017 U.S. Dist. LEXIS 59130 (S.D.N.Y. Apr. 11, 2017), the court "reject[ed]" an "attempt [by a competing movant] to find something nefarious in the choice of [movant's] counsel to redact the latter's transactions in MGT stock from the face of his certification and instead include the transactions on a separate attached page" after "[movant's] counsel provided a benign explanation for this choice—a desire to present [movant's] transactions clearly". *Id.* at *9. The specific location at which

Shaulov signed his Certification was redacted purely for the sake of Shaulov's privacy. Santacruz's supposed objections to this redaction are especially puzzling, considering that Santacruz's counsel *also* redacted all information regarding Santacruz's location from the face of Santacruz's Certification, presumably for the same reason. *See* Dkt. No. 46 at *9.

Nevertheless, to allay any potential concerns and to cure any perceived defects in his original Certification, Shaulov submits herewith both the unredacted version of the Certification initially filed by Shaulov in support of his Lead Plaintiff Motion, as well as a revised Certification in which he expressly attests that all statements made therein are true and correct "under penalty of perjury *under the laws of the United States*". *See* Pafiti Decl., Exs. B-C.

### 3.    Shaulov's Selection of Two Law Firms as Co-Lead Counsel does not Render him Inadequate

Finally, Baber incorrectly claims that Shaulov has further demonstrated his adequacy by designating two law firms, Pomerantz and Holzer, as his proposed Co-Lead Counsel. Not so. Courts in this Judicial District routinely appoint two firms as co-lead counsel in PSLRA actions. *See*, *e.g.*, *In re Cheetah Mobile, Inc. Sec. Litig.*, CV 20-5696-MWF, 2021 U.S. Dist. LEXIS 6266, at *12 (C.D. Cal. Jan. 12, 2021) (approving selection of two "well[-]qualified" firms as co-lead counsel); *Vignola v. Fat Brands, Inc.*, CV 18-7469 PSG (PLax), 2018 U.S. Dist. LEXIS 224258, at *9 (C.D. Cal. Nov. 16,

2018) (same); *Jiangchen v. Rentech, Inc.*, CV 17-1490-GW (FFMx), 2017 U.S. Dist. LEXIS 222741, at \*12-\*13 (C.D. Cal. May 22, 2017) (same).

The Pomerantz and Holzer firms have a working relationship that predates this litigation. The firms are currently serving as co-lead counsel together in PSLRA actions, including *In re Neovasc Inc. Sec. Litig.,* 7:20-cv-9313 (S.D.N.Y), *Kendall v. Odonate Therapeutics, Inc., et al.,* 3:20-cv-1828 (S.D. Cal.), and *Luczak v. National Beverage Corp., et al.,* 0:18-cv-61631 (S.D. Fla.). The firms have demonstrated their capability to prosecute this action together efficiently and without duplication of effort as evidenced by the recent successful resolution of *Enriquez v. Nabriva Therapeutics PLC et al.,* 1:19-cv-4183 (S.D.N.Y.).

Baber's purported concerns about the appointment of two firms as Co-Lead Counsel in this litigation are surprising, considering that Baber's counsel, The Rosen Law Firm, P.A. ("Rosen"), has repeatedly moved, successfully, for appointment as Lead Plaintiff in prior PSLRA actions in this Judicial District and in the Ninth Circuit—including several times with Pomerantz. *See*, *e.g.*, *Cheetah Mobile*, 2021 U.S. Dist. LEXIS 6266, at \*12 (appointing Rosen and Pomerantz as Co-Lead counsel); *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039, at \*8-\*9 (N.D. Cal. Feb. 3, 2020) (same); *Deering v. Galena Biopharma, Inc.*, Nos. 3:14-cv-00367-SI *et al.*, 2014 U.S. Dist. LEXIS 140766, at \*35-\*36 (same); *Vignola*, 2018 U.S. Dist. LEXIS 224258, at \*9 (appointing Rosen and Kaskela Law LLC as Co-Lead Counsel).

## III.   CONCLUSION

For the foregoing reasons, and for those set forth in Shaulov's moving and opposition briefs (Dkt. Nos. 49, 57), Shaulov respectfully requests that the Court issue an Order granting Shaulov's motion in full and denying the competing motions.

Dated:  June 17, 2021

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

HOLZER & HOLZER, LLC
Corey D. Holzer
(*pro hac vice* application forthcoming)
1200 Ashwood Parkway, Suite 410
Atlanta, Georgia 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com

*Counsel for Movant Vladi Shaulov and Proposed Co-Lead Counsel for the Class*

CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti