Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | Case No. 2:21-cv-02873-FMO-JPR<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF JAMES BABER**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Fernando M. Olguin<br>Hearing Date: July 1, 2021<br>Time: 10:00 a.m.<br>CTRM: 6D – First Street Courthouse |

[Additional captions on next page]

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF MOTION OF JAMES BABER
Case No. 2:21-cv-02873-FMO-JPR

| JUSTIN KOJAK, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEIL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:21-cv-02879-FMO-JPR <br><br> CLASS ACTION <br><br> JUDGE: Fernando M. Olguin |
|---|---|---|
| JEFF TYLER, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:21-cv-03080-FMO-JPR <br><br> CLASS ACTION <br><br> JUDGE: Fernando M. Olguin |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF MOTION OF JAMES BABER
Case No. 2:21-cv-02873-FMO-JPR

Movant James Baber ("Mr. Baber" or "Movant") respectfully submits this reply memorandum of points and authorities in further support of his lead plaintiff motion. (Dkt. No. 23).

Mr. Baber, as explained in his opening and opposition briefs, is a sophisticated investor in Georgia with over 30 years of investing experience. (Dkt. Nos. 24 at 7; 58 at 1, 8). Mr. Baber lost $215,339.97. (Dkt. No. 25-3). Indeed, no lead plaintiff movant before the Court has challenged Mr. Baber's adequacy or typicality.

The three remaining competing movants that claim larger losses than Mr. Baber are inadequate, atypical, and/or inflated their losses.

## I.    MR. SHAULOV IS INADEQUATE AND ATYPICAL

As explained in Mr. Baber's opposition, Mr. Shaulov is inadequate and atypical because he submitted a defective certification. His certification did not contain the correct "under penalty of perjury" language as required by 28 U.S.C.A. § 1746(1). The certification also contained unexplained redactions and, despite being signed prior to any lawsuits being filed, stated that Mr. Shaulov "reviewed the initial complaint."

Mr. Shaulov's opposition does nothing to rehabilitate his defective motion. Mr. Shaulov claimed he provided a declaration containing further background information with his opposition. (Dkt. No. 57 at 6-7). No such declaration was filed with the opposition. Instead, Mr. Shaulov's declaration (Dkt. No. 62-1) was filed on the evening of June 16, 2021, affording Mr. Baber mere hours to attempt to vet Mr. Shaulov's adequacy and typicality. These missteps further demonstrate Mr. Shaulov's inadequacy to protect the interests of the class. *Micholle v. Ophthotech Corporation*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018)

1

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF MOTION OF JAMES BABER
Case No. 2:21-cv-02873-FMO-JPR

(finding errors in movant's submissions militate against appointment and render movant inadequate to serve as lead plaintiff); *Bhojwani v. Pistiolis*, 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) (rejecting lead plaintiff movant whose repeated errors in opening, response, and reply papers indicated a "certain carelessness" that undermined movant's adequacy).

Furthermore, Mr. Shaulov's declaration is too little too late.  *E.g., Perez v. HEXO Corp.*, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) (rejecting lead plaintiff movant because he provided no background information with his opening papers and provided such information in later rounds of briefing); *see, also, Wasa Medical Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *4 (S.D. Cal. Feb. 12, 2021) (rejecting lead plaintiff movant because she provided vague background information that did not quell the court's concerns regarding her adequacy to assume the role of lead plaintiff).

Additionally, Mr. Shaulov's social media posts demonstrate that he is unfit to serve as lead plaintiff.  On April 1, 2021, before any class action lawsuits were filed against Canoo, Mr. Shaulov posted on his Twitter account: "At this moment, there are 2 class-action lawsuits from 2 large legal firms, and I see no reason why I shouldn't join in for the lawsuit against you and claim my funds back."[1]  It is unclear what two lawsuits from which two "large legal firms" Mr. Shaulov is referencing. What is clear is that Mr. Shaulov believed that there were lawsuits pending, when in fact no such lawsuits were filed at the time.

Moreover, on April 21, 2021, Mr. Shaulov posted on Twitter that he was currently "holding 770k shares" of Canoo.[2]  Yet the transaction information

---

[1] https://twitter.com/vladishaulov/status/1377598618719416322
[2] https://twitter.com/vladishaulov/status/1384867052159184896

2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF JAMES BABER
Case No. 2:21-cv-02873-FMO-JPR

included in Mr. Shaulov's sworn certification dated April 1, 2021 and loss chart indicates that he held only 638,099 shares.[3]    Mr. Shaulov's claim that he held 770,000 shares on April 21, 2021 is troubling.    If true, it means that he purchased nearly 140,000 Canoo shares after the fraud was disclosed on March 29, 2021. Courts have held that lead plaintiff movants are atypical or inadequate when they purchase significant amount of stock after the fraud has been disclosed.   *E.g., Erickson v. Snap, Inc.*, 2017 WL 11592635, at *3 (C.D. Cal. Sep. 18, 2017) (rejecting lead plaintiff movant with largest financial interest because he made a disproportionately large percentage of his purchases after the disclosure); *George v. China Automotive Systems, Inc.*, 2013 WL 3357170, at *6 (S.D.N.Y. July 3, 2013) (holding that plaintiffs that made post-disclosure purchases are subject to unique defenses and therefore atypical); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 237–41 (E.D.N.Y. Aug. 29, 2011) (refusing to appoint movant as lead plaintiff because it was subject to unique defenses).

