**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Jeffrey Paljevic*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | No.: 2:21-cv-02873-FMO (JPRx)<br><br>**JEFFREY PALJEVIC'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Hon. Fernando M. Olguin<br>Date: July 1, 2021<br>Time: 10:00 a.m.<br>Courtroom #6D |

*Caption continued on next page*

| | |
|---|---|
| JUSTIN KOJAK, Individually and on Behalf of All Others Similarly Situated, | No.: 2:21-cv-02879-DSF (PVCx) |
| | Judge: Hon. Dale S. Fischer |
| Plaintiff, | |
| v. | |
| CANOO INC. f/k/a HENNESSY CAPITAL ACQUISITION CORP. IV, ULRICH KRANZ, TONY AQUILA, DANIEL J. HENNESSY, NICHOLAS A. PETRUSKA, BRADLEY BELL, PETER SHEA, RICHARD BURNS, JAMES F. O'NEIL III, JUAN CARLOS MAS, GRETCHEN W. MCCLAIN, and GREG ETHRIDGE, | |
| Defendants. | |
| JEFF TYLER, Individually and on Behalf of All Others Similarly Situated, | No.: 2:21-cv-03080- FMO (JPRx) |
| | Judge: Hon. Fernando M. Olguin |
| Plaintiff, | |
| v. | |
| CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, | |
| Defendants. | |

## **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   ARGUMENT ........................................................................................ 2

    A.   Mr. Paljevic is the Presumptive Lead Plaintiff. .......................... 2

    B.   Competing Movants Have Failed to Rebut the Presumption in Mr. Paljevic's Favor. ....................................................................... 4

    C.   Mr. Shaulov Has Failed to Timely Demonstrate His Adequacy Under Rule 23. ........................................................................... 6

III.  CONCLUSION ..................................................................................... 6

## I.    PRELIMINARY STATEMENT

With over $364,680 in losses, Mr. Paljevic is the movant with the largest financial interest that otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23"). He is, therefore, presumptively the "most adequate plaintiff" to lead this litigation under the PSLRA. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *In re Zynga Inc. Secs. Litig.*, No. C 12-04007 JSW, 2013 U.S. Dist. LEXIS 9314, at *4-5 (N.D. Cal. Jan. 23, 2013) ("A straightforward application of the statutory scheme provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case.").

With the largest financial interest in the outcome of the Actions and having made the *prima facie* showing of his typicality and adequacy, Mr. Paljevic is entitled to the rebuttable presumption afforded to him as the "most adequate plaintiff". None of the competing movants have rebutted the presumption because no actual proof was provided that Mr. Paljevic is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Rather than submitting proof, competing movant Santacruz relies on mere speculative assertions regarding Mr. Paljevic's background. As detailed in his opening motion, sworn certification, and opposition, Mr. Paljevic, a sophisticated professional investor, possesses a degree in finance with a minor in accounting, and has been investing in securities for over six years. *See* ECF Nos. 27-1 Opening Brief; 27-3 Paljevic Certification ("Paljevic Cert."); and 56 Paljevic Opposition ("Paljevic Opp.")   He easily met the preliminary showing of Rule 23 necessary to be appointed lead plaintiff.

Further, competing movants Santacruz and Barber categorize Mr. Paljevic as a "day trader", yet he often purchased Canoo shares and held them for weeks or even months at a time, and is still holding a significant amount of Canoo shares. *See* ECF Nos. 27-3 Paljevic Cert., and 27-4, Loss Chart.  Out of the 223-day long class

period, Mr. Paljevic only traded on 23 days and stopped trading over a month before the class period ended while retaining long positions. *Id.* Mr. Paljevic **retained over 53,000 shares at the end of the Class Period,** more than any other shareholder aside from the disqualified Shaulov, all of which were **purchased at least a month or more** prior.  Moreover, the competing movants make speculative arguments that Mr. Paljevic's trading strategy was based upon daily market volatility making him atypical of the class. Yet, "[t]he Ninth Circuit has held that day traders suffer as do other traders under fraud-on-the-market theory. Many  districts  courts  that  have considered  the  issue  or  surveyed  case  law  have largely concluded that day traders may serve as class representatives[.]" *Serafimov v. Netopia, Inc.,* No. C-04-03364 RMW, 2004 U.S. Dist. LEXIS 25184, at *17-18 (N.D. Cal. Dec. 3, 2004).

As predicted, Mr. Shaulov on opposition, attempts to cure his failure to make a preliminary  showing  of  adequacy  in  his  opening  motion  by  providing  a declaration containing background information. As explained in Mr. Paljevic's opposition, the Court should not consider the information provided on opposition, as it is untimely, and find Mr. Shaulov inadequate to serve as lead counsel. *See* ECF No. 56 at 3.

