Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

David A. Klein (SBN 273925)
david.klein@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

*Attorneys for Defendants Canoo Inc., Tony Aquila, Ulrich Kranz, and Paul Balciunas*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | CASE No. 2:21-CV-02873-FMO-JPR<br><br>**(Consolidated)**<br><br>Case No. 2:21-CV-02879-FMO-JPR<br><br>Case No. 2:21-CV-03080-FMO-JPR<br><br>**DEFENDANTS CANOO INC., TONY AQUILA, ULRICH KRANZ, AND PAUL BALCIUNAS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Hearing Date: July 28, 2022 (Pursuant to Briefing Schedule, *see* Dkt. 73)<br>Time: 10:00 a.m.<br>Judge: Hon. Fernando M. Olguin<br>Courtroom.: 6D |

## **INTRODUCTION**

Defendants Canoo Inc., Tony Aquila, Ulrich Kranz, and Paul Balciunas ("Defendants") hereby request that the Court take judicial notice of, or otherwise consider as permitted by law, the following Exhibits attached to the concurrently filed Declaration of David A. Klein ("Exhibits"):

- SEC filings and a transcript of Canoo's March 29, 2021 FQ4 2020 earnings conference call extensively quoted in Lead Plaintiff's Consolidated Amended Complaint ("AC") and upon which Plaintiff bases his claims (Exhibits 2-3, 8-11, 13-16, and 18-20, collectively, the "AC Exhibits");
- A December 2, 2020 transcript of a Credit Suisse conference that was publicly available to investors during the class period alleged in the AC (Exhibit 12);
- Publicly available press releases issued by law firms, including Plaintiff's counsel (Exhibits 4-7, collectively the "Law Firm Press Release Exhibits");
- A document reflecting Canoo's public stock prices (Exhibit 19); and
- A chart summarizing AC allegations and statements in SEC filings referenced in the AC as well as points made in Defendants' concurrently filed Memorandum of Points and Authorized in Support of their Motion to Dismiss (Exhibit 1).

## **ARGUMENT**

A motion to dismiss under Rule 12(b)(6) is generally directed to whether the complaint, as pleaded, assuming its non-conclusory allegations to be true, states a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matter of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Federal Rules of Evidence permit the Court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "(1) generally

known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Additionally, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Ritchie*, 342 F.3d at 908; *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (when complaint alleges the contents of documents or plaintiff's claim depends on the contents of documents, a court may consider such documents under the "incorporation by reference doctrine" if its authenticity is unquestioned and defendant attaches document to motion to dismiss).

*First*, the Court may consider the AC Exhibits.  The Court may properly take judicial notice of SEC filings and documents expressly referenced in the AC "without converting the motion to dismiss to one for summary judgment."  *See, e.g.*, *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003); *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008) ("Defendants sought judicial notice for . . . publicly available financial documents, including a number of . . . SEC filings.  In its dismissal order, the court granted Defendants' unopposed requests for judicial notice. . . . which in any event was proper."); *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) ("Courts can consider securities offerings and corporate disclosure documents that are publicly available.").  Plaintiff's AC extensively quotes from each of the AC Exhibits, which are publicly available SEC filings and a transcript of Canoo's Q4 2020 earnings call.  *See* AC ¶¶ 62, 64-69, 72, 74, 76-77, 80-82, 84-87, 90, 93, 95, 97-98, 100, 107-119, 175-176, 191-192, 197.  Moreover, Plaintiff bases his claims that Defendants allegedly made false or misleading statements on the statements made in the AC Exhibits.  The authenticity of the AC exhibits is unquestionable.  Accordingly, the Court should take judicial notice of, or otherwise consider, the AC Exhibits.

*Second*, in securities cases, judicial notice "of information that was publicly

2

available to reasonable investors at the time the defendant made the allegedly false statements" is appropriate. *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004); *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008) (taking judicial notice of analyst reports relevant to show "whether and when information was provided to the market"). Exhibit 12 is a publicly available transcript from a Credit Suisse Industrials Conference that included a question and answer session with Defendant Paul Balciunas regarding Canoo's business. As the information reflected in Exhibit 12 was available to reasonable investors during the alleged class period—August 18, 2020 to March 29, 2021—and the accuracy of the source cannot reasonably be questioned, the December 2, 2020 transcript is the proper subject for judicial notice. In particular, the Court may take judicial notice of the fact that as reflected in the transcript, during the December 2, 2020 conference, Balciunas stated: "So, on the Hyundai side, . . . what we've done is concept engineering today . . . . ***We hope that this relationship will continue*** into, call it a Phase 2 and Phase 3. . . . ***But we're not there yet. Right now, we've just completed Phase 1 and we're currently in Phase 2 discussions***." Ex. 14 at 12 (emphasis added).

***Third***, a court can take judicial notice of "press releases, or contents of a website, when they are 'matters of public record.'" *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 129 F. Supp. 3d 1012, 1021 (D. Or. 2015); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004) (courts "may take judicial notice of press releases"). Accordingly, the Court may take judicial notice of the Law Firm Press Release Exhibits.

***Fourth***, "a court may take judicial notice of a company's published stock prices." *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d at 816. Therefore, the Court may take judicial notice of Exhibit 19, which reflects Canoo's stock prices.

***Finally***, with respect to Exhibit 1, where the underlying documents are properly subject to judicial notice, courts may also take judicial notice of a chart summarizing those documents. *See Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015); *see also* Fed. R. Evid. 1006 (permitting use

3

of "summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs"). Exhibit 1 is derived from court filings, the AC and Defendants' concurrently filed Memorandum of Points and Authorities in Support of their Motion to Dismiss, which are proper subjects for judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (courts "may take judicial notice of court filings"). Exhibit 1 is also derived from statements in lengthy SEC filings referenced and relied upon in the AC, of which the Court may take judicial notice. Accordingly, the Court may take judicial notice of Exhibit 1.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court may properly take judicial notice of or otherwise consider the Exhibits to the concurrently filed Declaration of David A. Klein.

DATED: May 20, 2022

Respectfully submitted,

Kirkland & Ellis LLP

*/s/ David A. Klein*

David A. Klein

*Attorneys for Defendants*

4