POMERANTZ LLP
Jennifer Pafiti (SBN 282890)
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York   10016
Telephone:  (212) 661-1100
jpafiti@pomlaw.com
jalieberman@pomlaw.com
mjsteven@pomlaw.com

*Co-Lead Counsel for Lead Plaintiff & the Proposed Class*

— additional counsel on signature page —

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and On Behalf of All Others Similarly Situated, <br><br>                         Plaintiffs, <br><br>   v. <br><br> CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, <br><br>                         Defendants. | **Case No. 2:21-CV-02873-FMO-JPR** <br><br> (**Consolidated**) <br><br> Case No. 2:21-CV-02879-FMO-JPR <br><br> Case No. 2:21-CV-03080-FMO-JPR <br><br> **LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS** |

## I.     INTRODUCTION

On May 20, 2022, Defendants filed their Motion to Dismiss Lead Plaintiff's Consolidated Amended Class Action Complaint (Docs. 89, 89-1), along with a Request for Judicial Notice in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint (ECF No. 91) ("Motion").[1]

The Court should strike Exhibits 1, 4-7, and 12 as Defendants seek to exploit the concept of judicial notice to introduce inappropriate argument and irrelevant evidence at the pleading stage.[2]

## II.    ARGUMENT

### A. Defendants' Request to Notice The Credit Suisse Investor Transcript (Exhibit 12) Violates Ninth Circuit Precedent.

Defendants' request for the Court to take judicial notice of the December 2, 2020 Credit Suisse conference call is improper. *See* Motion at pg. 1-2.  The transcript was not attached to the Consolidated Amended Class Action Complaint ("CAC"), Plaintiff did not allege *any* statements relating to that call in his CAC and thus did not refer to it extensively, nor does Plaintiff's claim rely on statements made during that call or the contents of the transcript memorializing the call's substance.  *See, United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also, Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1024 (C.D. Cal. 2015) ("The incorporation by reference doctrine

---

[1] Defendants are Canoo Inc., ("Canoo"), then Chairman and now CEO Tony Aquila ("Aquila"), former CEO Ulrich Kranz ("Kranz"), and former CFO Paul Balciunas ("Balciunas") (collectively "Defendants").  All "ECF No." References are to docket entries on the Court's Electronic Case Filing System.

[2] Defendants also seek judicial notice of SEC filings and the March 29, 2021 FQ4 2020 earnings call, to which Plaintiff does not object, to the extent they are noticed for the limited purpose of establishing their existence and contents.  *See ScripsAmerica, Inc. v. Ironridge Global LLC*, No. CV1403962MMMAGRX, 119 F.Supp.3d 1213, 1230-31, (C.D.Cal. 2015) ("The court takes judicial notice of the SEC filings only for their existence and contents, not for the truth of the information contained in them.").

1

applies *only* when a document is central to plaintiff's claim and no party questions its authenticity.").

Moreover, as the Ninth Circuit has emphasized, "[i]t is improper to judicially notice a transcript when the substance of the transcript is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes." *Khoja v. Orexigen Therapeutics, Inc.*, No. 16-56069, 2018 WL 3826298 at *8 (9th Cir. Aug. 13, 2018) (citing *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)) (internal quotations omitted).  The Ninth Circuit has admonished, "[W]e note a concerning pattern in securities cases like this one: exploiting [judicial notice] procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* at *6.  "[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.*

While Defendants attempt, through introduction of Exhibit 12, to argue against the falsity of Defendants' statements concerning Canoo's partnership with Hyundai, an equally plausible (if not more compelling) interpretation of the referenced statements is that the December 2, 2020 transcript establishes Defendant Balciunas made additional misleading statements during that call when he said Canoo "*just completed Phase 1*…[.]" In fact, Canoo satisfied its "single performance obligation…in July 2020," almost half a year earlier.  *Compare* Motion at pg. 3, *with* ECF No. 85, ¶122.  The Court should not judicially notice a transcript presented for such improper purposes.  *See id.* at *8.

## B. Defendants' Efforts To Bootstrap Additional Argumentation Through Their Request For Judicial Notice (Ex. 1) Is Improper.

Defendants attempt to introduce a summary of Plaintiff's allegations of false and misleading statements, along with their characterization of those statements.

