# Exhibit 3

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, D.C. 20549**

# FORM 10-K

☒    ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**For the fiscal year ended  December 31, 2020**

OR

☐    TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**Commission file number: 001-38824**

## CANOO INC.
(Exact name of registrant as specified in its charter)

| | |
|---|---|
| **Delaware** | **83-1476189** |
| (State of Other Jurisdiction of incorporation or Organization) | (I.R.S. Employer Identification No.) |
| **19951 Mariner Avenue, Torrance, California** | **90503** |
| (Address of principal executive offices) | (Zip code) |

**Registrant's telephone number, including area code: ( 424) 271-2144**

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of each class | Trading symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Common Stock, $0.0001 par value per share | GOEV | The Nasdaq Global Select Market |
| Warrants, each whole warrant exercisable for one share of Common Stock at an exercise price of $11.50 per share | GOEVW | The Nasdaq Global Select Market |

**Securities registered pursuant to Section 12(g) of the Act:  None**

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.
Yes ☐  No ☒

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.
Yes ☐  No ☒

Indicate by check mark whether the registrant:  (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☒   No ☐

Indicate by check mark whether the Registrant has submitted electronically; every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§232.0405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files).  Yes ☒   No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company, or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.

| | | | |
|---|---|---|---|
| Large accelerated filer ☐ | Accelerated filer ☐ | Non-accelerated filer ☒ | Smaller reporting company ☒ |
| | | | Emerging growth company ☒ |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant has filed a report on and attestation to its management's assessment of the effectiveness of its internal control over financial reporting under Section 404(b) of the Sarbanes-Oxley Act (15 U.S.C. 7262(b)) by the registered public accounting firm that prepared or issued its audit report. ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). Yes ☐ No ☒

Based on the closing price as reported on the Nasdaq Global Select Market, the aggregate market value of the registrant's Common Stock held by non-affiliates on June 30, 2020 (the last business day of the registrant's most recently completed second fiscal quarter) was approximately $251,887,174. Shares of Common Stock held by each executive officer and director and by each stockholder affiliated with a director or an executive officer have been excluded from this calculation because such persons may be deemed to be affiliates. This determination of affiliate status is not necessarily a conclusive determination for other purposes. The number of outstanding shares of the registrant's Common Stock as of March 24, 2021 was 237,462,163.

**Documents Incorporated by Reference**

Portions of the registrant's definitive proxy statement for the 2021 Annual Meeting of Stockholder, to be filed no later than 120 days after the end of the fiscal year to which this Annual Report on Form 10-K relates, are incorporated by reference into Part III of this Annual Report on Form 10-K.

Table of Contents

**SIGNATURES**

Pursuant to the requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, as amended, the registrant has duly caused this report to be signed on its behalf by the undersigned, thereunto duly authorized, on March 31, 2021.

CANOO INC.

By:    /s/ Tony Aquila
Tony Aquila
*Executive Chairman*
*(Principal Executive Officer)*

123

Table of Contents

**POWER OF ATTORNEY**

Each person whose individual signature appears below hereby constitutes and appoints Tony Aquila and Paul Balciunas, and each of them, his or her true and lawful attorneys-in-fact and agents, each with full power of substitution and resubstitution, for him or her and in his or her name, place and stead, in any and all capacities, to sign any and all amendments, including post-effective amendments, to this Annual Report on Form 10-K, and to file the same, with exhibits thereto and other documents in connection therewith, with the Securities and Exchange Commission, granting unto said attorneys-in-fact and agents, and each of them, full power and authority to do and perform each and every act and thing requisite and necessary to be done, as fully for all intents and purposes as he or she might or could do in person, hereby ratifying and confirming all that each of said attorneys-in-fact and agents, or his or her substitute or substitutes may lawfully do or cause to be done by virtue hereof.

