Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

David A. Klein (SBN 273925)
david.klein@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

*Attorneys for Defendants Canoo Inc.,
Tony Aquila, Ulrich Kranz, and Paul
Balciunas*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | Case No. 2:21-CV-02873-FMO-JPR<br><br>**(Consolidated)**<br><br>Case No. 2:21-CV-02879-FMO-JPR<br><br>Case No. 2:21-CV-03080-FMO-JPR<br><br>**DEFENDANTS CANOO INC., TONY AQUILA, ULRICH KRANZ, AND PAUL BALCIUNAS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Hearing Date: July 28, 2022 (Pursuant to Briefing Schedule, *see* Dkt. 73)<br><br>Time: 10:00 a.m.<br><br>Judge: Hon. Fernando M. Olguin<br><br>Courtroom.: 6D |

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................1

ARGUMENT ..........................................................................................................2

I.    THE COURT MAY CONSIDER THE CREDIT SUISSE TRANSCRIPT UNDER FEDERAL RULE OF EVIDENCE 201 RATHER THAN THE DISTINCT INCORPORATION BY REFERENCE DOCTRINE ...............2

II.   PLAINTIFF MISCHARACTERIZES THE CHART (EXHIBIT 1)............4

III.  THE LAW FIRM PRESS RELEASES DEMONSTRATE THAT THIS IS DISFAVORED LAWYER-DRIVEN LITIGATION UNDER THE PSLRA ..............................................................................................6

IV.   THE COURT MAY ASSUME THE TRUTH OF THE MATTERS DISCUSSED IN THE AC EXHIBITS ........................................................7

V.    THE COURT MAY CONSIDER THE SUPPLEMENTAL EXHIBITS.....8

CONCLUSION .......................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Applied Materials, Inc. v. Demaray LLC*,
   2020 WL 8515132 (N.D. Cal. Dec. 16, 2020) ......................................................8

*Balanced Body Univ., LLC v. Zahourek Sys., Inc.*,
   2014 WL 66722 (E.D. Cal. Jan. 7, 2014) ..............................................................6

*Cheng v. Activision Blizzard, Inc.*,
   2022 WL 2101919 (C.D. Cal. Apr. 18, 2022) .......................................................3

*Coto Settlement v. Eisenberg*,
   593 F.3d 1031 (9th Cir. 2010) ..............................................................................7

*Erickson v. Corinthian Colls., Inc.*,
   2015 WL 12732435 (C.D. Cal. Apr. 22, 2015) .....................................................5

*Garber v. Heilman*,
   2009 WL 409957 (C.D. Cal. Feb. 18, 2009) .........................................................6

*Gerritsen v. Warner Bros. Entm't, Inc.*,
   112 F. Supp. 3d 1011 (C.D. Cal. 2015) .............................................................5, 7

*In re Mellanox Techs., Ltd. Sec. Litig.*,
   2014 WL 7204864 (N.D. Cal. Dec. 17, 2014) ......................................................5

*In re Ocera Therapeutics, Inc. Sec. Litig.*,
   2018 WL 7019481 (N.D. Cal. Oct. 16, 2018) .......................................................7

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) .........................................................................*passim*

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ..............................................................................7

*Kojak v. Canoo Inc.*,
   No. 21-cv-02879 (C.D. Cal. filed Apr. 2, 2021) ..................................................6

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ................................................................................2

*Malin v. XL Cap. Ltd.*,
　　499 F. Supp. 2d 117 (D. Conn. 2007) ....................................................................5

*Marder v. Lopez*,
　　450 F.3d 445 (9th Cir. 2006) ................................................................................7

*Okla. Firefighters' Pension & Ret. Sys. v. IXIA*,
　　2015 WL 1775221 (C.D. Cal. Apr. 14, 2015).......................................................5

*One Fair Wage, Inc. v. Darden Rests. Inc.*,
　　2021 WL 4170788 (N.D. Cal. Sept. 14, 2021).......................................................8

*Patterson v. Hennessy*,
　　2022 WL 2208893 (D. Del. June 21, 2022) .........................................................9

*Reina-Rodriguez v. United States*,
　　655 F.3d 1182 (9th Cir. 2011) ..............................................................................3

*Ret. Sys. v. Sterling Fin. Corp.*,
　　963 F. Supp. 2d 1092 (E.D. Wash. 2013)..............................................................2

