**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SAMUEL BLAKE,

Plaintiff,

v.

CANOO INC, et al.,

Defendants.

Case No. CV 21-2873 FMO (JPRx)

**ORDER RE: PENDING MOTION**

Having reviewed the briefing filed with respect to defendants Canoo Inc. ("Canoo"), Tony Aquila, Ulrich Kranz, and Paul Balciunas' (collectively, "defendants") Motion to Dismiss Lead Plaintiff's Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws, (Dkt. 89, Motion), the court will deny the Motion without prejudice for referencing materials outside the pleadings. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). Citing the doctrines of judicial notice and incorporation-by-reference, defendants ask the court to consider 20 exhibits filed in support of their Motion. (See Dkt. 91, Request for Judicial Notice [] ("RJN") at 1-2).

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). "[A] defendant may seek to

incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. (internal quotation marks omitted). However, the "mere mention of the existence of a document is insufficient to incorporate the contents of a document[.]" Id. (internal quotation marks omitted). "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." Id. Here, defendants generally cite to the incorporation-by-reference doctrine, (see Dkt. 91, RJN at 1-2), but they do not specifically identify which documents the court should deem incorporated by reference. (See, generally, id.). The court therefore declines to consider whether any of the documents are incorporated by reference.

Defendants also assert that each exhibit is subject to judicial notice. (See Dkt. 91, RJN at 2-4). Facts subject to judicial notice are those which are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "A court must also consider – and identify – which fact or facts it is noticing[.]" Khoja, 899 F.3d at 999. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Id.

Here, with the exception of Exhibit 12, defendants do not indicate which facts within each exhibit they want the court to judicially notice. (See, generally, Dkt. 91, RJN). Rather, defendants simply request that the court take judicial notice of the documents in their entirety. (See id.). Because defendants do not identify which facts within each exhibit they want the court to judicially notice, the court declines to take judicial notice of the documents at issue, except for Canoo's filings with the Securities and Exchange Commission ("SEC") and earnings call transcript. (See Dkt. 90, Declaration of David A. Klein [] at ¶¶ 3-4, 9-12, 14-17, 19-21). Plaintiff does not oppose judicial notice of the Canoo SEC filings and earnings transcript, (see Dkt. 94, Lead Plaintiff's Opposition to Defendants' Request for Judicial Notice [] ("RJN Opp.") at 1 n. 2), and courts may "take[] judicial notice of the SEC filings [] for their existence and contents," although "not for the truth of the information contained in them. Oklahoma Firefighters Pension & Ret. Sys. v. IXIA, 50 F.Supp.3d 1328, 1349 n. 153 (C.D. Cal. 2014); see Metzler Inv. GMBH v. Corinthian Colleges,

Inc., 540 F.3d 1049, 1064 n. 7 (9th Cir. 2008) (SEC filings are subject to judicial notice). The unopposed March 29, 2021, quarterly earnings call transcript is also a proper subject of judicial notice under these circumstances.[1] See, e.g., Waterford Twp. Police v. Mattel, Inc., 321 F.Supp.3d 1133, 1143 (C.D. Cal. 2018) (taking judicial notice of earnings call transcripts); In re Energy Recovery Inc. Sec. Litig., 2016 WL 324150, *3 (N.D. Cal. 2016) ("Energy Recovery's Forms 10-K and transcripts of conference earnings calls are judicially noticeable because they are matters of public record.").

With respect to Exhibit 12, a transcript from a Credit Suisse Industrials Conference, defendants request that the court take judicial notice of a statement by defendant Paul Balciunas, (see Dkt. 91, RJN at 3), who formerly served as Canoo's chief financial officer. (See Dkt. 85, Consolidated Complaint at ¶ 33). However, neither the transcript nor the specific statement were referenced in the Consolidated Amended Class Action Complaint [] ("Consolidated Complaint"). (See, generally, id.). Moreover, "[i]t is improper to judicially notice a transcript when the substance of the transcript is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes." Khoja, 899 F.3d at 1000 (internal quotation marks omitted). In light of plaintiff's opposition to Exhibit 12, which raises a reasonable dispute as to what the transcript establishes, (see Dkt. 94, RJN Opp. [] at 1-2), the court declines to take judicial notice of this exhibit.

Given the parties' arguments and large number of documents submitted in connection with the pending Motion, the court is persuaded that it would be more appropriate to consider the arguments and documents (including Canoo's SEC filings) in the context of a motion for summary judgment. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to

---

[1] The Consolidated Complaint also quotes from and relies upon the March 29, 2021, quarterly earnings call transcript to support plaintiff's corrective disclosure allegations. (See Dkt. 85, Consolidated Complaint at ¶¶ 103-120); see also In re Facebook, Inc. Sec. Litig., 405 F.Supp.3d 809, 827 (N.D. Cal. 2019) (granting judicial notice of quarterly earnings call transcripts "because the[y] are relied on extensively by Plaintiffs[,]" "are used as evidence to establish a material misstatement or omission[,]" and "they are [] matters of public record").

accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); see, e.g., Columbia River People's Utility Dist. v. Portland Gen. Elec. Co., 40 F.Supp.2d 1152, 1153-54 (D. Or. 1999) (court has discretion whether to consider materials outside the pleadings and "convert the motion to dismiss to a motion for summary judgment"); Williams v. Cty. of Alameda, 26 F.Supp.3d 925, 935 (N.D. Cal. 2014) ("[T]he Court has discretion either to consider or reject such evidence" outside the pleadings.).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss **(Document No. 89)** is **denied without prejudice**.

2. Defendants shall file their Answer to the Consolidated Complaint or a Rule 12(b)(6) motion[2] without incorporating any documents by reference or attaching any exhibits, with the exception of Canoo's filings with the Securities and Exchange Commission and March 29, 2021, quarterly earnings call transcript filed here as Exhibits 2-3, 8-11, 13-16, and 18-20, no later than **August 2, 2022**.

Dated this 19th day of July, 2022.

/s/
Fernando M. Olguin
United States District Judge

[2] The Local Rule 7-3 meet and confer requirement is waived for this motion.