POMERANTZ LLP
Jennifer Pafiti (SBN 282890)
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York   10016
Telephone:   (212) 661-1100
jpafiti@pomlaw.com
jalieberman@pomlaw.com
mjsteven@pomlaw.com

*Co-Lead Counsel for Lead Plaintiff & the Proposed Class*

— additional counsel on signature page —

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SAMUEL BLAKE, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,

Defendants.

**Case No. 2:21-CV-02873-FMO-JPR**

(**Consolidated**)

Case No. 2:21-CV-02879-FMO-JPR

Case No. 2:21-CV-03080-FMO-JPR

**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**

1

## I.    INTRODUCTION

On May 20, 2022, Defendants filed their Motion to Dismiss Lead Plaintiff's Consolidated Amended Class Action Complaint (the "CAC") (ECF No. 85), along with a Request for Judicial Notice in Support of Defendants' Motion to Dismiss the CAC.[1] ECF Nos. 89, 89-1, 91. On June 17, 2022, Lead Plaintiff filed his Opposition To Defendants' Motion To Dismiss and his Opposition To Defendants' Request For Judicial Notice In Support Of Their Motion To Dismiss (ECF Nos. 93-94).  The Court entered an Order Re Pending Motions (ECF No. 100) (the "Order") on July 19, 2022, which denied Defendants' Motion to Dismiss without prejudice and limited judicial notice to "Canoo's filings with the Securities and Exchange Commission and March 29, 2021 quarterly earnings call transcript"(Order at 4). Defendants re-filed their Motion To Dismiss and a Memorandum Of Points And Authorities in support thereof (ECF Nos. 101, 101-1), as well as a Request for Judicial Notice (ECF No. 103) (the "Motion") in support of their Motion To Dismiss.

## II.    ARGUMENT

Defendants' request for judicial notice of "specific facts" within Exhibits 1-13 is unnecessary given the Court's prior ruling.  The Court's Order sufficiently addressed Defendants' request for judicial notice, with the exception of noting that there was a typographical error in paragraph 205 of the CAC.[2]  In its Order, the Court established that it would take judicial notice of "Canoo's Securities and Exchange Commission ("SEC") filings and earnings call transcript."  Order at 2. The Court further noted that "courts may take [] judicial notice of the SEC filings

---

[1] Defendants are Canoo Inc., ("Canoo"), then Chairman and now CEO Tony Aquila ("Aquila"), former CEO Ulrich Kranz ("Kranz"), and former CFO Paul Balciunas ("Balciunas") (collectively "Defendants").

[2] Plaintiff only stipulated to the existence of a typographical error in paragraph 205 of the CAC.

[] for their existence and contents, although not for the truth of the information contained in them." *Id*. (internal quotations and citations omitted).  In accordance with the Court's Order, any and all statements made within those thirteen exhibits have already been recognized for the fact that the statements were made. *Id.* at 3.

Defendants' Motion, which is unnecessary and duplicative given the prior ruling (*See*, Order at 4), seeks to introduce further argument beyond their motion to dismiss concerning what the documents establish and how such documents should be interpreted.  *See*, Mot. at 4 ("Exhibits 1 and 4-13 provide the context in which alleged misleading statements must be analyzed.").    Given the Court's admonishment that consideration of said evidence is better suited for arguments on a motion for summary judgement, (*See*, Order at 3), the Court should reject Defendants' efforts to improperly engage in an analysis of the value of evidence and allow discovery to proceed.  *See, e.g.*, *Williams v. Cty. of Alameda*, 26 F. Supp. 3d 925, 935 (N.D. Cal. 2014) (finding that "the evidence submitted by Defendants is more appropriately considered after the parties have had an adequate opportunity to fully develop the factual record"); *River People's Utility Dist. v. Portland Gen. Elec. Co.*, 40 F. Supp. 2d 1152, 1153-54 (D. Or. 1999) (sufficient opportunity to develop record required before summary judgment).

In accordance with the Order, and consistent with Plaintiff's previous position, the aforementioned documents are subject to judicial notice for the purpose of establishing their existence and contents, and the Court should ignore Defendants' other extraneous arguments.  *See, e.g.*, *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc*., 2017 WL 4518526, at *2 (S.D. Cal. Oct. 10, 2017) ("Defendants' motion relies not just on the existence of judicially noticeable documents, but on how to interpret those documents.  Those matters are subject to reasonable dispute.").  Plaintiff wholeheartedly agrees with the Court's explicit position that "it would be more appropriate to consider the arguments and documents (including

Canoo's SEC filings) in the context of a motion for summary judgment." Order at 3.

## III. CONCLUSION

For the foregoing reasons, the Court should stand on its previous Order, aside from taking judicial notice of the existence of a typographical error in paragraph 205 of the CAC, and properly decline to consider these arguments until the issues are ripe and the parties have reached a more appropriate stage of the litigation.

Dated: August 18, 2022

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Murielle J. Steven Walsh*
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
600 Third Avenue
20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
mjsteven@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue
15th Floor
Los Angeles, California 90024
Telephone: (310) 405 7190
jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiff & the Proposed Class*

**HOLZER & HOLZER, LLC**

By: */s/ Corey D. Holzer*
Corey D. Holzer (*pro hac vice*)
211 Perimeter Center Parkway
Suite 1010

4

Atlanta, Georgia 30346
Telephone: (770) 392 0090
Facsimile: (770) 392 0029
cholzer@holzerlaw.com

*Co-Lead Counsel for Lead Plaintiff & the Proposed Class*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Lead Plaintiff's Opposition To Defendants' Request For Judicial Notice In Support Of Their Motion To Dismiss was electronically filed via the Court's CM/ECF system which in turn will serve all counsel of record.

This 18th day of August, 2022.

*/s/ Murielle J. Steven Walsh*

1