Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA  90071
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

David A. Klein (SBN 273925)
david.klein@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA  90067
Telephone:  (310) 552-4200
Facsimile:  (310) 552-5900

*Attorneys for Defendants Canoo Inc.,
Tony Aquila, Ulrich Kranz, and Paul
Balciunas*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiffs,<br> v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>   Defendants. | Case No. 2:21-CV-02873-FMO-JPR<br><br>**(Consolidated)**<br><br>Case No. 2:21-CV-02879-FMO-JPR<br><br>Case No. 2:21-CV-03080-FMO-JPR<br><br>**DEFENDANTS CANOO INC., TONY AQUILA, ULRICH KRANZ, AND PAUL BALCIUNAS' REPLY IN SUPPORT OF THEIR UNOPPOSED REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS LEAD PLAINTIFF'S CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Hearing Date: September 22, 2022 (Pursuant to 8/25/22 Order, Dkt. 109)<br>Time: 10:00 a.m.<br>Judge: Hon. Fernando M. Olguin<br>Courtroom: 6D |

Plaintiff does not oppose Defendants' Request for Judicial Notice of Exhibits in support of their Motion to Dismiss the AC, which are excerpts of SEC filings and an earnings call transcript that the Court determined it would take judicial of in its July 19, 2022 Order.[1]  Nor does he oppose Defendants' Request for Judicial Notice of the fact that, as Plaintiff intended to allege in paragraph 205 of the AC, Canoo's stock price did not meet the conditions for Individual Defendants to receive stock incentive awards ("Earnout Shares") described in the AC.  Dkt. 106, Opp'n, at 4 ("the Court should stand on its previous Order, aside from taking judicial notice of the existence of a typographical error in paragraph 205").  His "Opposition" is therefore not a proper opposition.  Plaintiff's extraneous arguments have no merit for the following reasons.

*First*, Plaintiff claims Defendants' Request was unnecessary in light of the Order. *Id.* at 2.  But the Order directed Defendants to file a motion to dismiss attaching only the Exhibits and did not specify whether Defendants would need to renew their request for the Court's consideration of the Exhibits.  Defendants accordingly filed their Request setting forth the bases for the Request out of an abundance of caution, given that such a request is required to submit exhibits in support of any motion.  As Plaintiff's concede, Defendants also needed to file the Request to support their unopposed request for judicial notice of the fact regarding Canoo's stock price.  *Id.* at 4.

*Second*, Plaintiff contends that Defendants did not need to include an appendix identifying facts in the Exhibits the Court should judicially notice because the Order determined that the Court will take judicial notice of the Exhibits for the fact that

---

[1]  References to "Mot." or "Motion" refer to the Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, Dkt. 101-1. References to "Request" refer to Defendants' Request for Judicial Notice in Support of the Motion, Dkt. 103.  References to "Opposition" or "Opp'n" refer to Plaintiff's Opposition to the Request, Dkt. 106.  References to "Exhibits" refer to the Exhibits to the Declaration of David A. Klein in Support of Defendants' Motion, Dkt. 102. References to "AC" refer to Lead Plaintiff's Consolidated Amended Class Action Complaint for purported violations of federal securities laws, Dkt. 85.  References to "Order" refer to the Court's July 19, 2022 Order Re: Pending Motion, Dkt. 100. References to "Individual Defendants" refer to Tony Aquila, Ulrich Kranz, and Paul Balciunas.

1

statements in the Exhibits were made. *Id.* at 2. But the Order specifically indicated that Defendants should "identify which facts within each exhibit they want the court to judicially notice." Dkt. 100, Order, at 2. Defendants included the appendix in an effort to comply with the Order. The appendix only identifies the specific statements in the Exhibits that the Court can judicially notice for the fact that the statements were made. Dkt. 103, Request, at 8-14.

*Third*, Plaintiff asserts that the Request "seeks to introduce further argument . . . concerning what the documents establish and how such documents should be interpreted." Dkt. 106, Opp'n, at 3. This assertion is demonstrably false. The Request simply identifies the legal authority establishing the bases for the Court's consideration of the Exhibits and Defendants' use of the Exhibits in their Motion. Dkt. 103, Request, at 2-6. For example, the Request provides notice that all of the Exhibits are incorporated by reference in the AC, which Plaintiff does not dispute. *Id.* at 3-4; *see also* Dkt. 106, Opp'n, at 1-3. And the Request identifies cases explaining why similar documents were appropriately considered for motions to dismiss alleged securities fraud claims. *Id.* Defendants only briefly explain that their use of the Exhibits in support of the Motion is consistent with those cases and the Court's Order. *Id.* at 4.[2]

Plaintiff does not—and cannot—identify any argument in the Request concerning the interpretation of any Exhibits. Moreover, Plaintiff's Opposition does

---

[2] Plaintiff cites three cases that are distinguishable from the Request here, as they do not involve motions to dismiss alleged securities fraud claims governed by the PSLRA. Dkt. 106, Opp'n, at 3; *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 935 (N.D. Cal. 2014) (use of deposition in motion to dismiss § 1983 claim arising from warrantless entry on property); *Columbia River People's Util. Dist. v. Portland Gen. Elec. Co.*, 40 F. Supp. 2d 1152, 1153-54 (D. Or. 1999) (submission of extrinsic evidence by plaintiff and defendant in connection with motion to dismiss antitrust claim); *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2017 WL 4518526, at *2 (S.D. Cal. Oct. 10, 2017) (request for judicial notice of patent file history in patent dispute). The Exhibits here have particularized applicability and importance in a motion to dismiss securities fraud claims due to the PSLRA's heightened pleading requirements and stay of discovery pending a motion to dismiss, as well as the requirement that alleged misleading statements be analyzed in the context surrounding the statements. Mot., at 5-6; Dkt. 103, Request, at 2-4; *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 622 & n.5 (9th Cir. 2022) (affirming dismissal and finding statements inactionable based on context and safe-harbor).

2

not dispute anything regarding the Exhibits or use of the Exhibits in the Motion. Moreover, Plaintiff does not—and cannot—argue that Defendants' use of the Exhibits is in any way inconsistent with the legal authority Defendants cite.

*     *     *

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the Exhibits consistent with the Court's Order, Dkt. 100, and also take judicial notice of the fact that Canoo's stock price has not reached or exceeded $18 per share for any 20 trading days within any consecutive 30 trading-day period since August 17, 2020, and therefore never rose to meet the conditions for the Individual Defendants to receive Earnout Shares described in the AC.

DATED:  September 8, 2022

Respectfully submitted,

Kirkland & Ellis LLP

*/s/ David A. Klein*
David A. Klein

*Attorneys for Defendants*