| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | **UNITED STATES DISTRICT COURT** |
| 7 | **CENTRAL DISTRICT OF CALIFORNIA** |
| 8 | |

| | | | |
|---|---|---|---|
| 9 | SAMUEL BLAKE, | ) | Case No. CV 21-2873 FMO (JPRx) |
| 10 | Plaintiff, | ) ) ) | |
| 11 | v. | ) ) | **ORDER** |
| 12 | CANOO INC., et al., | ) ) | |
| 13 | Defendants. | ) ) | |
| 14 | | | |

15  Having reviewed and considered all the briefing filed with respect to the Motion to Dismiss
16  Lead Plaintiff's Consolidated Amended Class Action Complaint for Violations of the Federal
17  Securities Laws (Dkt. 101, "Motion"), filed by defendants Canoo Inc. ("Canoo"), Tony Aquila, Ulrich
18  Kranz, Paul Balciunas (collectively, "defendants"), the court finds that oral argument is not
19  necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar.
20  Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

21  Many motions to dismiss can be avoided if the parties confer in good faith (as required by
22  Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could
23  be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052
24  (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to
25  amend unless it is clear that the complaint could not be saved by any amendment). Moreover,
26  a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P.
27  15(a)(1). Even after a complaint has been amended or a responsive pleading has been served,
28  the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend]

when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant defendants' Motion and dismiss plaintiff's Consolidated Amended Class Action Complaint [] (Dkt. 85, "Consolidated Complaint") with leave to amend. In preparing the Second Amended Consolidated Complaint, plaintiff shall carefully evaluate the issues discussed in this Order and the contentions set forth in defendants' Motion. For example, the court is skeptical that plaintiff has adequately alleged, with the detail or corroboration required under the Private Securities Litigation Reform Act ("Reform Act"), 15 U.S.C. § 78u-4, that defendants' statements are materially false or misleading. For example, plaintiff appears to argue that defendants' statements were misleading due to omissions. (See, e.g., Dkt. 104, Opposition to Defendants' Motion to Dismiss ("Opp.") at 8) ("Defendants violated their duty to disclose material, adverse facts that contradicted their positive characterization and assessment of Canoo's engineering services division."). "To be actionable under the securities laws, an omission must be misleading; in other words it must affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists." Brody v. Transitional Hosps. Corp., 280 F.3d 997, 1006 (9th Cir. 2002); (see Dkt. 104, Opp. at 8) (asserting that "Defendants violated their duty to disclose material, adverse facts that contradicted their positive characterization and assessment of Canoo's engineering services division" and citing Brody). Under the Reform Act, a plaintiff must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1); see Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc., 774 F.3d 598, 604 (9th Cir. 2014) (same).

Here, the Consolidated Complaint alleges that several statements by defendants regarding Canoo's contract engineering services, (see Dkt. 85, Consolidated Complaint at ¶¶ 76-77, 85-86, 93, 95); (Dkt. 104, Opp. at 8), "were false and misleading because Defendants knew but failed to

disclose that . . . revenue derived from the contract engineering services division was the result of a single performance obligation, which had been completed in July 2020[.]" (Dkt. 85, Consolidated Complaint at ¶¶ 79, 88, 94, 96). The Consolidated Complaint appears to suggest that defendants did not reveal this information until Canoo filed its filed its Form 10-K for 2020 with the Securities and Exchange Commission ("SEC") on March 31, 2021. (See id. at ¶ 122). However, it appears that Canoo disclosed this information, using the same language, in at least four earlier SEC disclosures. (See Dkt. 101-1, Memorandum of Points and Authorities [] ("Memo.") at 7); (Dkt. 104, Opp. at 9).

The Consolidated Complaint also alleges that the same set of statements were false and misleading because defendants failed to disclose, during the class period, that "Canoo did not work 'with or for Hyundai[.]'" (Dkt. 85, Consolidated Complaint at ¶¶ 79, 88, 94, 96) But it is unclear why the identified statements, such as a press release statement on August 18, 2020, that the company's "technology that has already been validated by key partnerships such as with Hyundai[,]" (id. at ¶ 74); (see Dkt. 104, Opp. at 8), could be rendered false or misleading by that omission. For example, plaintiff acknowledges that "the Company announced in February 2020 that it had entered into an agreement with Hyundai to co-develop a future EV platform based on Canoo's modular and scalable skateboard technology." (Dkt. 85, Consolidated Complaint at ¶ 169).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss Lead Plaintiff's Consolidated Amended Class Action Complaint [] **(Document No. 101)** is **granted**.

2. The Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. 85) is **dismissed with leave to amend**.

3. Plaintiff shall file a second amended consolidated complaint, attempting to cure the deficiencies set forth above, as well as the other alleged defects outlined in defendants' Motion, or a Notice of Intent to Stand on Consolidated Amended Class Action Complaint ("Notice of Intent"), no later than **March 10, 2023**. See WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135-36 (9th Cir. 1997) ("Unless a plaintiff files in writing a notice of intent not to file an amended complaint,

such dismissal order is not an appealable final decision.  In a typical case, filing of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable.").  The court expects that defendants will agree to any amendments that will or attempt to cure the alleged defects.

4. The second amended consolidated complaint must be labeled "Second Amended Consolidated Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case.  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make his Second Amended Consolidated Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.  In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5. Plaintiff is cautioned that failure to timely file a Second Amended Consolidated Complaint or Notice of Intent shall result in this action being dismissed without prejudice for failure to prosecute and failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

6. Defendants shall file their Answer to the Second Amended Consolidated Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **March 24, 2023**.

4

7. In the event defendants wishes to file another motion to dismiss,[1] then counsel for the parties shall, on **March 17, 2023, at 10:00 a.m.**[2] meet and confer in person, via video, or telephonically to discuss defendants' motion to dismiss. Defendants' motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

Dated this 28th day of February, 2023.

                                                                            /s/
                                              Fernando M. Olguin
                                          United States District Judge

---

[1] If defendants file another motion to dismiss, the parties' memorandum of points and authorities shall not "exceed 7,000 words, including headings, footnotes, and quotations, but excluding the caption, the table of contents, the table of authorities, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits." Local. Rule 11-6.1. It appears that half or more of defendants' Reply in Support of their Motion to Dismiss [] (Dkt. 110), which was filed before revised Local Rule 11-6.1 took effect, is comprised of lengthy footnotes.

[2] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.