Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

David A. Klein (SBN 273925)
david.klein@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

*Attorneys for Defendants Canoo Inc., Tony Aquila, Ulrich Kranz, and Paul Balciunas*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br>   v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>  Defendants. | CASE No. 2:21-CV-02873-FMO-JPR<br>**(Consolidated)**<br>Case No. 2:21-CV-02879-FMO-JPR<br>Case No. 2:21-CV-03080-FMO-JPR<br>**DECLARATION OF DAVID A. KLEIN IN SUPPORT OF DEFENDANTS CANOO INC., TONY AQUILA, ULRICH KRANZ, AND PAUL BALCIUNAS' MOTION TO DISMISS LEAD PLAINTIFF'S THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br>Hearing Date: February 22, 2024 (Pursuant to Briefing Schedule, *see* Dkt. 127)<br>Time: 10:00 a.m.<br>Judge: Hon. Fernando M. Olguin<br>Courtroom: 6D |

# DECLARATION OF DAVID A. KLEIN

I, David A. Klein, declare as follows:

1. I am a partner at Kirkland & Ellis LLP and am one of the attorneys representing Defendants Canoo Inc. ("Canoo"), Tony Aquila, Ulrich Kranz, and Paul Balciunas ("Defendants") in the above-captioned matter. I make this declaration in support of Defendants' Motion to Dismiss Lead Plaintiff's Consolidated Third Amended Class Action Complaint for Violations of the Federal Securities Laws ("Motion"), filed concurrently herewith. Unless otherwise stated, the facts stated in this declaration are based on my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. Attached as **Exhibit 1** is a true and correct highlighted copy of excerpts from Canoo's Form S-1 Registration Statement filed with the SEC on January 13, 2021.

3. Attached as **Exhibit 2** is a true and correct highlighted copy of the transcript of Canoo's FQ4 2020 Earnings Call on March 29, 2021.

4. Attached as **Exhibit 3** is a true and correct highlighted copy of excerpts from Canoo's Form 10-Q filed with the SEC on May 17, 2021.

5. Attached as **Exhibit 4** is a true and correct highlighted copy of a transcript titled "Canoo Merger with Hennessy Capital Acquisition IV Corp. Investor Conference Call Transcript August 18, 2020" filed with the SEC under Rule 425 on August 18, 2020.

6. Attached as **Exhibit 5** is a true and correct highlighted copy of excerpts from Hennessy Acquisition Corp. IV's ("HCAC IV") Form 8-K, attaching Exhibit 99.2, an August 2020 Investor Presentation filed with the SEC on August 18, 2020.

7. Attached as **Exhibit 6** is a true and correct highlighted copy of excerpts from HCAC IV's Form S-4 Registration Statement filed with the SEC on September 18, 2020.

8. Attached as **Exhibit 7** is a true and correct highlighted copy of excerpts from

1

HCAC IV's Amendment No. 1 to Form S-4 Registration Statement filed with the SEC on October 23, 2020.

9. Attached as **Exhibit 8** is a true and correct highlighted copy of excerpts from Hennessy Capital Acquisition Corp. IV's Amendment No. 2 to Form S-4 Registration Statement dated November 25, 2020 and filed with the SEC.

10. Attached as **Exhibit 9** is a true and correct highlighted copy of excerpts from HCAC IV's Prospectus pursuant to Rule 424(b)(3) filed with the SEC on December 4, 2020.

11. Attached as **Exhibit 10** is a true and correct highlighted copy of excerpts from Canoo's Prospectus pursuant to Rule 424(b)(3) filed with the SEC on January 25, 2021.

12. Attached as **Exhibit 11** is a true and correct highlighted copy of Canoo's press release titled "Electric Vehicle Company Canoo Announces Board Members" filed with the SEC under Rule 425 by HCAC IV on August 25, 2020.

13. Attached as **Exhibit 12** is a true and correct highlighted copy of Canoo's Form 8-K, including Canoo and HCAC IV's press release titled "Electric Vehicle Company Canoo and Hennessy Capital Acquisition Corp. IV Announce Closing of Business Combination" filed with the SEC on December 21, 2020.

