Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

David A. Klein (SBN 273925)
david.klein@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

*Attorneys for Defendants Canoo Inc.,
Tony Aquila, Ulrich Kranz, and Paul
Balciunas*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, <br><br> Defendants. | Case No. 2:21-CV-02873-FMO-JPR <br><br> **(Consolidated)** <br><br> Case No. 2:21-CV-02879-FMO-JPR <br><br> Case No. 2:21-CV-03080-FMO-JPR <br><br> **DEFENDANTS CANOO INC., TONY AQUILA, ULRICH KRANZ, AND PAUL BALCIUNAS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS LEAD PLAINTIFF'S THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> Hearing Date: February 22, 2024 <br> Time: 10:00 a.m. <br> Judge: Hon. Fernando M. Olguin <br> Courtroom: 6D |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................1

LEGAL STANDARD................................................................................................2

ARGUMENT .............................................................................................................3

I.    EXHIBITS 1-15 ARE INCORPORATED BY REFERENCE IN THE TAC AS THEY ARE EXTENSIVELY REFERENCED AND FORM THE BASIS OF PLAINTIFF'S CLAIMS .......................................................4

II.   THE COURT SHOULD ALTERNATIVELY TAKE JUDICIAL NOTICE OF THE FACT THAT STATEMENTS IN EXHIBITS 1-15 WERE MADE ..........................................................................................6

III.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 16-19 FOR LIMITED FACTS ............................................................................6

CONCLUSION..........................................................................................................7

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................2

*Bodri v. GoPro, Inc.*,
252 F. Supp. 3d 912 (N.D. Cal. 2017)...........................................................3

*Cholla Ready Mix, Inc. v. Civish*,
382 F.3d 969 (9th Cir. 2004)..........................................................................2

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
880 F. Supp. 2d 1045 (N.D. Cal. 2012)..........................................................5

*Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*,
868 F. Supp. 2d 983 (E.D. Cal. 2012)............................................................6

*In re Eventbrite, Inc. Sec. Litig.*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020)................................................3

*In re Stac Elecs. Sec. Litig.*,
89 F.3d 1399 (9th Cir. 1996).........................................................................3

*In re Twitter Inc. Sec. Litig.*,
506 F. Supp. 3d 867 (N.D. Cal. 2020), *aff'd Twitter*, 29 F.4th...................5

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018).........................................................................3

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008)........................................................................6

*Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*,
50 F. Supp. 3d 1328 (C.D. Cal. 2014)........................................................2, 6

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741 (9th Cir. 2006).........................................................................6

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*,
119 F. Supp. 3d 1213 (C.D. Cal. 2015)...........................................................2

*Securities and Exchange Commission v. Kranz and Balciunas*,
Case No. 23-cv-06332...............................................................................6, 7

*Shaw v. Hahn*,
56 F.3d 1128 (9th Cir. 1995).........................................................................6

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ....................................................................................2

*Steckman v. Hart Brewing Inc.*,
    143 F.3d 1293 (9th Cir. 1998) ..................................................................................2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)...................................................................................................3

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ....................................................................................2

*Waterford Twp. Police v. Mattel, Inc.*,
    321 F. Supp. 3d 1133 (C.D. Cal. 2018)...................................................................6

*Weston Fam. P'ship LLLP v. Twitter, Inc.*,
    29 F.4th 611 (9th Cir. 2022) ................................................................................3, 5

**Statutes**

15 U.S.C. § 78j(b)....................................................................................................7

15 U.S.C. § 78u-4(b)(3)(B)......................................................................................2

15 U.S.C. § 78u-5 ....................................................................................................5

**Rules**

17 C.F.R. § 240.10b-5...............................................................................................1

Fed. R. Civ. P. 12(b)(6) ...........................................................................................2

Fed. R. Evid. 201 ..............................................................................................2, 3, 6

# **INTRODUCTION**

Defendants hereby provide notice that Exhibits 1-15 attached to the concurrently filed Declaration of David A. Klein in support of Defendants' Motion to Dismiss Lead Plaintiff's Consolidated Third Amended Complaint ("Motion") are incorporated by reference in Lead Plaintiff's Consolidated Third Amended Complaint ("TAC"), Dkt. 125.[1] Defendants request that the Court consider Exhibits 1-15 under the incorporation-by-reference doctrine in deciding Defendants' concurrently filed Motion to Dismiss the TAC.

