Jennifer Pafiti (SBN 282790)
POMERANTZ LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405 7190
jpafiti@pomlaw.com

Marshall P. Dees (*pro hac vice*)
Corey D. Holzer (*pro hac vice*)
HOLZER & HOLZER LLC
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392 0090
Facsimile: (770) 392 0029
mdees@holzerlaw.com
cholzer@holzerlaw.com

*Co-Lead Counsel for Lead Plaintiff Vladi Shaulov and the Proposed Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>       Defendants. | Case No. 2:21-cv-02873-FMO-JPR<br><br>**(Consolidated)**<br><br>Case No. 2:21-CV-02879-FMO-JPR<br><br>Case No. 2:21-CV-03080-FMO-JPR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION OF THE COURT'S OCTOBER 4, 2024 ORDER DENYING DEFENDANTS' MOTION TO DISMISS LEAD PLAINTIFF'S THIRD CONSOLIDATED AMENDED COMPLAINT** |

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, Lead Plaintiff Vladi Shaulov ("Plaintiff"), by and through his undersigned counsel, respectfully submits this memorandum in support of his Motion for Clarification of the Court's October 4, 2024 Order Denying Defendants' Motion to Dismiss Lead Plaintiff's Third Consolidated Amended Complaint (the "Order") and states as follows:

## I. FACTS

On October 4, 2024, after reviewing the parties' briefing on the issues, the Court entered the Order denying Defendants' Motion to Dismiss without prejudice. ECF No. 140. The Order permits Defendants, after meeting and conferring with Plaintiff's counsel, to file another motion to dismiss if warranted after the United States Supreme Court renders decisions in *Facebook, Inc. v. Amalgamated Bank*, No. 23-980 (U.S. filed Mar. 6, 2024) and *Nvidia Corp. v. E. Ohman J:Or Fonder AB*, No. 23-970 (U.S. filed Mar. 6, 2024). The parties have substantially different views of the effect of the Order upon this case.

## II. ARGUMENT

Under Rule 60(a), a court may clarify an order to: 1) correct a "failure to memorialize part of decision"; 2) reflect the "necessary implications" of the original order; 3) "ensure that the court's purpose is fully implemented"; and 4) "permit enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1079–80 (9th Cir. 2012); *see also*, *Raiser v. Selnick*, No. ED CV 15-00310, 2018 WL 6016132, at *1 (C.D. Cal. Mar. 15, 2018) (discussing conditions for granting a motion for clarification).

Here, the parties disagree about the Order's implications to the procedural posture of this case. Plaintiff believes the effect of the Court's ruling is straightforward – the Order states that the Court considered the parties' arguments and denied the Motion to Dismiss, subject to Defendants' ability to raise arguments arising from the Supreme Court's anticipated decisions in two unrelated cases. *See* Order ("Having reviewed the briefing. . ."). Because no motion to dismiss is pending and the Court denied the Motion to Dismiss after considering the parties' arguments, this case should proceed in

accordance with the Federal Rules of Civil Procedure, requiring the service of an Answer to Plaintiff's complaint and commencement of discovery. *See* Fed. R. Civ. P. 12(a)(4)(A); 15 U.S.C. § 78u-4(b)(3)(B).

To date, Defendants have not served an Answer to the complaint and have refused to meet and confer with Plaintiff regarding scheduling and case management, insisting the PSLRA discovery stay remains in place even though their motion to dismiss has been denied. Declaration of Corey Holzer dated November 14, 2024 ("Holzer Decl."), ¶¶ 5-7 Defendants have provided no case law, and Plaintiff's counsel has located none, to support their position under these facts. *Id.*, ¶ 6. Defendants also have failed to articulate any reason, given the questions presented in *Facebook* and *Nvidia*, how either case could relate to any new argument Defendants may make in a future motion to dismiss. *Id.*, ¶¶ 8-9. Adherence to Defendants' position would amount to a stay of this case for an indefinite duration, a result prohibited by well-established law. *See, e.g.*, *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1084 (9th Cir. 2024).

Defense counsel also has suggested that the Stipulation to Continue Scheduling Conference and Rule 26(f) Report (ECF No. 95) (the "Stipulation") negates its obligation to respond to the complaint. Holzer Decl., ¶¶ 6-7. It does not. The Stipulation references the plain language set forth in the PSLRA staying discovery during the pendency of a motion to dismiss.[1] The motion to dismiss has now been denied.

On November 5, 2024, Plaintiff's counsel emailed defense counsel again asking Defendants to provide any authority that might bolster their positions and noted that Plaintiff intended to seek clarification from the Court. Holzer Decl., ¶¶ 7-8. To date, Defendants have not responded to the email, leaving the parties at an impasse. *Id.*, ¶ 9.

---

[1] "In any private action arising under this chapter, *all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss*, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).

## II.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court issue an order clarifying its Order to ensure the Order is fully implemented and enforced. In the alternative, Plaintiff respectfully requests that the Court hold a status conference should the Court find that to be more effective and efficient.

Dated: November 14, 2024

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Murielle J. Steven Walsh*
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
mjsteven@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**HOLZER & HOLZER, LLC**

By: */s/ Corey D. Holzer*
Corey D. Holzer (*pro hac vice*)
Marshall P. Dees (*pro hac vice*)
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com
mdees@holzerlaw.com

*Co-Lead Counsel for Lead Plaintiff & the Proposed Class*

3

**CONFERENCE OF COUNSEL CERTIFICATION**

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 30, 2024.


**SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

DATED:  November 14, 2024

/s/ Murielle J. Steven Walsh
Murielle J. Steven Walsh (*pro hac vice*)