Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA  90071
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

David A. Klein (SBN 273925)
david.klein@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA  90067
Telephone:  (310) 552-4200
Facsimile:  (310) 552-5900

*Attorneys for Defendants Canoo Inc., Tony Aquila, Ulrich Kranz, and Paul Balciunas*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiffs,<br>     v.<br><br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>              Defendants. | Case No.  2:21-CV-02873-FMO-JPR<br><br>**(Consolidated)**<br><br>Case No. 2:21-CV-02879-FMO-JPR<br><br>Case No. 2:21-CV-03080-FMO-JPR<br><br>**DEFENDANTS CANOO INC., TONY AQUILA, ULRICH KRANZ, AND PAUL BALCIUNAS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION OF THE COURT'S OCTOBER 4, 2024 ORDER**<br><br>Hearing Date: December 12, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Fernando M. Olguin<br>Courtroom: 6D |

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................1

BACKGROUND ...................................................................................................2

ARGUMENT .........................................................................................................3

    A.    Serving An Answer Is Contrary To The Order's Authorization For Defendants To File A Renewed Motion to Dismiss ....................4

    B.    Commencing Discovery Before The Court Decides Defendants' Renewed Motion To Dismiss Circumvents The PSLRA Stay ...........4

    C.    Plaintiff Never Sought Reconsideration Of The Court's Order Directing Defendants To Take Into Account *Facebook* And *Nvidia* In A Renewed Motion To Dismiss After The Supreme Court's Decisions ..................................................................................7

CONCLUSION......................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Facebook, Inc. v. Amalgamated Bank, et al.*,
   Case No. 23-980 ...................................................................................1, 3, 6, 7

*Garamendi v. Henin*,
   683 F.3d 1069 (9th Cir. 2008) ......................................................................3

*In re PG&E Corp. Sec. Litig.*,
   100 F.4th 1076 (9th Cir. 2024) ....................................................................6

*Nvidia Corp. et al. v. E. Ohman J: Or Fonder AB, et al.*
   Case No. 23-970 ......................................................................................1, 3, 6, 7

*Raiser v. Selnick*,
   2018 WL 6016132 (C.D. Cal. Mar. 15, 2018) ............................................3

*SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*,
   189 F.3d 909 (9th Cir. 1999) ...................................................................2, 5

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B) ..............................................................................1, 4, 5, 6

**Rules**

Fed. R. Civ. P. 12 ...........................................................................................1, 4

Fed. R. Civ. P. 26 ........................................................................................1, 2, 6

Fed. R. Civ. P. 60 ...........................................................................................3

L.R. 7-18 ........................................................................................................7

**INTRODUCTION**

Lead Plaintiff Vladi Shaulov's ("Plaintiff") Motion for Clarification of the Court's October 4, 2024 Order Regarding Defendants' Motion to Dismiss Plaintiff's Third Consolidated Amended Class Action Complaint (Dkt. 140, "Order") seeks to change the Order's plain meaning and prejudice Defendants. Plaintiff's Motion seeks to require Defendants to serve an Answer to his Third Amended Consolidated Complaint ("TAC") and commence discovery. But the Order expressly allows Defendants to file another motion to dismiss the TAC. And Plaintiff's claims here are subject to the the Private Securities Litigation Reform Act ("PSLRA"), which stays discovery and any other proceedings during the pendency of any motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). Defendants intend to file a renewed motion to dismiss as authorized by the Order.

The Order expressly directs Defendants to file their renewed motion to dismiss within 45 days after the Supreme Court issues its decision in the pending *Facebook* and *Nvidia* cases concerning the exacting requirements for pleading securities fraud under the PSLRA. The Order also expressly states that it is "without prejudice." The Order did not direct Defendants to file an Answer. And the Order did not set a Rule 26(f) Scheduling Conference or permit discovery. Plaintiff's attempt to rewrite the Order fails for the following reasons.

*First*, requiring Defendants to serve an Answer before their renewed motion to dismiss is prejudicial and entirely inconsistent with the Order allowing Defendants to file another motion to dismiss. Rule 12(b) requires a motion to dismiss to be made "before pleading." Fed. R. Civ. P. 12(b).

