Jennifer Pafiti (SBN 282790)
POMERANTZ LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405 7190
jpafiti@pomlaw.com

Marshall P. Dees (*pro hac vice*)
Corey D. Holzer (*pro hac vice*)
HOLZER & HOLZER LLC
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392 0090
Facsimile: (770) 392 0029
mdees@holzerlaw.com
cholzer@holzerlaw.com

*Co-Lead Counsel for Lead Plaintiff Vladi*
*Shaulov and the Proposed Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, <br><br> Defendants. | Case No. 2:21-cv-02873-FMO-JPR <br><br> **(Consolidated)** <br><br> Case No. 2:21-CV-02879-FMO-JPR <br><br> Case No. 2:21-CV-03080-FMO-JPR <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION OF THE COURT'S OCTOBER 4, 2024 ORDER DENYING DEFENDANTS' MOTION TO DISMISS LEAD PLAINTIFF'S THIRD CONSOLIDATED AMENDED COMPLAINT** |

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, Lead Plaintiff Vladi Shaulov ("Plaintiff"), by and through his undersigned counsel, respectfully submits this reply memorandum in further support of his Motion for Clarification of the Court's October 4, 2024 Order Denying Defendants' Motion to Dismiss Lead Plaintiff's Third Consolidated Amended Complaint (the "Order") and states as follows:

## I.      ARGUMENT

The Court should grant Plaintiff's motion for clarification. As explained in Plaintiff's opening brief, the Order on its face states that the Court reviewed the parties' briefing and denied the Motion to Dismiss, subject to Defendants' ability to raise arguments arising from the Supreme Court's anticipated decisions in two unrelated cases. *See* Order ("Having reviewed the briefing . . . ."). Because no motion to dismiss is currently pending and the Court denied the Motion to Dismiss after considering the parties' arguments, this case should proceed in accordance with the Federal Rules of Civil Procedure, requiring the service of an Answer to Plaintiff's complaint and commencement of discovery. *See* Fed. R. Civ. P. 12(a)(4)(A); 15 U.S.C. § 78u-4(b)(3)(B).

Defendants argue that despite the plain meaning of the Order they should nonetheless be granted a further reprieve from serving their Answer and participating in discovery. Their arguments are unpersuasive.

*First*, Defendants argue that the Court's Order did not "sustain the legal sufficiency of the TAC." ECF No. 141 (Defs' Br.) at 2. They are wrong. There is no requirement in the PSLRA that a district court must specify the reasons it has denied a motion to dismiss. The only case cited by Defendants, *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909 (9th Cir. 1999), does not support the proposition that an order denying a motion to dismiss without prejudice is insufficient to sustain the legal sufficiency of a complaint. In *SG Cowen*, the Ninth Circuit considered only whether the district court had properly granted plaintiffs limited discovery under the "undue prejudice" exception to 15 U.S.C. 78u–4(b)(3)(B). There,

the district court had *granted* defendants' motion to dismiss but given plaintiffs leave to amend. Plaintiffs then sought limited discovery to further support their allegations in any amended complaint. The district court granted their motion, and the Ninth Circuit reversed.

In reversing, the Ninth Circuit noted that the plaintiffs had requested discovery to "uncover facts sufficient to satisfy the Act's pleading requirements" for their amended complaint and that this was "not a permissible reason for lifting the discovery stay under the Act." *SG Cowen*, 189 F.3d at 912. But as Plaintiff has previously noted, the stay only applies "*during* the pendency of any motion to dismiss," but not *after* the denial of such motion. 15 U.S.C. § 78u–4(b)(3)(B) (emphasis added).

