Jennifer Pafiti (SBN 282790)
POMERANTZ LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405 7190
jpafiti@pomlaw.com

Marshall P. Dees (*pro hac vice*)
Corey D. Holzer (*pro hac vice*)
HOLZER & HOLZER LLC
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392 0090
Facsimile: (770) 392 0029
mdees@holzerlaw.com
cholzer@holzerlaw.com

*Co-Lead Counsel for Lead Plaintiff
Vladi Shaulov and the Proposed
Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | Case No. 2:21-CV-02873-FMO-JPR<br><br>**(Consolidated)**<br><br>Case No. 2:21-CV-02879-FMO-JPR<br><br>Case No. 2:21-CV-03080-FMO-JPR<br><br>**STATEMENT REGARDING DEFENDANT CANOO INC.'S SUGGESTION OF BANKRUPTCY** |

{00647194;4 }

Lead Plaintiff Vladi Shaulov ("Lead Plaintiff") submits this statement regarding Defendant Canoo Inc.'s Notice of Suggestion of Bankruptcy ("Notice") providing "that on January 17, 2025, Defendant Canoo Inc. ('Canoo' or 'Debtor'), and certain of its affiliates (collectively, the 'Debtors') filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the 'Bankruptcy Code') in the United States Bankruptcy Court" and "that, pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a 'stay, applicable to all entities, of,'" among other things, the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors.  Dkt. No. 146, at 1.

Lead Plaintiff understands that the filing of this petition automatically stays the claims against the corporate "Debtors," including Defendant Canoo, but only to that Defendant. Tony Aquila, Ulrich Kranz, or Paul Balciunas (the "Individual Defendants") have not filed for bankruptcy.  Accordingly, all the claims against them remain and should move forward.

The Ninth Circuit has "consistently held that the automatic stay does not apply to suits against non-debtors." *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1095 (9th Cir. 2007).  Thus here, Canoo's voluntary bankruptcy petition does not operate as a stay of this action with respect to non-debtor defendants, *i.e.*, the Individual Defendants.  *See Chugach Forest Prods., Inc. v. N. Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.)*, 23 F.3d 241, 246 (9th Cir. 1994) ("As a general rule, 'the automatic stay of [11 U.S.C.] section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property.") (quoting *Advanced Ribbons & Off. Prods., Inc. v. U.S. Interstate Distrib., Inc. (In re Advanced Ribbons & Off. Prods., Inc.)*, 125 B.R. 259, 263 (Bankr. 9th Cir. 1991)). Consistent with this Ninth Circuit authority, courts in this Circuit have refused to

{00647194;4 }                                    1

extend § 362's automatic stay to non-debtor defendants in a securities class action. *E.g.*, *Cohen v. Stratosphere Corp.*, 115 F.3d 695, 697 (9th Cir. 1997) (while Stratosphere's interim filing of a Chapter 11 petition in bankruptcy stayed the action in the appeal "with regard to Stratosphere Corporation," the Ninth Circuit stated that the "automatic stay does not preclude us from deciding this appeal with regard to all parties other than Stratosphere, and we now proceed to do so"), *aff'd*, 386 F.3d 950 (9th Cir. 2004); *In re NextCard, Inc. Sec. Litig.*, No. C-01-21029, 2003 WL 23142199, at *2 (N.D. Cal. Sept. 17, 2003) (noting that securities claims were stayed as to NextCard, Inc. after its Chapter 11 bankruptcy filing, but were proceeding against the company's current and former officers and directors); *In re NorthPoint Commc'ns Grp., Inc. Sec. Litig.*, 221 F. Supp. 2d 1090, 1093 n.1 (N.D. Cal. 2002) (noting that as a result of NorthPoint's bankruptcy, "this action is stayed as to it," and then proceeding to adjudicate the section 10(b) claims against NorthPoint's officers); *In re U.S. Aggregates, Inc. Sec. Litig.*, 235 F. Supp. 2d 1063, 1068 n.4 (N.D. Cal. 2002) ("Because U.S. Aggregates has filed for bankruptcy, Plaintiff's suit against the Company is subject to automatic stay provisions of the Bankruptcy Code. The action, however, may proceed against Defendants Harris [the Company's former CEO] and Stone [former CFO]."); *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061, 2013 WL 6843610, at *1 (N.D. Cal. Dec. 26, 2013) ("[D]efendant Suntech filed a notice of an involuntary petition for bankruptcy resulting in an automatic stay under 11 U.S.C. § 362.  Individual defendants Shi and King are not subject to the automatic stay; this order concerns their individual motions to dismiss as well as those arguments set forth by the corporation in which they join."); *Cheng Jiangchen v. Rentech, Inc.*, No. CV 17-1490, 2019 WL 5173771, at *1 n.2, *11 (C.D. Cal. Oct. 10, 2019) (granting final approval to class action settlement which proceeded against officer defendants after corporate defendant's bankruptcy filing).

{00647194;4 }

2

In *Duval v. Gleason*, for instance, purchasers and holders of certain real estate limited partnerships filed a securities class action against Equitec Financial Group, Inc., and several named officers and directors of Equitec entities. When the Equitec entities filed for bankruptcy, the defendants argued that the automatic stay under § 362 should apply to both the Equitec defendants and the non-debtor individual defendants. *Duval v. Gleason*, No. C-90-0242, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990). The court squarely rejected this argument, explaining that the "securities laws allow for the independent liability of the officers or other parties involved, and proceedings like the present may go forward without the participation of the corporation," and that "[t]o hold otherwise would allow the Bankruptcy Act to create a sizeable loophole through which malfeasant corporate officers and directors and their insurers could escape, at least temporarily, all civil prosecutions of their individual fraudulent acts by having the corporation file a bankruptcy petition." *Id*. The court simply "cannot agree that the protections afforded by the Bankruptcy Act were intended to be so all-encompassing so as to shield such non-debtor third parties." *Id*.

Here, the voluntary bankruptcy petition has been filed only on behalf of Canoo, not the non-debtor Individual Defendants. As a result, all of the claims against the Individual Defendants remain and are unaffected by both the voluntary bankruptcy petition and the automatic stay. Defendants themselves appear to recognize this limitation on the scope of the stay: noticeably missing from the Notice is any assertion that the stay applies to the claims advanced against the Individual Defendants. Accordingly, the claims in this action against the Individual Defendants are not affected by the corporate Defendant's bankruptcy petition.

{00647194;4 }

Dated: January 22, 2025

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Murielle J. Steven Walsh*
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
mjsteven@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**HOLZER & HOLZER, LLC**

By: */s/ Marshall P. Dees*
Corey D. Holzer (*pro hac vice*)
Marshall P. Dees (*pro hac vice*)
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com
mdees@holzerlaw.com

*Co-Lead Counsel for Lead Plaintiff & the Proposed Class*

{00647194;4 }

4

**L.R. 11-6.2 Certificate of Compliance.**

The undersigned counsel of record for Lead Plaintiff certifies that this brief contains 952 words, which complies with the word limit of L.R. 11-6.1.

**L.R. 5-4.3.4(a)(2)(i) Signature Certification**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

DATED: January 22, 2025          */s/ Marshall P. Dees*
Marshall P. Dees (*pro hac vice*)

{00647194;4 }                              5