Jennifer Pafiti (SBN 282790)
POMERANTZ LLP
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405 7190
jpafiti@pomlaw.com

Marshall P. Dees (*pro hac vice*)
Corey D. Holzer (*pro hac vice*)
HOLZER & HOLZER LLC
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392 0090
Facsimile: (770) 392 0029
mdees@holzerlaw.com
cholzer@holzerlaw.com

*Co-Lead Counsel for Lead Plaintiff Vladi*
*Shaulov and the Proposed Putative Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS, <br><br> Defendants. | Case No. 2:21-CV-02873-FMO-JPR <br><br> **(Consolidated)** <br><br> Case No. 2:21-CV-02879-FMO-JPR <br><br> Case No. 2:21-CV-03080-FMO-JPR <br><br> **OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO EXTEND DEFENDANTS' DEADLINE TO FILE A RENEWED MOTION TO DISMISS THE THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

{00647159;7 }

Lead Plaintiff Vladi Shaulov ("Plaintiff"), by and through his undersigned counsel, respectfully submits this Opposition to the *Ex Parte* Application of Defendants Canoo Inc. ("Canoo") and Tony Aquila, Ulrich Kranz, and Paul Balciunas ("the Individual Defendants") (collectively with Canoo, "Defendants").

The circumstances here are not one of the rare situations where *ex parte* relief should be granted. Defendants ask the Court for an extension of their deadline for filing a renewed motion to dismiss that "takes into account the Supreme Court's decisions" in *Facebook, Inc v. Amalgamated Bank*, No. 23-980 (U.S. filed Mar. 6, 2024) ("*Facebook*") and *Nvidia Corp. v. E. Ohman J: Or Fonder AB*, No. 23-970 (U.S. filed Mar. 6, 2024) ("*Nvidia*"). ECF No. 140. However, the Supreme Court dismissed those cases as improvidently granted, without reaching the merits. Thus, there is nothing with which to supplement their briefing. Accordingly, Defendants have no basis for filing a renewed motion to dismiss and extending the deadline for them to do so is unwarranted.

In addition, Defendants' *ex parte* application should be denied because it is the result of their inexcusable delay. Defendants have known since October 4, 2024 that their deadline for filing a renewed motion to dismiss based on the Supreme Court's rulings in *Facebook* and *Nvidia* would be 45 days after the Supreme Court's rulings. ECF No. 140. By December 11, 2024, the Court had dismissed both of those cases as improvidently granted. Since that date, Defendants have known that their deadline for filing any renewed motion to dismiss would be January 27, 2025. They fail to explain why they are unprepared to meet the deadline.

Instead, Defendants ask for an extension in light of recent developments: Canoo's bankruptcy filing. Defendants attempt to justify their delay by the secrecy surrounding Canoo's bankruptcy filing, but the timing does not support their request. As Defendants concede, Canoo's bankruptcy filing became public information on January 17, 2025, six court days before their deadline. The Court's rule regarding

{00647159;7 }                                                      1

requests for extensions of time – which requires such an extension to be filed five court days before the deadline – does not require the requesting party to meet and confer with the non-requesting party. Thus, Defendants could have timely requested the relief they seek without filing an *ex parte* application. Regardless, even if, as Defendants suggest, the parties were obligated to meet and confer, Defendants failed to make any efforts to ensure that they would meet the Court's deadline for requesting an extension. Indeed, on January 17, 2025, Defendants' proposed meeting and conferring on Monday, January 20, 2025, the last possible day they could file a request for an extension under the Court's Procedures and Schedules, or the weekend before (*i.e.*, January 18-19), and failed to convey that they were under any urgent time constraints. They also failed to indicate that they needed a response from Lead Plaintiff regarding their request for an extension by January 20, 2025, and their lack of urgency does not justify transforming a simple request – one which is not even justified in light of the Supreme Court's rulings rendering a renewed motion to dismiss unwarranted – into an emergency. Accordingly, the Court should deny Defendants' *ex parte* application.

## I.   PROCEDURAL BACKGROUND

On October 4, 2024, the Court entered an order (the "Order") denying Defendants' motion to dismiss (the "Motion") the operative complaint, the Consolidated Third Amended Complaint (ECF No. 125) (the "Complaint"), without prejudice, stating:

> Defendants may, after meeting and conferring with plaintiffs' counsel, file another motion to dismiss that takes into account the Supreme Court's decisions in <u>Facebook</u> and <u>Nvidia</u>. Defendants shall file their renewed motion to dismiss no later than 45 days after the Supreme Court issues its decisions in the <u>Facebook</u> and <u>Nvidia</u> cases.

> ECF No. 140.