If Mr. Shaulov lied about holding 770,000 shares as of April 21, 2021, then his public dishonestly disqualifies him from being lead plaintiff – particularly given that his public tweet was made after he signed his PSLRA certification and presumably joined this case. *See, Andrade v. American Apparel, Inc.*, 2011 WL 13131110, at *3 (C.D. Cal. Jan. 21, 2011) (honesty and trustworthiness are relevant factors in determining the fitness of a lead plaintiff); *Xianglin Shi v. Sina Corp.*, 2005 WL 1561438, at *4 (S.D.N.Y. July 1, 2005) (holding that convictions of fraud

---

[3] Mr. Shaulov purchased 1,076,508 shares during the class period.  Between March 17, 2021 and April 20, 2021, he sold 438,409 shares.  As of April 21, 2021, his reported net shares were 638,099 shares.  (Dkt. No. 50-1, 50-3).

3

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF MOTION OF JAMES BABER
Case No. 2:21-cv-02873-FMO-JPR

or other forms of dishonesty undermine the qualifications of a potential representative, and refusing to appoint a movant group for such reasons).

In sum, Mr. Shaulov is inadequate and atypical and should be rejected.

## II.    MR. PALJEVIC IS INADEQUATE AND ATYPICAL

Mr. Paljevic's opposition is silent on his high frequency trading.  Mr. Paljevic conducted thousands of trades during a two-month period.  (Dkt. No. 27-4).  Day traders are routinely precluded from serving as a lead plaintiff due to their atypicality.  *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at \*11 (N.D. Cal. Aug. 22, 2008) (finding a day trader atypical from the class "because the class's damages stem from reliance upon the company's financial statements, not upon daily market volatility");  *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at \*4 (D. Ariz. Apr. 7, 2008) (finding day trader atypical because such trading "belies any true reliance on company reports or even on the integrity of the stock price itself");  *In re Opnext, Inc. Sec. Litig.,* 2008 WL 3285732, at \*3 (D.N.J. Aug. 7, 2008) (finding movant atypical because "[d]ay trading is not commensurate with the manner in which the typical class member sustained alleged losses").

In addition to being atypical, day traders are inadequate as they are subject to unique defenses.  *Applestein v. Medivation, Inc.*, 2010 WL 3749406, at \*3 (N.D. Cal. Sep. 20, 2010) (noting that "day-traders 'typically focus[] on technical price movements rather than price,' and therefore are subject to a defense [] they would have purchased the stock at issue 'regardless of the misstatement/omission.'") (citing *In re Safeguard Scientifics*, 216 F.R.D. 577, 583 (E.D. Pa. 2003)); *In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 95 (S.D.N.Y. 2004) (defendants argued that proposed class representatives were day traders and therefore could not

4

avail themselves of a presumption of reliance on stock prices or the integrity of the market).

In sum, Mr. Paljevic is inadequate and atypical and should be rejected.

## III. MR. BABER HAS A LARGER FINANCIAL INTEREST THAN MR. SANTACRUZ

Contrary to his opening and opposition papers (Dkt. Nos. 44; 59), Mr. Santacruz does not have a larger financial interest than Mr. Baber. Mr. Santacruz inflated his losses by crediting losses on sales he made prior to the March 29, 2021 corrective disclosure. (Dkt. No. 46 at 12-13). Excluding such losses, Mr. Santacruz's LIFO[4] losses are $98,480.06, compared to Mr. Baber's losses of $215,339.97. (Dkt. No. 58-1). Therefore, Mr. Baber has a larger financial interest than Mr. Santacruz.

\* \* \*

Because the movants claiming larger financial interests than Mr. Baber are inadequate, atypical, and/or inflated their financial interest, Mr. Baber is the presumptive lead plaintiff. No movant has challenged his adequacy and typicality.

---

[4] Courts in this circuit use the Last In First Out ("LIFO") method to calculate largest financial interest. *Richardson v. TVIA*, 2007 WL 1129344 at \* 4 (N.D. Cal. Apr. 16, 2007) (citing cases); *Ferreira v. Funko, Inc.*, 2020 WL 3246328, at \*5 (C.D. Cal. June 11, 2020) ("Courts in the Ninth Circuit tend to employ [. . .] a 'last in, first out ('LIFO') methodology.' ") (citations omitted); *In re Cheetah Mobile, Inc. Securities Litigation*, 2021 WL 99635, at \* 3 (C.D. Cal. Jan. 12, 2021) (Giving LIFO the greatest weight in calculating largest financial interest).

5

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF JAMES BABER
Case No. 2:21-cv-02873-FMO-JPR

As such, his motion should be granted in its entirety and the competing motions should be denied.

Dated: June 17, 2021          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

6

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF JAMES BABER
Case No. 2:21-cv-02873-FMO-JPR

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of the Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, California. I am over the age of eighteen.

On June 17, 2021, I electronically filed the following **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF JAMES BABER** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on June 17, 2021.

/s/ Laurence Rosen
Laurence M. Rosen

7