Since Mr. Paljevic possesses the next largest financial interest in the Action after Mr. Shaulov, he is entitled to the lead plaintiff presumption. Without actual proof from the other movants to show that Mr. Paljevic is atypical or inadequate, the Court should grant his motion in its entirety.

## II.    ARGUMENT

### A.    Mr. Paljevic is the Presumptive Lead Plaintiff.

The presumptive "most adequate plaintiff" to lead a litigation under the PSLRA is the movant with the largest financial interest that otherwise satisfies the typicality and adequacy prongs of Rule 23. 15  U.S.C.  §  78u-4(a)(3)(B)(iii). As evidenced in his opening motion and opposition brief, Mr. Paljevic is the presumptively  most  adequate  plaintiff  because  he  filed  a  timely  motion,  has

the largest financial interest in the relief sought by the class, and satisfies the requirements of Rule 23. *Id*. Neither Santacruz nor Barber challenge that Mr. Paljevic has the largest financial interest in the Action following the disqualified Shaulov.

A lead plaintiff satisfies the adequacy requirement of Rule 23 by showing that: (1) his chosen counsel is qualified to represent the class; (2) there is no conflict between the lead plaintiff and the Class he seeks to represent; and (3) the lead plaintiff has a sufficient interest to ensure vigorous advocacy. In response to recent caselaw requiring lead plaintiff movants provide additional background information to establish that conflicts between a movant and the class are not present, Mr. Paljevic provided information in his sworn certification evidencing that he is a sophisticated, educated investor. *See* ECF No. 27-3, Paljevic Cert. Mr. Paljevic resides in Rego Park, New York, possesses a bachelor's degree in finance with a minor in accounting from Hofstra University, is a professional investor, and has been investing in securities for six years. *Id.* This information proves his adequacy, and has provided the Court, the Class, and competing lead plaintiff movants substantial information so they may determine if Mr. Paljevic has conflicts with the Class.

This is further evidenced by the fact that movant Santacruz was able to "investigate" Mr. Paljevic using the information provided but has failed to evidence a conflict Mr. Paljevic has with the Class (because one does not exist). Instead, Santacruz requests that the Court delineate from the very straightforward process set out in *Cavanaugh* and compare lead plaintiff movants by means other than financial interest. *In re Cavanaugh*, 306 F.3d at 732. Santacruz pointing out that Mr. Paljevic is "a 24-year-old recent college graduate with no discernable employment" or that he did not provide a declaration in support of his motion is of no consequence. Mr. Paljevic has signed a sworn PSLRA certification stating that he is willing to act as a class representative, has been trading in securities longer

than Santacruz, and his education in finance and accounting directly correlates with understanding matters in this type of complex litigation. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, *even if the district court is convinced that some other plaintiff would do a better job.*" *Id*. (emphasis added).  As the leading Ninth Circuit authority has observed, "this is not a beauty contest". *Id.* Sufficient proof beyond mere speculation that a lead plaintiff cannot fairly and adequately protect the interests of the Class must be provided to overcome the lead plaintiff presumption. *In re Diamond Foods, Inc., Sec. Litig*., 281 F.R.D. 405, 412 (N.D. Cal. 2012). Barber and Santacruz has failed to provide that proof.

### B.    Competing Movants Have Failed to Rebut the Presumption in Mr. Paljevic's Favor.

Mr. Paljeciv is entitled to the presumption as the "most adequate plaintiff" and it can only be rebutted upon proof by a class member that he "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh,* 306 F.3d at 741. Competing movants have failed to rebut the presumption in Mr. Paljevic's favor.

Recognizing that they do not possess the largest financial interest, movants Santacruz and Barber make speculative assertions against Mr. Paljevic. Specifically, they attack Mr. Paljevic's typicality for being a "day trader", arguing that his trading pattern is atypical of the Class. *See* ECF Nos. 58 at 7; 59 at 16-17. These arguments are erroneous. By taking a closer look at his trading, it can be seen that many of Mr. Paljevic's transactions in Canoo occurred in connection with positive public statements made by the Company, demonstrating Mr. Paljevic was relying on the Company's statements and his expectation that the Canoo stock price would increase. For example, he traded on December 22, 2020, following the December 21, 2020 announcement of the completion of the business combination

with Canoo Holdings Ltd. and the filling of a Form 8-K with the SEC and he traded on January 14, 2021 following the Company's filing of a Form 8-K with the SEC and a press release touting its "unique business model". *See* ECF No. 1 at ¶¶ 28-30. Further, Mr. Paljevic only traded on 23 of the 223 days in the Class Period and stopped trading more than a month before the end of the Class Period. In fact, Mr. Paljevic held long positions in Canoo stock at the end of the Class Period and, as a result, was injured in precisely the same way as other members of the Class.