This request is an improper attempt to circumvent the Court's Local Rules setting page limits on Defendants' Motion to Dismiss by presenting further argument. As such, this request should be denied. *Khoja*, 2018 WL 3826298 at *8; *see e.g., Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-CV-01118, 2017 WL 4518526, at *2 (S.D. Cal. Oct. 10, 2017) ("Defendants' motion relies not just on the existence of judicially noticeable documents, but on how to interpret those documents. Those matters are subject to reasonable dispute.").

Defendants support for the propriety of this request is notably threadbare. The case cited by Defendants, *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, discusses incorporation by reference and taking judicial notice of Forms 4 (or other SEC filings), not summaries of those underlying documents. *See,* No. CV 13-08440 MMM SHX, 2015 WL 1775221, at *15 (C.D. Cal. Apr. 14, 2015). Defendants also cite Federal Rule of Evidence 1006 without providing any explanation as to how it has any bearing on the implementation of the separate and distinct Federal Rule of Evidence 201, particularly at the pleading stage.

Courts within this Circuit have consistently rebuffed other defendants' efforts to insert argumentative, one-sided characterizations of facts, and should do so here. *See Gerritsen*, 112 F. Supp. 3d at 1022 (rejecting defendants request to judicially notice a chart prepared by defense counsel that highlighted differences between plot points in a book and film); *Balanced Body University, LLC v. Zahourek Systems, Inc.*, No. CIV S–13–1606 LKK/EFB, 2014 WL 66722, *2 (E.D. Cal. Jan. 7, 2014) ("The court cannot take judicial notice of statements which paraphrase or summarize allegations, as such statements are arguably inaccurate, and therefore, subject to reasonable dispute.") (internal citations and quotations omitted); *Garber v. Heilman*, No. CV 08–3585 DDP (RNB), 2009 WL 409957, *1 (C.D. Cal. Feb. 18, 2009) ("Plaintiff's request that the Court take judicial notice of his own list of encounters with the police...is denied because plaintiff's own characterization of the matters

reflected in his chart does not qualify as a matter that is not subject to reasonable dispute." (internal quotations and citations omitted).

### C. Defendants' Request To Introduce Law Firm Press Releases (Exs. 4-7) Is Improper and Irrelevant.

Exhibits 4-7 are press releases published by law firms, including firms that are not involved in this litigation, that have no relevance to the case whatsoever. Defendants appear to request judicial notice of these documents simply because they are publicly available. *See,* Motion at pg. 3. This request is far beyond the purpose of judicial notice at this stage of the proceedings.

These documents are not referenced in the CAC, are not relied on by Plaintiff at all, have no bearing on the issue of whether Plaintiff has sufficiently stated a claim, and are unlikely to have any relevance should the claim proceed past the pleading stage. *See, Ritchie*, 342 F.3d 908; *Knievel*, 393 F.3d 1076. Defendants do not even attempt to (and cannot) explain what relevance these documents have or for what purpose they seek judicial notice. *Cf., Vesta Corp. v. Amdocs Mgmt. Ltd.*, 129 F. Supp. 3d 1012, 1021 (D. Or. 2015) (granting judicial notice of website where Plaintiff failed to dispute accuracy) *with Gerritsen*, 112 F. Supp. 3d at 1023 (C.D. Cal. 2015) (rejecting request to judicially notice front and back cover of book because it did not have bearing on plaintiff's ability to plead plausible claim); *see also, Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document…and there are no disputed issues as to the document's relevance.").

### III.  CONCLUSION

For the foregoing reasons, the Court should strike Exhibits 1, 4-7, and 12 and admit the remaining "AC Exhibits" for the limited purpose of establishing their existence and contents, not the truth contained therein.

Dated: June 17, 2022

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Murielle J. Steven Walsh*
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
600 Third Avenue
20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
mjsteven@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue
15th Floor
Los Angeles, California 90024
Telephone: (310) 405 7190
jpafiti@pomlaw.com

**-and-**

**HOLZER & HOLZER, LLC**

Corey D. Holzer (*pro hac vice*)
Marshall P. Dees (*pro hac vice*)
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392 0090
Facsimile: (770) 392 0029
cholzer@holzerlaw.com
mdees@holzerlaw.com

*Co-Lead Counsel for Lead Plaintiff & the Proposed Class*

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Executed on this 17th day of June, 2022.

*/s/ Murielle J. Steven Walsh*