Pursuant to the requirements of the Securities Exchange Act of 1934, this report has been signed below by the following persons in the capacities and on the date indicated.

| Signature | Title | Date |
|---|---|---|
| /s/ Tony Aquila<br>Tony Aquila | Executive Chairman<br>(Principal Executive Officer) | March 31, 2021 |
| /s/ Paul Balciunas<br>Paul Balciunas | Chief Financial Officer<br>(Principal Financial Officer and Principal Accounting Officer) | March 31, 2021 |
| /s/ Foster Chiang<br>Foster Chiang | Director | March 31, 2021 |
| /s/ Thomas Dattilo<br>Thomas Dattilo | Director | March 31, 2021 |
| /s/ Greg Ethridge<br>Greg Ethridge | Director | March 31, 2021 |
| /s/ Claudia Romo Edelman<br>Claudia Romo Edelman | Director | March 31, 2021 |
| /s/ Arthur Kingsbury<br>Arthur Kingsbury | Director | March 31, 2021 |
| /s/ Rainer Schmueckle<br>Rainer Schmueckle | Director | March 31, 2021 |
| /s/ Josette Sheeran<br>Josette Sheeran | Director | March 31, 2021 |
| /s/ Debra von Storch<br>Debra von Storch | Director | March 31, 2021 |

124

Exhibit 4.4

## DESCRIPTION OF SECURITIES

Canoo Inc. ("we," "our," "us," or the "Company") has two classes of securities registered under Section 12 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"): common stock, par value $0.0001 par value per share (the "Common Stock"), and public warrants, each whole public warrant exercisable for one share of Common Stock at an exercise price of $11.50 per share (the "Public Warrants").

The following summary of the material terms of our Common Stock and Public Warrants is not intended to be a complete summary of the rights and preferences of such securities, and is qualified by reference to our Second Amended and Restated Certificate of Incorporation (the "Restated Certificate"), our Amended and Restated Bylaws (the "Restated Bylaws") and the Public Warrant-related documents, each of which is filed as an exhibit to our Annual Report on Form 10-K, of which this Exhibit 4.4 is a part, and are incorporated by reference herein. We urge you to read each of our Restated Certificate, the Restated Bylaws, the Public Warrant-related documents and the applicable provisions of the Delaware General Corporation Law (the "DGCL") for more information.

### General

Under our Restated Certificate, we have the authority to issue 510,000,000 shares of Common Stock and 10,000,000 shares of preferred stock, $0.0001 par value per share. The rights, preferences and privileges of holders of our Common Stock are subject to, and may be adversely affected by, the rights of the holders of shares of any series of preferred stock we may issue in the future.

### Common Stock

Except as otherwise required by law or as otherwise provided in any certificate of designation for any series of preferred stock, the holders of Common Stock possess all voting power for the election of our directors and all other matters requiring stockholder action. Holders of Common Stock are entitled to one vote per share on matters to be voted on by stockholders. There is no cumulative voting with respect to the election of directors, with the result that the holders of more than 50% of the shares voted for the election of directors can elect all the directors. Subject to the preferences of any outstanding shares of preferred stock, the holders of Common Stock are entitled to receive ratably any dividends our board of directors declares out of funds legally available for the payment of dividends. If we are liquidated, dissolved or wound up, the holders of Common Stock are entitled to share pro rata all assets remaining after payment of liabilities and liquidation preferences of any outstanding shares of preferred stock. Holders of Common Stock have no conversion, preemptive or other subscription rights. There are no sinking fund or redemption provisions applicable to the Common Stock.

### Preferred Stock

Our Restated Certificate provides that shares of preferred stock may be issued from time to time in one or more series. Our board of directors is authorized to fix the voting rights, if any, designations, powers, preferences, the relative, participating, optional or other special rights and any qualifications, limitations and restrictions thereof, applicable to the shares of each series. Our board of directors will be able to, without stockholder approval, issue preferred stock with voting and other rights that could adversely affect the voting power and other rights of the holders of the Common Stock and could have anti-takeover effects. The ability of our board of directors to issue preferred stock without stockholder approval could have the effect of delaying, deferring or preventing a change of control or the removal of our management.

### Public Warrants

Each whole Public Warrant entitles the registered holder to purchase one share of our Common Stock at a price of $11.50 per share, subject to adjustment as discussed below, at any time commencing 30 days after the closing of our initial business combination on December 21, 2020 (the "Business Combination"). The Public Warrants will expire five years after the closing of the Business Combination, at 5:00 p.m., New York City time, or earlier upon redemption or liquidation.