*Ret. Tr. v. RH, Inc.*,
　　302 F. Supp. 3d 1028 (N.D. Cal. 2018)...............................................................6, 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
　　551 U.S. 308 (2007)...............................................................................................6

*Tsirekidze v. Syntax-Brillian Corp.*,
　　2008 WL 942273 (D. Ariz. Apr. 7, 2008) .............................................................7

*United States v. Ritchie*,
　　342 F.3d 903 (9th Cir. 2003) ................................................................................7

*Vesta Corp. v. Amdocs Mgmt. Ltd.*,
　　129 F. Supp. 3d 1012 (D. Or. 2015) .....................................................................7

**Rules**

C.D. Cal. L.R. 7-10 .......................................................................................................8

Fed. R. Civ. P. 12(b)(6) ................................................................................................7

Fed. R. Evid. 201 .......................................................................................................1, 2

Fed. R. Evid. 1006 ........................................................................................................5

**Other Authorities**

*Just*, MERRIAM WEBSTER, https://www.merriam-webster.com/dictionary/just...............................................................................4

**INTRODUCTION**[1]

Defendants' Request in support of their Motion requested that the Court take judicial of, or otherwise consider as permitted by law, 20 Exhibits. In his Opposition, Plaintiff only objects to the Court taking judicial notice of three Exhibits: (1) a publicly-available transcript of a Credit Suisse conference (Dkt. 90-14, Ex. 14, the "Credit Suisse Transcript Exhibit"); (2) a chart numerically setting forth quotations of the alleged misleading statements identified in the AC and categories of points made in the Motion (Dkt. 90-1, Ex. 1); and (3) press releases issued by law firms, including Plaintiff's counsel (Dkts. 90-4-7, Exs. 4-7, the "Law Firm Press Release Exhibits"). Dkt. 94, Opp'n, at 1 n.2. While Plaintiff does not object to judicial notice of SEC filings and an investor conference call transcript (Dkts. 90-2-3, Exs. 2-3; 90-8-13, Exs. 8-13; 90-15-18, Exs. 15-18; 90-20, Ex. 20, collectively the "AC Exhibits"), he objects to use of the AC Exhibits to prove the truth of matters discussed in those documents.

As detailed below, Plaintiff's objections are meritless. ***First***, the Court may take judicial notice of the fact that Defendant Paul Balciunas made a specific statement in the Credit Suisse Transcript Exhibit under Federal Rule of Evidence 201, rather than the incorporation by reference doctrine, because the meaning of that statement is not subject to reasonable dispute. ***Second***, Plaintiff's objection to Exhibit 1 ignores the use of similar summary charts in similar cases and does not dispute its accuracy. ***Third***, Plaintiff's relevance objection to the Law Firm Press Release Exhibits fails, as they are relevant to the heightened pleading standards that the Private Securities Litigation

---

[1] References to "AC" refer to Lead Plaintiff's Consolidated Amended Class Action Complaint for purported violations of federal securities laws, Dkt. 85. References to "Mot." or "Motion" refer to the Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, Dkt. 89-1. References to "Request" refer to Defendants' Request for Judicial in Support of the Motion, Dkt. 91. References to "Opposition" or "Opp'n" refer to Plaintiff's Opposition to the Request, Dkt. 94. References to "Exhibits" or "Ex." refer to Exhibits to the Declaration of David A. Klein in Support of the Motion, Dkt. 90. References to "Reply" refer to Defendants' reply memorandum in support of the Motion. References to "Supplemental Exhibits" or "Suppl. Ex." refer to Exhibits to the concurrently filed Supplemental Declaration of David A. Klein in Support of the Motion.

1

Reform Act ("PSLRA") imposes on Plaintiff's claims:  the PSLRA was designed to prevent lawyer-driven litigation.  ***Fourth***, because the Court may consider the AC Exhibits under incorporation by reference, the limitation Plaintiff seeks to impose on the Court's use of the AC Exhibits is contrary to established law.

In addition, the Court may consider the Supplemental Exhibits filed concurrently with Defendants' Reply.  The Supplemental Exhibits respond to arguments that Plaintiff raised for the first time in the Opposition to the Motion and therefore may appropriately be filed with the Reply.  The Court may also consider the Supplemental Exhibits, as the AC incorporates each by reference.