14. Attached as **Exhibit 13** is a true and correct highlighted copy of the September 15, 2020 RBC Capital Markets Industrials Conference transcript filed with the SEC.

15. Attached as **Exhibit 14** is a true and correct highlighted copy of excerpts from Canoo's Form 8-K filed with the SEC on December 22, 2020.

16. Attached as **Exhibit 15** is a true and correct highlighted copy of HCAC IV's Form 8-K, attaching Exhibit 99.1, a September 2020 Analyst Day Presentation filed with the SEC on September 24, 2020.

17. Attached as **Exhibit 16** is a true and correct copy of the Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and

Section 21C of the Securities Exchange Act, Making Findings, and Imposing a Cease-and-Desist Order filed by the SEC In the Matter of Canoo Inc., Administrative Proceeding File No. 3-21544.

18. Attached as **Exhibit 17** is a true and correct copy of the Complaint filed on August 4, 2023 in the action *Securities and Exchange Commission v. Kranz and Balciunas*, Case No. 23-cv-06332 (the "SEC Action").

19. Attached as **Exhibit 18** is a true and correct copy of the Consent of Ulrich Kranz filed in the SEC Action.

20. Attached as **Exhibit 19** is a true and correct copy of the Consent of Paul Balciunas filed in the SEC Action.

21. On November 13, 2023, I met and conferred with counsel for Lead Plaintiff Vladi Shaulov ("Plaintiff") via Zoom pursuant to Local Rule 7-3. The conference lasted approximately 30 minutes. During the conference, we discussed each of the grounds for the Motion to Dismiss Plaintiff's Consolidated Third Amended Complaint ("TAC"). First, the TAC fails to allege specific contemporaneous facts explaining why any statements were false or misleading when made as the primary basis for Plaintiff's claims is a March 29, 2021 earnings call months after the statements challenged in the SAC. Plaintiff does not allege that Canoo had decided to de-emphasize engineering services or subscription or expand manufacturing when the challenged statements were made. Plaintiff again alleges fraud by hindsight. Second, Plaintiff again relies on inactionable statements of opinion and puffery as well as protected forward-looking statements, including statements regarding engineering services revenue projections. Third, Plaintiff fails to plead specific facts giving rise to a strong inference of scienter. Fourth, Plaintiff's allegations against current and former Canoo executives that they had "authority" and "control" over challenged statements are insufficient to state claims for securities fraud against the individual Defendants. Plaintiff's claim under Section 20(a) (Count II) also mirrors his claim under Rule 10b-5(b) and fails for the same reasons.

22. During the conference, Plaintiff's counsel disagreed with Defendants' positions with respect to each of these bases for dismissal. Plaintiff's counsel pointed to allegations regarding the amount of money that Canoo allegedly spent analyzing parts of business plans. Plaintiff's counsel also asserted that statements about a pipeline of projected engineering services revenue are not forward looking. I responded that the safe harbor for forward-looking statements in the Private Securities Litigation Reform Act applies to statements of the assumptions underlying or related to a revenue projection and meaningful cautionary statements accompanied the allegedly misleading statements regarding engineering services revenue. For example, SEC filings containing allegedly misleading statements cautioned that expected engineering services revenue may not occur at all. Plaintiff's counsel argued that the TAC identifies an allegedly misleading statement attributable to each individual defendant. I replied that Plaintiff still engages in group pleading for all the allegedly misleading statements, which courts in the Ninth Circuit have concluded is impermissible.

23. As part of the November 13, 2023 conference, I asked Plaintiff's counsel to confirm the presentation referenced in paragraph 74 of the TAC. In a November 13 email, Plaintiff's counsel confirmed that the presentation referenced in paragraph 74 of the TAC is the presentation attached hereto as Exhibit 15.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 20th day of November 2023, in Los Angeles, California.

                                           /s/ David A. Klein
                                           David A. Klein