If the Court does not consider Exhibits 1-15 under the incorporation-by-reference doctrine, Defendants alternatively request that the Court take judicial notice of these Exhibits, which are excerpts of publicly available SEC filings and a copy of Canoo's March 29, 2021 quarterly earnings call transcript referenced in the TAC.  Defendants alternatively request that the Court take judicial notice of Exhibits 1-15 for the fact that statements in the Exhibits were made and context, although not for the truth of the information contained in the Exhibits.

In addition, Defendants request that the Court take judicial notice of Exhibits 16-19, which are an order filed in a Securities and Exchange Commission ("SEC") proceeding against Defendant Canoo Inc., a complaint against Defendants Ulrich Kranz and Paul Balciunas filed by the SEC in a court proceeding ("Complaint"), and consents to judgment in that court proceeding.  Defendants request that the Court take judicial notice of Exhibits 16-19 for the limited facts that (i) Canoo did not admit or deny the findings in the SEC order and Kranz and Balciunas did not admit or deny the allegations in the SEC's Complaint in connection with settlements of those proceedings, and (ii) the SEC did not allege a violation of Section 10(b) of the Securities Exchange Act of

---

[1] Citations to "Ex." and "Exhibits" refer to Exhibits to the concurrently filed Declaration of David A. Klein ("Klein Decl.") in Support of Defendants' Motion to Dismiss.  Citations to "AC" refer to Lead Plaintiff's Consolidated Amended Complaint, Dkt. 85.  Citations to "TAC" refer to the Consolidated Third Amended Class Action Complaint, Dkt. 125.  All emphasis is added to and quotations are omitted from citations unless otherwise indicated.

1

1934 or Rule 10b-5 in either proceeding.  Defendants do not request that the Court take judicial notice of Exhibits 16-19 for the truth of the information contained in the Exhibits.  An appendix identifying the specific facts within Exhibits 1-19 that the Court should judicially notice is included here.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is generally directed to whether the complaint, as pleaded, assuming its non-conclusory allegations to be true, states a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  This Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004).  Additionally, this Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."  *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1348 (C.D. Cal. 2014) (quoting *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998)).  Likewise, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice[.]"  *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1243 n.112 (C.D. Cal. 2015) (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)).

The incorporation-by-reference doctrine and judicial notice under Federal Rule of Evidence 201 have particular importance in motions to dismiss claims governed by the Private Securities Litigation Reform Act ("PSLRA").  The PSLRA stays discovery during the pendency of a motion to dismiss.  15 U.S.C. § 78u-4(b)(3)(B).  In a case such as this one, U.S. Supreme Court precedent instructs that "courts must consider the

complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Recent Ninth Circuit precedent reaffirms that, in ruling on a motion to dismiss claims subject to the PSLRA, "[t]he court may consider all materials incorporated into the complaint by reference, as well as evidence properly subject to judicial notice." *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022).

## ARGUMENT

The incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). *Khoja* "does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference [on a motion to dismiss] to create factual disputes with a plaintiff's *conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (emphasis in original). "Moreover, nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context. . . . *Khoja* thus did not eradicate the rule that alleged false statements 'must be analyzed in context.'" *Id.* (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996); citing *Khoja*, 899 F.3d at 1002)); *see also Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 924 (N.D. Cal. 2017) ("A statement is misleading only if a reasonable investor, reading the statement fairly and ***in context***, would be misled."). Defendants hereby provide notice that, in addition to being subject to judicial notice under Federal Rule of Evidence 201, Exhibits 1-15 are incorporated by reference in the TAC.