*Second*, commencing discovery is prejudicial, as it circumvents the PSLRA discovery stay, and is contrary to the Order as well as the statute. Defendants' intent to file the renewed motion to dismiss authorized by the Order means a motion to dismiss is "pending" as it has not been decided. The Ninth Circuit has also held that "[t]he Stay of Discovery provision of the Act clearly contemplates that discovery should be

1

permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*" *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of CA*, 189 F.3d 909, 912-13 (9th Cir. 1999) (internal citation and quotes omitted, emphasis in original).  The Order did not sustain the legal sufficiency of the TAC.  To the contrary, the Court may ultimately grant Defendants' renewed motion to dismiss the TAC, finding the TAC legally insufficient.  Discovery before the Court decides Defendants' renewed motion to dismiss could thus subject Defendants' unnecessary discovery costs in contravention of the PSLRA's purpose.

Plaintiff's Motion for Clarification should accordingly be denied.

### **BACKGROUND**

On April 8, 2022, Plaintiff filed the Consolidated Amended Complaint ("AC"). Defendants moved to dismiss the AC on numerous grounds.  *See* Dkt. 101-1, Mem. in Supp. Mot. to Dismiss AC.  On July 8, 2022, the parties stipulated that "in the interests of judicial economy, conservation of time and resources, and orderly management of this action, the Rule 26(f) Scheduling Conference and submission of a Joint Rule 26(f) Report should not occur until after a decision on Defendants' motion to dismiss" because "[t]he parties cannot meaningfully discuss Rule 26 issues until the parties know if and when discovery will commence[.]"  Dkt. 95 at 2.  The Court's July 11, 2022 Order continued the Rule 26(f) Schedule Conference "until a date to be determined by the Court after the decision on Defendants' motion to dismiss" and vacated the deadline for submitting a Joint Rule 26(f) Report.  Dkt. 99.

On February 28, 2023, the Court granted Defendants' motion to dismiss the AC with leave to amend.  Dkt. 113.  Plaintiff filed the TAC on September 8, 2023.  On November 20, 2023, Defendants moved to dismiss the TAC on several grounds.  *See* Dkt. 130-1, Mem. in Supp. Mot. to Dismiss TAC.  On October 4, 2024, the Court issued the Order as a half-page Minute Order "Re: Pending Motion."  Dkt. 140, Order.

The language of the Order is copied in full below:

Having reviewed the briefing with respect to the Motion to Dismiss Lead Plaintiff's Third Amended Class Action Complaint (Dkt. 130, "Motion"), and in light of the pending United Supreme Court Cases, Facebook, Inc. v. Amalgamated Bank, et al., Case No. 23-980, and Nvidia Corp. et al. v. E. Ohman J: Or Fonder AB, et al. Case No. 23-970, which are scheduled for oral argument in November, 2024, IT IS ORDERED THAT:

1. Defendants' Motion (Document No. 130) is denied without prejudice.

2. Defendants may, after meeting and conferring with plaintiff's counsel, file another motion to dismiss that takes into account the Supreme Court's decisions in Facebook and Nvidia. Defendants shall file their renewed motion to dismiss no later than 45 days after the Supreme Court issues its decisions in the Facebook and Nvidia cases.

Dkt. 140, Order.

## **ARGUMENT**

Plaintiff brings his Motion under Federal Rule of Civil Procedure 60(a), which provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The cases Plaintiff cites, however, make clear that "this rule does not permit corrections that change the intent of the original order." *Raiser v. Selnick*, 2018 WL 6016132, at *1 (C.D. Cal. Mar. 15, 2018) (denying motion where "[n]o clerical mistake, oversight or omission occurred with respect to the Court's order for which Plaintiff seeks reconsideration, and Plaintiff [did] not request such a correction."); *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2008) ("Rule 60(a)'s touchstone is fidelity to the intent behind the original judgment."). Here, Plaintiff does not identify any clerical mistake, oversight or omission with respect to the Order. Instead, Plaintiff requests a "clarification" that would change the intent of the Order, which expressly allows Defendants to file a renewed motion to dismiss "without prejudice."