*Second*, Defendants argue that because the Order denied their motion to dismiss "without prejudice" to their ability to file a renewed motion to dismiss after the U.S. Supreme Court issues decisions in *Facebook* and *Nvidia,* they are entitled to a further indefinite stay of this action. *See Facebook, Inc. v. Amalgamated Bank*, No. 23-980 (U.S. filed Mar.6, 2024); *Nvidia Corp. v. E. Ohman J:Or Fonder AB*, No. 23-970 (U.S. filed Mar.6, 2024). As an initial matter, the Court never "directed" them to renew their motion but stated only that they "may" do so and only after consulting with the Plaintiff's counsel. The Order also does not expressly extend the discovery stay. If, in fact, it were the Court's intent to delay further this already three-year-old case, it could simply have issued a notice to the parties holding the motion in abeyance pending these decisions, expressly stayed the action, or taken other procedural steps to remove the case from its active docket. It did not do any of those things. Rather, the Order stated that the Court had "denied" the motion after "[h]aving reviewed the briefing filed with respect to the Motion to Dismiss Lead Plaintiff's Third Consolidated Amended Class Action Complaint Defendants' Motion."

Significantly, shortly after Plaintiff filed this motion, the U.S. Supreme Court dismissed the *Facebook* appeal on the grounds that the writ of certiorari had been "improvidently granted." *See Facebook, Inc. v. Amalgamated Bank*, No. 23-980, 2024

2

WL 4861195 (U.S. Nov. 22, 2024).  Although the *Nvidia* case is still pending (for now), Defendants refused to articulate in their brief how that case could possibly relate to any new argument Defendants may make in a future motion to dismiss.[1]

*Nvidia* addresses two issues that are simply not present here: i) whether plaintiffs seeking to allege scienter based on internal company documents must plead with particularity the contents of those documents; and ii) whether plaintiffs can satisfy the PSLRA's falsity requirement by relying on an expert opinion to substitute for particularized factual allegations. Here, the Amended Complaint pleads with the highest particularly the contents of relevant internal company documents, including cites and verbatim quotes, and does not rely on any expert opinion to substitute for its highly particularized facts.  Thus, any renewed motion to dismiss based on the *Nvidia* decision would be futile, waste the Court's and the parties' resources, and further prejudice plaintiffs by additionally delaying discovery.

Finally, Defendants are wrong that permitting discovery now would "circumvent" the PSLRA stay. Their own caselaw expressly acknowledges that the stay only applies until a motion to dismiss has been denied, which is exactly what occurred here. *See, SG Cowen*, 189 F.3d at 911 ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss ….") (quoting 15 U.S.C. § 78u-4(b)(3)(B)).

## II.   CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiff's Opening Brief,

---

[1] During oral argument in the *Nvidia* case, four justices questioned why they had granted *certiorari* at all, strongly suggesting the Court will dismiss this appeal as well. Justices Elena Kagan, Sonia Sotomayor, Amy Coney Barrett and Neil Gorusch all queried whether Katyal's petition essentially boiled down to "error correction", and seemed incline to believe that the appellants were not really asking for a new bright-line rule , but simply an application of the PSLRA's existing principles.  Transcript at 11-12, 23-24, 55-57, *Nvidia Corp. v. E. Öhman J:or Fonder AB*, No. 23-970 (U.S. Nov. 13, 2024).

3

Plaintiff's Motion for Clarification should be granted.  In the alternative, Plaintiff respectfully requests that the Court hold a status conference should the Court find that to be more effective and efficient.

Dated: November 27, 2024

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Murielle J. Steven Walsh*
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
mjsteven@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**HOLZER & HOLZER, LLC**

By: */s/ Marshall P. Dees*
Corey D. Holzer (*pro hac vice*)
Marshall P. Dees (*pro hac vice*)
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com
mdees@holzerlaw.com

*Co-Lead Counsel for Lead Plaintiff & the Proposed Class*

4

**L.R. 11-6.2 Certificate of Compliance.**

The undersigned counsel of record for Lead Plaintiff certifies that this brief contains 1,068 words, which complies with the word limit of L.R. 11-6.1.

**L.R. 5-4.3.4(a)(2)(i) Signature Certification**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

DATED:  November 27, 2024

*/s/ Marshall P. Dees*
Marshall P. Dees (*pro hac vice*)

5