On November 22, 2024, the Supreme Court dismissed the writ of certiorari in *Facebook* as "improvidently granted." *Facebook, Inc. v. Amalgamated Bank*, 144 S. Ct. 2629 (2024). On December 11, 2024, the Supreme Court did the same in *Nvidia*. *NVIDIA Corp. v. E. Ohman J:or Fonder AB*, No. 23-970, 2024 WL 5058572 (U.S. Dec. 11, 2024). Thus, Defendants' deadline to file any renewed motion to dismiss under the Order, if permitted, is January 27, 2025. Further, the deadline for the parties to meet and confer about any such motion was on January 20, 2025. *See* L.R. 7-3 (requiring parties to meet and confer "at least 7 days prior to the filing of [a] motion").

On Friday, January 17, 2025, at 2:40 pm EST, counsel for Defendants emailed Lead Plaintiff's counsel asking their availability "on Monday, January 20 or [that] weekend [(*i.e.*, January 18-19, 2025)]" to "discuss the renewed motion to dismiss Lead Plaintiff's third amended consolidated complaint and the deadline for filing the renewed motion to dismiss," and failed to convey that they were under any urgent time constraints. Declaration of Murielle J. Steven Walsh ("MSW Decl.") dated January 23, 2025, ¶ 2. Counsel for Lead Plaintiff responded by email that same day that there is no basis for filing a renewed motion to dismiss, given the Supreme Court's dismissal of *Facebook* and *Nvidia* as improvidently granted. *Id.* ¶ 3. The parties, nevertheless, met via telephone on January 20, 2025. *Id.* ¶ 4.

During the call, counsel for Defendants refused to discuss the basis for a renewed motion to dismiss, instead requesting that Lead Plaintiff agree to an extension to file such a motion on the grounds that Canoo had filed for bankruptcy and counsel for Defendants intends to withdraw as counsel. *Id.* ¶ 5. Defendants' counsel did not indicate that they needed a response on January 20, 2025 as to Lead Plaintiff's position on their request for an extension, instead telling Lead Plaintiff's counsel to take some time to digest their request and get back to them by the following day. *Id.* ¶ 6. On January 21, 2025, Lead Plaintiff's counsel informed

{00647159;7 }                                              3

counsel for Defendants that Lead Plaintiff would not agree to such an extension, as Defendants have no basis to file a renewed motion to dismiss and Defendants failed to provide any justification otherwise. *Id.* ¶ 7. However, counsel for Lead Plaintiff indicated a willingness to work with Defendants on an appropriate and reasonable extension of time should any new deadlines arise in the future, provided that Defendants confirm they would not file a renewed motion to dismiss based on the Order. *Id.* ¶ 8. In response, counsel for Defendants indicated that they would be filing the *ex parte* application. *Id.* ¶ 9.

## II.    ARGUMENT

The Court should deny Defendants' *ex parte* application for following reasons:

*First*, the circumstances here do not justify an *ex parte* application. "Ex Parte applications are solely for extraordinary relief and are rarely granted." L. & Mot. Schedule R. 4. *See also In re Toys "R" US-Delaware, Inc. FACTA Litig.*, No. ML 08-1980, 2010 WL 11465406, at *2 (C.D. Cal. Aug. 9, 2010) ("Ex parte motions are rarely justified."). Indeed, they are only justified when "(1) irreparable harm will result if the matter is not heard in the regular manner . . . and (2) the party seeking ex parte relief did not create the state of affairs that necessitates ex parte relief." *Barden v. W. Refin. Retail, LLC*, No. 5:23-cv-01360, 2024 WL 4868288, at *1 (C.D. Cal. Sept. 11, 2024).      This is not one of the limited situations in which an *ex parte* application is warranted. Defendants claim *ex parte* relief is justified because Canoo filed for bankruptcy, Defendants' counsel could not publicly reveal the bankruptcy filing until January 17, 2025, Defendants' counsel intends to withdraw as counsel for Defendants, and the parties "were unable to reach a timely stipulation before the January 27, 2025 deadline." ECF No. 147 at 4-5. Yet, none of these reasons justify the extraordinary relief they request and, as discussed below,

{00647159;7 }                                        4

Defendants' failure to timely request an extension is a self-inflicted wound. Accordingly, the Court should deny Defendants' request.

*Second*, the Court should deny Defendants' request for an extension to file a renewed motion to dismiss because they have no basis to even file such motion. The Court only permitted Defendants to file a renewed motion to dismiss "that takes into account the Supreme Court's decisions in *Facebook* and *Nvidia*," (ECF No. 140), but the Supreme Court dismissed those cases as improvidently granted and left unchanged the Ninth Circuit decisions. Thus, there is nothing new for the Court to consider. Accordingly, there is no reason to extend Defendants' deadline.