Courts throughout the Ninth Circuit, and across the country have found shareholders with similar trading patterns to be typical of the class and able to adequately represent class members. *See Schueneman v. Arena Pharms., Inc.,* No. 10CV1959 BTM BLM, 2011 U.S. Dist. LEXIS 87373, at *22-23 (S.D. Cal. Aug. 8, 2011) ("a plaintiffs status as a purported day trader is not enough in and of itself to rebut the presumption of adequacy [...] [a]bsent evidence that the [lead plaintiff] did not rely on the market price of the shares") (collecting cases); *In re Zynga Inc. Secs. Litig.,* 2013 U.S. Dist. LEXIS 9314, at *6 ("whether [plaintiff] is a day trader is inconsequential to his request to be appointed lead plaintiff."); *Ruland v. InfoSonics Corp.,* at *16 (S.D. Cal. Oct. 23, 2006) (ignoring "in-and-out" trader's losses or gains where one corrective disclosure is alleged and finding him typical); *Serafimov v. Netopia, Inc.,* No. C-04-03364 RMW, 2004 U.S. Dist. LEXIS 25184, at *17-18 (N.D. Cal. Dec. 3, 2004) ("The Ninth Circuit has held that day traders suffer as do other traders under fraud-on-the-market theory. Many districts courts that have considered the issue or surveyed case law have largely concluded that day traders may serve as class representatives"); *Cf OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,* 63 F. Supp. 3d 394, 410 (D. Del. 2014) ("Absent actual evidence that plaintiff did not rely on market price, the characterization of the presumptive lead plaintiff as a "day trader" does not prove that the presumptive lead plaintiff "is subject to a unique defense to rebut the presumption."") (collecting cases); *Stoopler v. Direxion Shares ETF Trust,* No. 09-cv-8011-RJH, U.S. Dist.

LEXIS 82296, at *13 (S.D.N.Y. Aug. 12, 2010) (appointing a "day trader" noting "he purchased and held a large number of shares over a longer time period, and therefore suffered the same types of losses . . . as non-day-traders.").

As such, Barber and Santacruz have failed to demonstrate that Mr. Paljevic is atypical or inadequate.

**C.   Mr. Shaulov Has Failed to Timely Demonstrate His Adequacy Under Rule 23.**

Mr. Shaulov attempts to cure his failure to demonstrate his adequacy by filing a declaration on opposition. But as explained in Mr. Paljevic's opposition brief, it was Mr. Shaulov's burden under Rule 23 to make a preliminary showing of adequacy *in his opening motion* at the time he sought appointment. Mr. Shaulov failed to meet his burden and now that ship has sailed.  *See* ECF No. 56 at 3; *see also Camp v. Qualcomm Inc.,* 2019 U.S. Dist. LEXIS 10269, (S.D. Cal. Jan. 22, 2019) (declining to appoint individual with largest financial interest as lead plaintiff in light of his failure "to include any basic details about himself" even though information was provided in opposition); *Perez v. HEXO Corp.,* 2020 U.S. Dist. LEXIS 32381, at *7 (S.D.N.Y. Feb.  25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.,* 2020 U.S. Dist. LEXIS 166312 (S.D.N.Y. Sept. 11, 2020) ("Indeed, given Wong's failure to provide any information regarding his experience in his preliminary motion, the Court questions whether Wong will meaningfully oversee and control the prosecution of this consolidated class action."); *Karp v. Diebold Nixdorf, Inc.,* 2019 U.S. Dist. LEXIS 188670, at *13-18 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, 2019 U.S. Dist. LEXIS 210109 (S.D.N.Y. Dec. 5, 2019) (declining to appoint individual investor movants as lead plaintiff where movants had, *inter alia*, failed to make a preliminary showing of adequacy under Rule 23). Accordingly, Mr. Shaulov is not adequate.

**III.   CONCLUSION**

For the foregoing reasons, Mr. Paljevic respectfully requests that the Court

grant his Motion and enter an order: (1) consolidating the Actions; (2) appointing Mr. Paljevic as Lead Plaintiff; and (3) approving Levi & Korsinsky as Lead Counsel for the Class.

Dated: June 17, 2021

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Lead Counsel for Movant Jeffrey Paljevic and [Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On June 17, 2021, I electronically filed the following **JEFFREY PALJEVIC'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on June 17, 2021.

/s/ Adam M. Apton
Adam M. Apton