## ARGUMENT

I.  **THE COURT MAY CONSIDER THE CREDIT SUISSE TRANSCRIPT UNDER FEDERAL RULE OF EVIDENCE 201 RATHER THAN THE DISTINCT INCORPORATION BY REFERENCE DOCTRINE**

Plaintiff argues that the Credit Suisse Transcript Exhibit (Dkt. 90-14, Ex. 14)[2] is not subject to judicial notice because it "was not attached" to or "refer[red] to . . . extensively" in the AC.  Dkt. 94, Opp'n, at 1.  But this argument is irrelevant because Defendants request that the Court take judicial notice of Exhibit 14 under Federal Rule of Evidence 201, not the "distinct concept[]" of incorporation by reference.  *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1106 (E.D. Wash. 2013); Dkt. 91, Request, at 2-3.  As the case Plaintiff cites in support of his Opposition explains, only incorporation by reference requires documents to be "extensively" referenced in a complaint, while judicial notice more broadly allows courts to consider "matters of public record."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999, 1002 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d

---

[2]  The parties inadvertently referred to the Credit Suisse Transcript Exhibit as "Exhibit 12" rather than "Exhibit 14" in the Request and Opposition.  *Compare* Dkt. 90-14, Ex. 14, *with* Dkts. 91, Request, at 1, 3; 94, Opp'n, at 1.  For clarity, any references to the December 2, 2020 Credit Suisse Transcript or "Exhibit 12" in the Request refer to Exhibit 14.

2

668, 689 (9th Cir. 2001)); *see also Cheng v. Activision Blizzard, Inc.*, 2022 WL 2101919, at *6 (C.D. Cal. Apr. 18, 2022) ("Courts routinely find . . . information made available to the market to be matters of public record, regardless of whether it was referenced in the complaint."). Accordingly, since Plaintiff does not dispute the accuracy of Exhibit 14 or that it was publicly available to investors during the Class Period, *see* Dkt. 94, Opp'n, at 1-2, the Court may take judicial notice of the transcript to consider the information Canoo and its officers made available to the market.

Plaintiff next argues that judicial notice of Exhibit 14 is inappropriate because he disputes the meaning of a section in which Defendant Paul Balciunas discusses the status of Canoo's relationship with Hyundai Motor Co. ("Hyundai"). Dkt. 94, Opp'n, at 2 (citing *Khoja*, 899 F.3d at 1000). But Plaintiff's reliance on *Khoja* is misplaced. In *Khoja*, the plaintiff alleged that the defendant failed to disclose that an announced study on potential benefits of its pharmaceutical products had already been terminated. 899 F.3d 994-97. Accordingly, the defendant sought judicial notice of a conference call transcript to prove that it disclosed its "'decision to conduct' another study." *Id.* at 1000. The court found that judicial notice was improper because "[r]easonable people could debate what exactly this conference call disclosed" about that decision; at one point in the transcript, the defendant's representative stated that "doing the [study] unchanged was not an option," but at another point, he stated that the study was "ongoing." *Id.* Thus, there was a "reasonable dispute" as to whether the transcript supported the proposition for which it was offered. *Id.* (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)).

Here, in contrast, there is no relevant dispute as to the meaning of the Credit Suisse Transcript Exhibit. Defendants requested that the Court take judicial notice of the fact that as reflected in the transcript, during the December 2, 2020 conference, Balciunas stated: "So, on the Hyundai side, . . . what we've done is concept engineering today . . . . *We hope that this relationship will continue* into, call it a Phase 2 and Phase 3. . . . *But we're not there yet. Right now, we've just completed Phase 1 and we're*

3

*currently in Phase 2 discussions*.”  Dkt. 90-14, Ex. 14, at 12 (emphasis added). Defendants cited the transcript to show that Balciunas explained that Canoo had “completed” work for Hyundai, and was only in “discussions” with Hyundai about potential future work, thereby disclosing during the Class Period that Canoo was not actively working with Hyundai. *See* 89-1, Mot., at 7-8.  In his Opposition, Plaintiff does not identify anything in Exhibit 14 that contradicts this.  Instead, Plaintiff argues that Balciunas’ statement that Canoo “just completed Phase 1” could mean that Canoo had *recently* completed Phase 1 of its partnership.  *See* Dkt. 94, Opp’n, at 2 (quoting Dkt. 90-14, Ex. 14, at 12).