3

## I.    EXHIBITS 1-15 ARE INCORPORATED BY REFERENCE IN THE TAC AS THEY ARE EXTENSIVELY REFERENCED AND FORM THE BASIS OF PLAINTIFF'S CLAIMS

Exhibits 1 and 4-15, excerpts of publicly available SEC filings, are incorporated by reference in the TAC as they are extensively referenced and quoted in the TAC and are alleged to contain misleading statements that form the basis of Plaintiff's claims.[2] Exhibit 2 is the transcript of Canoo's March 29, 2021 Earnings Release Call.  Klein Decl. ¶3, Ex. 2.  As the Court found in relation to the AC, the TAC "also quotes from and relies upon the March 29, 2021 quarterly earnings call transcript to support plaintiff's corrective disclosure allegations."  Dkt. 100, Order, at 3 n.1; TAC ¶¶112-130.  Exhibit 3 is an excerpt of Canoo's Form 10-Q publicly filed with the SEC on May 17, 2021.  Klein Decl. ¶4, Ex. 3.  The TAC includes a truncated quotation from Exhibit 3 in the TAC (TAC, ¶140), and Plaintiff has argued that the quoted disclosure in the filing contributes to an inference of scienter.  The Exhibits are thus appropriately considered for a Rule 12(b)(6) motion to dismiss Plaintiff's claims governed by the PSLRA.[3]

---

[2]  *Compare* Klein Decl. ¶2, Ex. 1 (1/13/2021 Form S-1) *with* TAC ¶¶96-109; *compare* Klein Decl. ¶5, Ex. 4 (8/18/2020 Tr.) *with* TAC ¶¶63-67, 71, 75; *compare* Klein Decl. ¶6, Ex. 5 (8/18/2020 Presentation) *with* TAC ¶¶68-71, 75; *compare* Klein Decl. ¶7, Ex. 6 (9/18/2020 Form S-4) *with* TAC ¶¶53, 76; *compare* Klein Decl. ¶ 8, Ex. 7 (10/23/2020 Amend. No. 1 to Form S-4) *with* TAC ¶¶54, 76; *compare* Klein Decl. ¶9, Ex. 8 (11/25/2020 Amend. No. 2 to Form S-4) *with* TAC ¶¶54, 76; *compare* Klein Decl. ¶10, Ex. 9 (12/4/2020 Prospectus) *with* TAC ¶¶55, 77-89; *compare* Klein Decl. ¶11, Ex. 10 (1/25/2021 Prospectus) *with* TAC ¶¶60, 110; *compare* Klein Decl. ¶12, Ex. 11 (8/25/2020 Rule 425 Release) *with* TAC ¶¶72, 75; *compare* Klein Decl. ¶13, Ex. 12 (12/21/2020 Form 8-K Release) *with* TAC ¶¶90-91; *compare* Klein Decl. ¶14, Ex. 13 (9/15/2020 RBC Tr.) *with* TAC ¶¶73, 75; *compare* Klein Decl. ¶15, Ex. 14 (12/22/2020 Form 8-K) *with* TAC ¶¶57, 92, 94; *compare* Klein Decl. ¶16, Ex. 15 (September 2020 Presentation) *with* TAC ¶¶74-75.

[3]  Respectfully, the volume and number of Exhibits here is a product of Plaintiff's pleading strategy.  The TAC alleges 34 statements were misleading by repeating conclusory allegations that the same or substantially similar omissions made statements regarding Canoo's engineering services business, subscription model, and manufacturing plan misleading.  *See* TAC §§ VII-VIII.  And after quoting an alleged misleading statement in one SEC filing, Plaintiff includes conclusory allegations that the same allegedly misleading statements were made in another SEC filing.  *See* TAC ¶110.  The TAC also contains a conclusory allegation that three SEC filings "contained false and misleading statements" without specifically

Exhibits 1 and 4-15 provide the context in which alleged misleading statements must be analyzed.  And Defendants' argument in their Motion to dismiss properly relies on all the Exhibits to contradict the TAC's conclusory allegations that:  (i) statements in Exhibits 1 and 4-15 were false and misleading because Defendants failed to disclose information (*supra* n.2); (ii) disclosures in Exhibit 2 revealed that Defendants "failed to disclose to investors material adverse facts about the financial viability" of the Company business model, operations, and prospects (TAC ¶¶125, 182); and (iii) Defendants engaged in a "scheme to deceive the market and a course of conduct that artificially inflated the price of the Company's securities . . . ." *Id.* ¶172.