**A.** **Serving An Answer Is Contrary To The Order's Authorization For Defendants To File A Renewed Motion to Dismiss**

Plaintiff argues that, by implication, the Order requires service of an Answer. Dkt. 141-1, Mot., at 2 (citing Fed. R. Civ. P. 12(a)(4)(A)). Plaintiff is wrong. Because the Order is "without prejudice" and allows Defendants to file another motion to dismiss, the Order cannot also require Defendants to serve an Answer. If the Order required Defendants to serve an Answer before Defendants' time to file their renewed motion to dismiss, the Order's express authorization allowing Defendants to file another motion to dismiss would be rendered meaningless. Under Federal Rule of Civil Procedure 12(b), a motion to dismiss for failure to state a claim "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). If Defendants served an Answer, they would no longer be permitted to file their motion to dismiss for failure to state a claim under Rule 12(b) as authorized by the Order. Defendants' accordingly must be given the time to file their renewed motion to dismiss that the Order expressly allows *before* filing an Answer, which is a responsive pleading.

**B.** **Commencing Discovery Before The Court Decides Defendants' Renewed Motion To Dismiss Circumvents The PSLRA Stay**

Plaintiff also argues that the Order, by implication, means discovery should commence notwithstanding the PSLRA discovery stay during the pendency of a motion to dismiss. Dkt. 141-1, Mot., at 2 (citing 15 U.S.C. § 78u-4(b)(3)(B)). The language of the statute and its legislative history as well as the purpose of the statute support continued application of the stay when Defendants intend to file another motion to dismiss authorized by the Court.

The relevant section of the PSLRA provides: "In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Defendants' renewed motion to dismiss is

4

not yet decided and is thus "pending."[1]  As the Ninth Circuit has recognized: "This Section was 'intended to prevent unnecessary imposition of discovery costs on defendants.'" *SG Cowen Sec. Corp.*, 183 F.3d at 911 (quoting H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. At 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. Sess. 731).  "The 'Stay of Discovery' provision of the Act clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint*." *SG Cowen Sec. Corp.*, 183 F.3d at 912-913 (quoting S. Rep. No. 104-98, at 14 (1995) *reprinted in* U.S.C.C.A.N. 693, emphasis in original).

Here, the Court's Order did not sustain the legal sufficiency of the TAC.  Indeed, the Order did not address the legal sufficiency of the TAC.  Circumvention of the PSLRA discovery stay would be prejudicial, and thus contrary to the Court's order, which is expressly "without prejudice."  Plaintiff asserts that the "Court denied the Motion to Dismiss after considering the parties' argument." Dkt. 141-1, Mot., at 1.  But the Order does not say that.   Plaintiff reads "without prejudice" out of the Order and distorts the Order's reference to the Court "[h]aving reviewed the briefing" on Defendants motion to dismiss the TAC. *Id.*; Dkt. 140, Order.  The Order does not reflect any determination that the TAC is legally sufficient because it allows Defendants to file another motion to dismiss the TAC.  The Order would not have afforded Defendants the ability to file another motion to dismiss the TAC if the Court had found that the TAC is legally sufficient. To hold that an Order allowing Defendants to file a renewed motion to dismiss that takes into account two pending U.S. Supreme Court cases obviates the PSLRA stay would contravene its purpose.  This would subject Defendants to discovery costs that would be unnecessary if the Court grants Defendants' renewed motion to dismiss the TAC and dismisses the TAC.  The PSLRA discovery stay thus

---

[1]  *See https://www.merriam-webster.com/dictionary/pendency* ("pendency: the state of being pending"); https://www.merriam-webster.com/dictionary/pending ("pending: not yet decided").

still applies because Defendants intend to file a renewed motion to dismiss as expressly authorized by the Court.