Moreover, the Court denied Defendants' Motion on the merits after considering the parties' arguments, acknowledging that it had "reviewed the briefing filed with respect to the Motion." ECF No. 140. Because there is no justification to revisit that now, the case must proceed.[1]  Alternatively, even if the Order is not a decision on the merits, the Court should still deny Defendants' *ex parte* application because the Motion should be decided on the original papers, given that there is nothing to supplement with from *Facebook* and *Nvidia*.[2]

*Third*, Canoo's voluntary bankruptcy petition does not support the requested extension because, as detailed in Lead Plaintiffs' Statement Regarding Canoo's Suggestion of Bankruptcy (ECF No. 148), it does not stay the case against the non-debtor Individual Defendants. *See Solidus Networks, Inc. v. Excel Innovations, Inc (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1095 (9th Cir. 2007) (the Ninth Circuit has "consistently held that the automatic stay does not apply to suits against

[1] Defendants' Proposed Order (ECF No. 147-2) asks the Court to order that the Individual Defendants are not required to respond to the Complaint before March 28, 2025. The Court should deny that relief because Defendants failed to meet and confer with Lead Plaintiff about that particular request (*see* ECF No. 147-1 ¶¶ 9-13) and failed to even mention that requested relief in their brief.

[2] Lead Plaintiff, nevertheless, remains willing to discuss a reasonable extension of any deadlines that arise while Defendants seek new counsel, in the event that Defendants' counsel are permitted to withdraw.

non-debtors"). Indeed, Lead Plaintiff voluntarily dismissed Canoo. ECF No. 149. Thus, the case must proceed against the Individual Defendants (*see* ECF No. 148) regardless of whether the Court determines that the Order denied the Motion on the merits or the Court now considers the merits of the Motion on the original papers, and the Individual Defendants and their counsel must abide by all deadlines. *Smith v. City of Los Angeles*, No. CV 23-04739, 2024 WL 3467796, at *1 (C.D. Cal. May 6, 2024) (holding even a "pending motion to withdraw as counsel does not excuse Plaintiff from the existing deadlines").

*Fourth*, requesting this relief *ex parte*, rather than by the ordinary procedure for making a request for an extension of time, was only necessitated by Defendants' own delay. Under the Court's Procedures and Schedules, Defendants were required to request an extension "no later than five court days prior to the expiration of the scheduled date." The basis for Defendants' request – Canoo's bankruptcy filing – was public as of January 17, 2025. *See In re Canoo Inc.*, No. 1:25-bk-10094 (Bankr. D. Del.). Thus, Defendants could have filed a request for extension on January 17, 2025, more than five Court days before their deadline. Contrary to Defendants' suggestion otherwise, the Court's Procedures and Schedules do not require them to meet and confer with Lead Plaintiffs before making such a request.

Nevertheless, even if the meet and confer requirement of L.R. 7-3 did apply to a request for an extension, Defendants' request for *ex parte* relief still would not be justified. On January 17, 2025, counsel for Defendants requested Lead Plaintiff's counsel's availability to meet and confer on Monday, January 20, 2025 or the weekend before (*i.e.*, January 18-19), without stressing the time constraints they were under. MSW Decl. ¶ 2. During the January 20, 2025 call, Defendants again failed to inform Lead Plaintiff that they needed a response regarding their request for extension on that day in order to meet the Court's deadline. *Id.* ¶ 6. Defendants

{00647159;7 }

6

cannot now claim that it was impossible to meet that deadline when they failed to make efforts to ensure they did so.

Notably, Defendants also failed to comply with L.R. 7-3 by refusing to engage in any meaningful discussions about whether a renewed motion to dismiss is warranted. Under L.R. 7-3, Defendants were required to meet and confer with Lead Plaintiff about their renewed motion to dismiss at least seven days before filing their motion. That meet and confer deadline has now passed. The fact that Defendants hoped to obtain an extension of that deadline, did not relieve them of their obligations under L.R. 7-3.[3]

## III.   CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court deny Defendants' *ex parte* application and confirm that a) the Order denied the Motion on the merits or, alternatively, b) the Court will decide the Motion based on the parties' original papers.

Dated: January 23, 2025

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Murielle J. Steven Walsh*
Jeremy A. Lieberman (*pro hac vice*)
Murielle J. Steven Walsh (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
mjsteven@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

---

[3] Nevertheless, to the extent the Court is inclined to grant Defendants' request for an extension, it should be no more than thirty days.

{00647159;7 }

7

**HOLZER & HOLZER, LLC**

By: */s/ Corey D. Holzer*
Corey D. Holzer (*pro hac vice*)
Marshall P. Dees (*pro hac vice*)
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com
mdees@holzerlaw.com

*Co-Lead Counsel for Lead Plaintiff & the Proposed Class*

{00647159;7 }

8

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Lead Plaintiff, certifies that this brief contains 2,162 words, which complies with the word limit of L.R. 11-6.1.

DATED:  January 23, 2025

*/s/ Murielle J. Steven Walsh*
Murielle J. Steven Walsh (*pro hac vice*)

{00647159;7 }

9