The dispute Plaintiff attempts to manufacture is unreasonable and irrelevant. Read in context, Balciunas clearly meant Canoo had “only” completed Phase 1 (*i.e.*, was not yet engaged in work on Phase 2).  *Just*, MERRIAM WEBSTER, https://www.merriam-webster.com/dictionary/just (“only, simply”).  But even if Balciunas stated Canoo had recently completed Phrase 1, this would still show that Balciunas disclosed that Canoo had completed its active work with Hyundai by the time of the December 2, 2020 conference and only had the potential opportunity for future work.  Indeed, Balciunas’ reference to “completed work” is phrased in the past tense and he expressly says that Canoo was “not there yet” on continuing the relationship. *See* Dkt. 90-14, Ex. 14, at 12.  Thus, Exhibit 14, unlike the document at issue in *Khoja*, undisputedly supports the proposition for which it is cited, and as such judicial notice of it is proper.

## II.   PLAINTIFF MISCHARACTERIZES THE CHART (EXHIBIT 1)

Plaintiff argues that Exhibit 1, a chart numerically setting forth and quoting the alleged misleading statements identified in the AC and categorizing points in the Motion, is not subject to judicial notice because it is an “improper attempt to circumvent the Court’s Local Rules . . . by presenting further argument.”  Dkt. 94, Opp’n, at 2-3. Defendants submitted Exhibit 1 for the Court’s convenience.  In securities actions such as this one, courts have often directed parties to produce similar charts identifying

allegedly misleading statements. *See, e.g.*, *Erickson v. Corinthian Colls., Inc.*, 2015 WL 12732435, at *2 (C.D. Cal. Apr. 22, 2015) ("[W]e ordered Plaintiff to submit a chart that identifies, with specificity . . . each and every false statement and material omission the [complaint] alleges . . ."); *see also In re Mellanox Techs., Ltd. Sec. Litig.*, 2014 WL 7204864, at *2 (N.D. Cal. Dec. 17, 2014) (similar). Courts have also considered "summaries, tables, and charts" where the underlying documents summarized in such materials were "incorporated by reference in the complaint." *Okla. Firefighters' Pension & Ret. Sys. v. IXIA*, 2015 WL 1775221, at *17 (C.D. Cal. Apr. 14, 2015) (quoting *Malin v. XL Cap. Ltd.*, 499 F. Supp. 2d 117, 134 (D. Conn. 2007)).[3] Plaintiff does not dispute that Exhibit 1 accurately reflects the AC and the Motion.

Plaintiff's argument that Exhibit 1 is an improper attempt to avoid the page limits in the Local Rules is meritless. The court in *IXIA* did not consider the Local Rules to be an impediment to its consideration of separate summary charts, even though the charts were attached as separate exhibits to a motion to dismiss. 2015 WL 1775221 at *17. Moreover, Exhibit 1 does not characterize the facts in the AC or offer new arguments. Instead, Exhibit 1 directly quotes from the AC and categorizes the reasons already set forth in the Motion for why the statements are not actionable. Plaintiff claims that Exhibit 1 contains "argumentative, one-sided characterizations of facts," but he fails to identify anything in Exhibit 1 that is inconsistent with the AC or the Motion. *See generally* Dkt. 90-1, Ex. 1; *see also* Dkt. 94, Opp'n, at 3. The cases Plaintiff cites are thus distinguishable, as each dealt with summaries that offered additional commentary or contradicted allegations in the complaint. *See Gerritsen v. Warner Bros.*

---

[3] Plaintiff attempts to distinguish *IXIA* by arguing that it "discusse[d] incorporation by reference and taking judicial notice of [SEC filings], not summaries of those underlying documents." Dkt. 94, Opp'n, at 3. But Plaintiff ignores that *IXIA* expressly addressed "summaries, which are spreadsheets and tabulations created by defendants." *IXIA*, 2015 WL 1775221 at *17. Similarly, Plaintiff argues that Defendants have failed to explain the relevance of Rule 1006 of the Federal Rules of Evidence to judicial notice "at the pleading stage," Dkt. 94, Opp'n, at 3, but ignores that *IXIA* clearly cited Rule 1006 to determine that summary charts were judicially noticeable in connection with a motion to dismiss. 2015 WL 1775221 at *17 (citing FED. R. EVID. 1006).