Defendants also rely on Exhibits 1 and 4-15 for the identification of forward-looking statements and cautionary language that make challenged statements in these Exhibits inactionable under the PSLRA's safe harbor for forward-looking statements. *See* Exs. 1 at iii-iv, 4-5, 7-40; 4 at 17; 5 at 2; 6 at 35-80; 7 at 35-80; 8 at 37-83; 9 at 37-83; 10 at iii-iv, 5, 7-40; 11 at 3; 12 at 5-6; 13 at 9; 14 at 4-5; 15 at 3, 6;  *see also Twitter*, 29 F.4th at 620; 15 U.S.C. § 78u-5.  Courts routinely consider SEC filings submitted with a Rule 12(b)(6) motion to dismiss to determine whether the PSLRA's safe harbor renders alleged misleading statements inactionable, without converting the motion to a motion for summary judgment.  *See, e.g.*, *In re Twitter Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1, 881-82 (N.D. Cal. 2020) (judicially noticing SEC filings as "incorporated into the complaint by reference" and finding statements in SEC filing were inactionable under the PSLRA's safe harbor), *aff'd Twitter*, 29 F.4th at 623 (affirming dismissal under Rule 12(b)(6) because, among other reasons, challenged statements fell within the PSLRA's safe harbor provision).[4]

---

identifying any of the statements in those filings that the Plaintiff alleges were misleading.  *See* TAC ¶76.

[4] *See also City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058-59, 1061-62 (N.D. Cal. 2012) (granting request for judicial notice, applying both the judicial notice and incorporation-by-reference doctrines, and finding statements made during investor conference calls and in SEC filings were inactionable under the PSLRA's safe harbor).

5

## II.   THE COURT SHOULD ALTERNATIVELY TAKE JUDICIAL NOTICE OF THE FACT THAT STATEMENTS IN EXHIBITS 1-15 WERE MADE

The Federal Rules of Evidence permit the Court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  If a party requests judicial notice and "supplie[s] . . . the necessary information," judicial notice "must" be taken.  Fed. R. Evid. 201(c)(2).  Courts routinely take judicial notice of SEC filings and earnings call transcripts for their existence and contents.  *Oklahoma Firefighters Pension & Ret. Sys.*, 50 F. Supp. 3d 1328, 1349 n. 153 (SEC filings are subject to judicial notice); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1046 n.7 (9th Cir. 2008) (same); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133 (C.D. Cal. 2018) (granting judicial notice of earnings call transcripts).

## III.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 16-19 FOR LIMITED FACTS

Courts also "routinely take judicial notice of publicly available records . . . from other court proceedings."  *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012); *see also Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (taking judicial notice of a related court order as a "matter[] of public record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice, as a matter of public record, "pleadings, memoranda, expert reports, etc., from [earlier] litigation").  Exhibits 16-19 are: the Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order filed by the SEC In the Matter of Canoo Inc., Administrative Proceeding File No. 3-21544 ("SEC Order"); the Complaint filed in *Securities and Exchange Commission v. Kranz and Balciunas*, Case No. 23-cv-06332 (the "SEC

Action"); the Consent of Ulrich Kranz filed in the SEC Action; and the Consent of Paul Balciunas filed in the SEC Action.

The TAC extensively cites the SEC Order and refers to a settlement between Canoo and the SEC. TAC ¶¶143-147. The TAC likewise extensively cites the Complaint in the SEC Action and refers to settlements that Kranz and Balciunas entered with the SEC. TAC ¶¶144-157. The TAC, however, omits that Canoo, Kranz, and Balciunas did not admit or deny the SEC's allegations in connection with the settlements. The TAC also omits that in these proceedings, the SEC did not allege claims under Section 10(b) of the Exchange Act. Accordingly, the Court should take judicial notice of the facts that the SEC Order does not state that Canoo violated Section 10(b) of the Exchange Act and the Complaint in the SEC Action does not allege claims against Kranz or Balciunas for violations of Section 10(b) of the Exchange Act. The Court should also take judicial notice of the facts that the SEC Order states that Canoo settled the SEC proceeding against it without admitting or denying the findings in the SEC Order and the Consents of Balciunas and Kranz state that they consented to the entry of judgment without admitting or denying the allegations in the SEC's Complaint.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-15 under the incorporation-by-reference doctrine and take judicial notice of Exhibits 16-19.