Further, the parties previously stipulated that the Rule 26(f) Scheduling Conference and submission of a Joint Rule 26(f) Report should not occur until after a decision on Defendants' motion to dismiss the AC because the parties cannot meaningfully discuss Rule 26 issues until the parties know if and when discovery will commence. Dkt. 95 (stipulation). The same is true with respect to Defendants' anticipated renewed motion to dismiss the TAC, given the PSLRA discovery stay. The Court's July 11, 2022 Order continued the Rule 26(f) Schedule Conference until a date to be determined by the Court after the decision on Defendants' motion to dismiss the AC and vacated the deadline for submitting a Joint Rule 26(f) Report. Dkt. 99. The Court has not set a Rule 26(f) Scheduling Conference, which is consistent with the continued application of the PSLRA discovery stay and holding in abeyance discussion of Rule 26 issues. *See* Fed. R. Civ. P. 26(f)(1).

Plaintiff argues that continued application of the PSLRA stay "would amount to a stay of this case for an indefinite duration." Dkt. 141-1, Mot., at 2. But the Order provides a definite time for the filing of Defendants' renewed motion to dismiss: "no later than 45 days after the Supreme Court issues its decisions in the Facebook and Nvidia cases." Dkt. 140, Order. That is not indefinite. The Supreme Court has heard oral argument in the two cases and will issue its decisions before the end of its term in spring 2025. Plaintiff's reliance on *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1084 (9th Cir. 2024) is misplaced. *In re PG&E Corp. Sec. Litig.* does not address the PSLRA stay. In that case, the court imposed a stay pending resolution of bankruptcy proceedings, which unlike the PSLRA stay here, provided an indefinite end date. *Id.* at 1083-84.

6

**C.    Plaintiff Never Sought Reconsideration Of The Court's Order Directing Defendants To Take Into Account *Facebook* And *Nvidia* In A Renewed Motion To Dismiss After The Supreme Court's Decisions**

Plaintiff also appears to argue that Defendants should somehow be required to articulate now how *Facebook* and *Nvidia* "could relate to any new argument Defendants may make in a future motion to dismiss." Dkt. 141-1, Mot., at 2. The Order, however, says Defendants' renewed motion to dismiss "should take into account the Supreme Court's decisions in <u>Facebook</u> and <u>Nvidia</u>" within 45 days "*after* the Supreme Court issues its decisions[.]" Dkt. 140, Order (emphasis added). Defendants should not be required to explain how the Supreme Court's decisions in *Facebook* and *Nvidia* will have bearing on the Court's order on Defendants' anticipated renewed motion to dismiss given that the Supreme Court has not yet rendered opinions in those cases.

The Court issued its order "in light of the pending United States Supreme Court cases" and directs Defendants to "file another motion to dismiss that takes into account the Supreme Court's decisions in <u>Facebook</u> and <u>Nvidia</u>." *Id.* To the extent that Plaintiff disagrees with the Court about the relevance of those cases here, Plaintiff's disagreement takes issue with the Order. But Plaintiff never filed a motion for reconsideration of the Order within 14 days after the Order as required by Local Rule 7-18. There is no good cause for delay in seeking reconsideration and none of the grounds for reconsideration set forth in Local Rule 7-18 apply here.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Clarification should be denied. Defendants should not be required to serve an Answer and discovery should not commence until a date to be determined by the Court after the decision on Defendants' renewed motion to dismiss the TAC to the extent the TAC survives Defendants' renewed motion to dismiss.

7

DATED:  November 21, 2024

Respectfully submitted,

Kirkland & Ellis LLP

/s/ David A. Klein

David A. Klein

*Attorneys for Defendants*

L.R. 11-6.2 Certificate of Compliance.

The undersigned, counsel of record for Defendants Canoo Inc., Tony Aquila, Ulrich Kranz, and Paul Balciunas, certifies that this brief contains 2,296 words, which complies with the word limit of L.R. 11-6.1.

DATED:  November 21, 2024

Respectfully submitted,

Kirkland & Ellis LLP

/s/ David A. Klein

David A. Klein

*Attorneys for Defendants*