*Entm't, Inc.*, 112 F. Supp. 3d 1011, 1022 (C.D. Cal. 2015) (noting that a summary "undermine[d]" the plaintiff's "assertion"); *Balanced Body Univ., LLC v. Zahourek Sys., Inc.*, 2014 WL 66722, at *2 (E.D. Cal. Jan. 7, 2014) (rejecting a summary that "repeatedly engage[d] in inappropriate paraphrase" and added language that "d[id] not appear anywhere" to the underlying documents); *Garber v. Heilman*, 2009 WL 409957, at *1 (C.D. Cal. Feb. 18, 2009) (noting that the plaintiff added his "own characterization of the matters reflected in his chart"). Accordingly, because Exhibit 1 is an accurate summary of allegations in the AC and does not contain improper additional argument, the Court may consider it.

## III. THE LAW FIRM PRESS RELEASES DEMONSTRATE THAT THIS IS DISFAVORED LAWYER-DRIVEN LITIGATION UNDER THE PSLRA

Plaintiff's objection to the Court taking judicial notice of the Law Firm Press Release Exhibits (Dkts. 90-4-7, Exs. 4-7) is also unavailing. He does not dispute that these exhibits are available to the public, and instead argues that they are not relevant to the Motion. Dkt. 94, Opp'n, at 4. But these exhibits provide context on the extent to which Plaintiff's counsel and other proposed counsel have driven this litigation.[4] In analyzing the PSLRA's pleading requirements, the Supreme Court has emphasized that the PSLRA was enacted in part to "curb frivolous, lawyer-driven litigation." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1037-38 (N.D. Cal. 2018) (noting that "[h]eightened pleading" under the PSLRA was designed to advance its goals, including preventing "lawyer-driven litigation"). Indeed, courts have found that recruiting groups of securities plaintiffs with press releases "runs directly contrary to the goals of the PSLRA—to reduce lawyer-driven litigation."

---

[4] Plaintiff complains that the Press Release Exhibits include press releases from "firms that are not involved in this litigation," Dkt. 94, Opp'n, at 4, but ignores that these other firms *initiated* this case and a consolidated case. *See* Class Action Compl. for Violations of the Fed. Sec. Laws at 22 (Dkt. 1) (Berman Tabacco); *Kojak v. Canoo Inc.*, No. 21-cv-02879 (C.D. Cal. filed Apr. 2, 2021), Class Action Compl. for Violations of the Fed. Sec. Laws at 25 (Dkt. 1) (Glancy Prongay & Murray LLP).

*Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008). Accordingly, the press releases that plaintiffs' counsel issued for this case are relevant because they demonstrate that this case implicates the same policy concerns that motivated Congress to enact the PSLRA's heightened pleading standards.[5]

## IV. THE COURT MAY ASSUME THE TRUTH OF THE MATTERS DISCUSSED IN THE AC EXHIBITS

Plaintiff "does not object" to "judicial notice" of the AC Exhibits (Dkts. 90-2-3, Exs. 2-3; 90-8-13, Exs. 8-13; 90-15-18, Exs. 15-18; 90-20, Ex. 20), which are SEC filings and an earnings call transcript cited in the AC, but attempts to limit their use to "the limited purpose of establishing their existence and contents." Dkt. 94, Opp'n, at 1 n.2. But this argument again conflates the distinct concepts of judicial notice and incorporation by reference. As *Khoja* explains, "unlike judicial notice, a court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6),'" provided that doing so does not "dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)); *see also In re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481, at *4 (N.D. Cal. Oct. 16, 2018) ("Generally, a court may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."). Here, Defendants clearly explained that the AC Exhibits were incorporated by reference because they were "expressly referenced in the AC," Dkt. 91,

---

[5] The cases Plaintiff cites in support of his argument are all distinguishable. Most of the cases do not even mention relevance requirements for judicial notice. *See generally Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 129 F. Supp. 3d 1012, 1021 (D. Or. 2015). Another mentions a relevance requirement without applying it to the document at issue. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). *Gerritsen v. Warner Brothers Entertainment, Inc.* held that a document was irrelevant because it addressed the plaintiff's "ability to prove [her] claims," rather than her "obligation to plead plausible claims." 112 F. Supp. 3d 1011, 1023 (C.D. Cal. 2015). Here, in contrast, consideration of Exhibits 4-7 (Dkts. 90-4-7) at the motion to dismiss stage is appropriate because courts have emphasized that the PSLRA's concerns about "lawyer-driven litigation" were incorporated into its "[h]eightened pleading" standards. *RH*, 302 F. Supp. 3d at 1037-38.