DATED:  November 20, 2023

Respectfully submitted,

Kirkland & Ellis LLP

/s/ David A. Klein
David A. Klein

Attorneys for Defendants

**APPENDIX OF STATEMENTS IN EXHIBITS SUBJECT TO JUDICIAL**

**NOTICE FOR THE FACT THAT THE STATEMENTS WERE MADE**

| Exhibit Nos. | Statements |
|---|---|
| Ex. 1 (January 13, 2021 Form S-1)<br><br>Ex. 10 (January 25, 2021 Form 424(b)(3) Prospectus) | • Canoo "applies Accounting Standards Codification ('ASC') 606, Revenue from Contracts with Customers ('ASC 606') which governs how the Company recognizes revenue." Under these accounting standards, Canoo recognized revenue only when it "satisfies the performance obligations." Exs. 1 & 10 at F-33.<br><br>• "During 2020, [Canoo's] revenue has been derived from the provision of engineering, development and design consulting services on a project basis." Exs. 1 & 10 at 60.<br><br>• "During 2020, the Company's revenue was derived from the provision of consulting services on a project basis. The Company's fixed price contracts related to these services contain a single performance obligation, which was satisfied in July 2020 when the Company provided the final report to the customer. Revenue for these services was recognized at a point in time, when the project was delivered." Exs. 1 & 10 at F-33.<br><br>• Canoo's directors as of December 31, 2020 were Tony Aquila, Foster Chiang, Greg Ethridge, Josette Sheeran, Thomas Dattilo, Rainer Schmueckle, and Debra von Storch. Ex. 1 at 105-108. Sheeran, Dattilo, Schmueckle, and von Storch had no prior affiliation with Canoo.<br><br>• Exhibit 1 contains the statements in the sections in Exhibits 1 titled "Cautionary Note Regarding Forward-Looking Statements," "Risks Associated with Our Business," and "Risk Factors." Ex. 1 at iii-iv, 4-5, 7-40.<br><br>• Exhibit 10 contains the statements in the sections in Exhibit 10 titled "Cautionary Note Regarding Forward-Looking Statements," "Risks Associated with Our Business," and "Risk Factors." Ex. 10 at iii-iv, 4-5, 7-40.<br><br>• The "Cautionary Note Regarding Forward-Looking Statements" sections in Exhibits 1 and 10 state "any |

| Exhibit Nos. | Statements |
|---|---|
| | statements that refer to projections, forecasts or other characterizations of future events or circumstances, including any underlying assumptions, are forward-looking statements." The sections also state that words such as "expect", "project", and "potential" identify forward-looking statements, and that forward-looking statements are subject to numerous "risks and uncertainties" and that "factors that could cause actual results to differ" include the "ability of [Canoo] to execute [its] business model . . . ." Exs. 1 & 10 at iii-iv.<br><br>• The "Risk Factors" sections in Exhibits 1 and 10 state that Canoo "currently expect[s] to add . . . contract engineering revenue in 2021 and 2022, which may occur later or not at all." Exs. 1 at 8, 14; 10 at 14.<br><br>• The "Risks Associated with Our Business" section in Exhibit 1 states that Canoo's "business plans require a significant amount of capital." Ex. 1 at 4.<br><br>• The "Risk Factors" sections in Exhibits 1 and 10 include the statement that Canoo's "business plans require a significant amount of capital" under the heading "Summary of Risks[,]" Exs. 1 & 10 at 7, as well as under the heading "Risks Related to our Business and Industry." Exs. 1 & 10 at 10.<br><br>• The "Risks Associated with Our Business" and "Risk Factors" sections in Exhibits 1 and 10 state the subscription model "may never achieve the level of market acceptance necessary to achieve profitability." Exs. 1 & 10 at 5, 8, 17. |
| Ex. 2 (March 29, 2021 FQ4 2020 Earnings Call Tr.) | • Exhibit 2 contains the statements said during Canoo's March 29, 2021 earnings call including the following made by Tony Aquila:<br><br>• "Since taking on the role of Executive Chairman . . . we've done a deep dive to determine how to optimize our growth opportunities and maximize our shareholder value." Ex. 2 at 4. |