7

Request, at 2, and Plaintiff neither disputes that these documents were incorporated by reference nor attempts to identify any well-pled facts in the AC that they contradict. *See* Dkt. 94, Opp'n, at 1 n.2.  Accordingly, the court may assume that the contents of the AC Exhibits are true for the purpose of the Motion.

## V. THE COURT MAY CONSIDER THE SUPPLEMENTAL EXHIBITS

Defendants also request that the Court consider the Supplemental Exhibits, as these documents are incorporated by reference in the AC and Defendants submit the Supplemental Exhibit for the proper purpose of rebutting arguments in Plaintiff's Opposition to the Motion.  *See* C.D. Cal. L.R. 7-10 (a party "may . . . serve and file a reply memorandum, and *declarations or other rebuttal evidence*") (emphasis added); *see also One Fair Wage, Inc. v. Darden Rests. Inc.*, 2021 WL 4170788, at *8 n.5 (N.D. Cal. Sept. 14, 2021) ("[E]vidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief.") (quoting *Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020)).  Here, Plaintiff's Opposition to the Motion argues that "Defendants never expressly state when the Board approved the plan to de-emphasize" Canoo's engineering services business.  Dkt. 93, Opp'n to Defs.' Mot., at 11 n.4.  In support of this argument, Plaintiff cites Defendant Tony Aquila's statement during a March 29, 2021 earnings call that "it was decided by our Board to de-emphasize the original stated contract engineering services line."  Dkt. 94, Opp'n, at 11 n.4 (citing Dkt. 85, AC, ¶ 107).

Defendants accordingly seek to use the Supplemental Exhibits to rebut this argument, as the Supplemental Exhibits show that two directors on Canoo's Board of Directors (the "Board") as of March 29, 2021 did not join the Board until shortly before the March 29, 2021 earnings call.  *Compare* Suppl. Decl. of David A. Klein, Suppl. Ex. 2, at 105 (listing Canoo's directors after the merger) *with id.*, Suppl. Ex. 3, at 124 (listing two additional directors in March 2021).  And a majority of the Board members did not join the Board until the merger closed on December 21, 2021.  *Compare id.*, Suppl. Ex. 1, at 227 (listing directors prior to the merger) *with id.*, Suppl. Ex. 2, at 105 (listing

8

Canoo's directors after the merger); *see also Patterson v. Hennessy*, 2022 WL 2208893, at *3 (D. Del. June 21, 2022).  Thus, because the Supplemental Exhibits respond to the Opposition to the Motion, they do not constitute an improper attempt to use new evidence in connection with a reply brief.

The Court may consider each of the Supplemental Exhibits as incorporated by reference in the complaint.  Supplemental Exhibits 1 and 2 are excerpts of SEC filings that were previously excerpted as Exhibits 10 and 11 and submitted in support of the Motion, *see* Decl. of David A. Klein, Dkt. 90, ¶¶ 11, 12.  Plaintiff's Opposition did not dispute that these SEC filings are incorporated by reference in the AC.  Dkt. 94, Opp'n, at 1 n.2; *see also* Dkt. 91, Request, at 2.  Similarly, Supplemental Exhibit 3 is an excerpt of a Form 10-K SEC filing that was quoted extensively in the AC, as Plaintiff quoted an entire paragraph of it to support his claim that disclosures in it caused a decrease in Canoo's stock price.  *See* Dkt. 85, AC, ¶¶ 122-123; *see also Khoja*, 899 F.3d at 1005 (finding an article to be incorporated by reference in the complaint when there was "more than passing reference" to it and the complaint "allege[d] the loss in . . . stock price occurred because of [its] revelations").  Therefore, the Court may consider the Supplemental Exhibits since they are incorporated by reference in the AC.

### CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court may properly take judicial notice of or otherwise consider the Exhibits to the Declaration of David A. Klein filed on May 20, 2022 and the Supplemental Exhibits to the Supplemental Declaration of David A. Klein filed on July 8, 2022.

DATED:  July 8, 2022

Respectfully submitted,

Kirkland & Ellis LLP

*/s/ David A. Klein*

David A. Klein

*Attorneys for Defendants*

9