| Exhibit Nos. | Statements |
|---|---|
| | • "First, we built out a world-class Board of Directors and are now building out our C-suite . . . Today, we announced that Renato Giger, who I have worked with and known for many years, joined us as our interim CFO. He, along with Ramesh Murthy, our new Chief Accounting Officer; and Hector Ruiz, our new VP of Global Strategy, Tax Counsel and Treasury, will drive the necessary finance process, infrastructure and systems to transition us from a private company to a public company, or as we say, move from little P to big P. To guide our brand and develop our commercialization and go-to-market strategy, we have brought in Mark Aikman as our Chief Marketing Officer, Automotive. Over the next 4 to 6 quarters, we will be focused on completing the build-out of our executive team in a disciplined manner." Ex. 2 at 4-5.<br><br>• "Due to the expansion of our derivatives and the best return on capital, it was decided by our Board to deemphasize the originally stated contract engineering services line." *Id.* at 5.<br><br>• In response to a question about deemphasizing engineering services, Aquila stated: "[I]f you can find a partnership or something like that, it can make sense. And we'll continue to look at things." *Id.* at 9.<br><br>• "So, look, as we've kind of been navigating through going public, we're obviously bringing people with extreme public company experience. . . . But we've been bringing in people that, one, we know and they have worked together, as I mentioned in my comments. . . .If you look back at the history of the team that is now more and more coming into play, they've been --they never missed consensus." *Id.* at 10.<br><br>• "I think the more maturity of this team would not be that presumptuous. We'd only announced what is contracted. But yes, I think they had the opportunities, but they weren't at our standard of representation to the public market." *Id.* at 17. |
| Ex. 3 (May 17, 2021 Form 10-Q) | • Exhibit 3 states: "The SEC has also informed the Company that the investigation does not mean that it has concluded that anyone has violated the law, and does not mean that it has a |

| Exhibit Nos. | Statements |
|---|---|
|  | negative opinion of any person, entity or security.  We intend to provide the requested information and cooperate fully with the SEC investigation." Ex. 3 at 17. |
| Ex. 4 (August 18, 2020 Investor Conference Call Tr. filed with SEC)  Ex. 5 (August 18, 2020 Investor Presentation attached to Form 8-K) | • Exhibits 4 and 5 contain the statements in the sections titled "Forward Looking Statements" and "Use of Projections and Description of Key Partnerships."  These statements include: "Forward-looking statements may be identified by the use of words such as 'estimate,' 'plan,' 'project,' 'forecast,' 'intend,' 'will,' 'expect,' 'anticipate,' 'believe,' 'seek,' 'target' or other similar expressions that predict or indicate future events or trends that are not statements of historical matters."  These statements also include: "These forward-looking statements are subject to a number of risks and uncertainties," including "risks relating to the uncertainty of the projected financial information with respect to Canoo" and "risks related to Canoo's go-to-market strategy and subscription business . . ."  Exs. 4 at 17; 5 at 2. These statements also include: "This presentation contains projected financial information with respect to Canoo, namely revenue . . . for 2020-2026.  Such projected financial information constitutes forward-looking information, and is for illustrative purposes only and should not be relied upon as necessarily being indicative of future results."  Ex. 5 at 2.  • Canoo's presentation at an August 18, 2020 investor conference referred to "contract engineering . . . opportunities", "potential projects", and an estimated $120 million revenue projection for 2021 that "consist[ed] of a couple of projects . . . in the advanced stages of negotiation."  Ex. 4 at 8; 5 at 37.  As reflected in an August 18, 2020 investor conference transcript filed with the SEC, Balciunas explained that Canoo's Hyundai partnership was "in the first phase . . . [w]ith . . . potential opportunity to move forward into future phases."  Ex. 4 at 8.  The presentation accompanying Balciunas' statement also noted that descriptions of Canoo's business partnership with Hyundai were "subject to negotiation and execution of definitive |

11

| Exhibit Nos. | Statements |
|---|---|
| | agreements . . . which have not been completed . . . and . . . remain subject to change." Ex. 5 at 2. |
| | • The SEC filings, transcript, and presentation state that words such as "will", "target", and "intends" may identify forward-looking statements. Exs. 4 at 17; 5 at 2. |
| | • The August 18, 2020 investor call transcript and presentation also identify "Canoo's go-to-market strategy and subscription business" as a risk or uncertainty that the forward-looking statements are subject to. Exs. 4 at 17; 5 at 2. |
| | • During his presentation of Slide 37 of Exhibit 5 in the August 18, 2020 conference call, Balciunas stated: "We've been targeting specifically technology companies, passenger OEMs, delivery OEMs, and then autonomous driving companies as potential partners. Currently in our pipeline, we have $120 million of projected revenue in 2021, which consists of a couple of projects that are in the advanced stages of negotiation." Exs. 4 at 8. |
| | • During his presentation of Slide 37 in Exhibit 5 at the August 18, 2020 conference call, Balciunas also stated: "On the bottom half of the page are a couple of case studies. Most importantly, is with Hyundai. . . . This is a multiple-phase partnership and we currently are in the first phase in doing some contract engineering work that leverages our existing technology, but we're tailoring it to Hyundai's specifications. With the potential opportunity to move forward into future phases . . . ." *Id.* |
| | • Exhibit 5 states that descriptions of Canoo's business partnership with Hyundai were "subject to negotiation and execution of definitive agreements . . . which have not been completed . . . and remain subject to change." Ex. 5 at 2. |
| Ex. 6 (September 18, 2020 Form S-4) | • Exhibits 6-9 contain the statements in the sections titled "Cautionary Note Regarding Forward-Looking Statements" and "Risk Factors." Exs. 6-7 at 35-80; 8-9 at 37-83. |

| Exhibit Nos. | Statements |
|---|---|
| Ex. 7 (October 23 2020 Amend. No. 1 to Form S-4)<br><br>Ex. 8 (November 25, 2020 Amend. No. 2 to Form S-4)<br><br>Ex. 9 (December 4, 2020 Prospectus) | • The "Cautionary Note Regarding Forward-Looking Statements" sections in Exhibits 6-9 state: "any statements that refer to projections, forecasts or other characterizations of future events or circumstances, including any underlying assumptions, are forward-looking statements." The sections also state that words such as "intends", "plan", "expect", "will", "project", and "potential" identify forward-looking statements, and that forward-looking statements are subject to numerous "risks and uncertainties" and that "factors that could cause actual results to differ include . . . the ability of Canoo to execute its business model . . . ." Exs. 6-7 at 35-36; 8-9 at 37-38.<br><br>• The "Risk Factors" sections in Exhibits 6-9 state that Canoo "currently expects to add . . . contract engineering revenue in 2021 and 2022, which may occur later or not at all." Exs. 6 at 42; 7 at 43; 8-9 at 45.<br><br>• Exhibit 6 and 7 state that one of the "positive factors" supporting the SPAC merger is "Favorable Opportunities for Revenue and Earnings Growth Due to Secular Growth Trends in the EV Industry and Canoo's Unique Multi-Pronged Go-to-Market Strategy," which also includes a bullet point that states "B2B Engineering and Licensing Opportunities." Exs. 6 at 104; 7 at 105.<br><br>• The last paragraph in the Section "Engineering and Technology Services" in Exhibit 6 states: "We are in discussions with some of the most prominent companies pursuing this technology. These potential partnerships provide revenue opportunities as well as the ability to remain at the forefront of innovation in this space, while strengthening ties with future potential industry leaders." Exs. 6 at 170; 7 at 172.<br><br>• Exhibit 8-9 state in the sections titled "Lock-Up Agreements" that in connection with the Closing of the Merger, "all Canoo officers will agree, subject to certain customary exceptions, not to (a) sell, offer, to sell, contract or agree to sell . . . any |

13

| Exhibit Nos. | Statements |
|---|---|
| | shares of New Canoo Common Stock . . . until 180 days after the Closing." Ex. 8 at 2-4, 22-23, 138; Ex. 9 at 22-23, 138.<br><br>• Exhibits 8-9 state: "During 2020, the Company's revenue was derived from the provision of consulting services on a project basis. The Company's fixed price contracts related to these services contained a single performance obligation, which was satisfied in July 2020 when the Company provided the final report to the customer." Exs. 8-9 at F-33.<br><br>• Exhibit 9 states: "All of our existing directors of Hennessy Capital, except for Greg Ethridge, our President, Chief Operating Officer and director, have informed us that they will resign from our board of directors upon Closing." Ex. 9 at 23. |
| Ex. 11 (August 25, 2020 Press Release filed with the SEC under Rule 425)<br><br>Ex. 12 (December 21, 2020 Press Release Attached to Form 8-K) | • Exhibit 11 contains the statement by Tony Aquila quoted in paragraph 66 of the TAC. *Compare* TAC ¶72 *with* Ex. 11.<br><br>• Exhibit 12 contains the statement by Tony Aquila quoted in paragraph 86 of the TAC. *Compare* TAC ¶91 *with* Ex. 12.<br><br>• Exhibits 11 and 12 contain the statements in the sections titled "Forward -Looking Statements." Exs. 11 at 4; 12 at 6-7. |
| Ex. 13 (September 15, 2020 Capital Markets Conference Tr.) | • Exhibit 13 contains the statements quoted in paragraphs 68-69 of the TAC. *Compare* TAC ¶73 *with* Ex. 13 at 2.<br><br>• Exhibit 13 contains the statements in the section titled "Forward Looking Statements." Ex. 13 at 9. |
| Ex. 14 (December 22, 2020 Form 8-K) | • Exhibit 14 is the Form 8-K referenced in paragraph 92 of the TAC.<br><br>• Exhibit 14 contains the statements in the section titled "Cautionary Note Regarding Forward-Looking Statements." Ex. 14 at 4. |

14

| Exhibit Nos. | Statements |
|---|---|
| Ex. 15 (September 2020 Analyst Day Presentation attached to Form 8-K) | • Exhibit 15 contains the presentation referenced in paragraph 74 of the TAC.<br><br>• Exhibit 15 contains the statements in the sections titled "Disclaimers . . . Forward Looking Statements" and "Disclaimers . . . Use of Projections and Descriptions of Key Partnerships." These statements include: "This presentation contains projected financial information with respect to Canoo, namely revenue . . . for 2020-2026. Such projected financial information constitutes forward-looking information, and is for illustrative purposes only and should not be relied upon as necessarily being indicative of future results." Ex. 15 at 4. |
| Ex. 16 (SEC Order) | • The SEC Order states: "Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over it and the subject matter of these proceedings, which are admitted, Respondent consents to the entry of this Order . . . , as set forth below . . ." Ex. 16 at 1.<br><br>• The SEC Order states: "Canoo violated Sections 17(a)(2) and (3) of the Securities Act, and Sections 13(a) and 14(a) of the Exchange Act and Rules 12b-20, 13a-1, 14a-3, and 14a-9 thereunder." The SEC Order does not state that Canoo violated Section 10(b) of the Exchange Act or Rule 10b-5 thereunder. Ex. 16 at 2. |
| Ex. 17 (Complaint in SEC Action) | • The Complaint in the SEC Action alleged claims for: violations of Section 17(a)(3) of the Securities Act (against Kranz); Section 14(a) of the Exchange Act and Rules 14a-3 and 14a-9 thereunder (against Kranz); Section 14(a) of the Exchange Act and Rule 14a-3 thereunder (against Balciunas); aiding and abetting violations of Section 13(a) and Rules 12b-20, 13-a-1, and 13a-11 thereunder (against Kranz), and aiding and abetting violations of Section 13(a) of the Exchange Act and Rule 13a-11 thereunder (against |

15

| Exhibit Nos. | Statements |
|---|---|
| | Balciunas).  The Complaint does not allege claims under Section 10(b) of the Exchange Act or Rule 10b-5 thereunder. |
| Ex. 18 (Consent of Ulrich Kranz in the SEC Action) | • Exhibit 18 states: "Without admitting or denying the allegations in the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto . . . ." Ex. 18 at 1. |
| Ex. 19 (Consent of Paul Balciunas in the SEC Action) | • Exhibit 19 states: "Without admitting or denying the allegations in the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto . . . ." Ex. 19 at 1. |

L.R. 11-6.2 Certificate of Compliance.

The undersigned, counsel of record for Defendants Canoo Inc., Tony Aquila, Ulrich Kranz, and Paul Balciunas, certifies that this brief contains 5,126 words, which complies with the word limit of L.R. 11-6.1.

DATED:  November 20, 2023              Respectfully submitted,

                                       Kirkland & Ellis LLP

                                       /s/ David A. Klein
                                       David A. Klein

                                       Attorneys for Defendants

16