Mark C. Holscher (SBN 139582)
mark.holscher@kirkland.com
David A. Klein (SBN 273925)
david.klein@kirkland.com
Edward Hillenbrand (SBN 310872)
Edward.hillenbrand@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

*Attorneys for Defendants Canoo Inc., Tony Aquila, Ulrich Kranz, and Paul Balciunas*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BLAKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>CANOO INC., TONY AQUILA, ULRICH KRANZ, and PAUL BALCIUNAS,<br><br>Defendants. | Case No. 2:21-CV-02873-FMO-JPR<br><br>**(Consolidated)**<br><br>Case No. 2:21-CV-02879-FMO-JPR<br><br>Case No. 2:21-CV-03080-FMO-JPR<br><br>**DEFENDANTS TONY AQUILA, ULRICH KRANZ, AND PAUL BALCIUNAS' ANSWER TO CONSOLIDATED THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Consolidated Third Amended Complaint filed: September 8, 2023 |

**ANSWER TO THIRD AMENDED COMPLAINT**

## <u>ANSWER TO THIRD AMENDED COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 8, Defendants Tony Aquila, Ulrich Kranz, and Paul Balciunas (collectively, "Defendants") submit the following answer and affirmative defenses to the Consolidated Third Amended Class Action Complaint ("TAC" or the "Complaint," ECF 125)[1] based on the knowledge of the individual Defendants.

Defendants deny each and every allegation contained in the Complaint, except as otherwise expressly admitted in Paragraphs 1 through 219 below. Any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in the Complaint as a whole. Moreover, Defendants specifically deny any allegations based on Defendants' manufacturing and subscription statements as outside of the scope of this action because the Court dismissed any alleged misstatements concerning Canoo's manufacturing plan, subscription model, and any other statements not concerning its engineering services revenue. Defendants further specifically deny liability to Lead Plaintiff and the putative Class Members and deny that Lead Plaintiff and the putative Class Members have suffered any legally cognizable damages for which Defendants are responsible. Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied. Defendants expressly reserve the right to amend and/or supplement their answer and expressly reserve any and all defenses that may be available. Answers to each paragraph of the Complaint are made by Defendants without waiving, but expressly reserving, all rights they may have to seek relief by appropriate motions directed to the allegations in the Complaint.

With respect to all paragraphs in the Complaint in which Lead Plaintiff prays for damages or other relief, Defendants deny that Lead Plaintiff and the putative Class Members are entitled to that relief under the law. By responding to any allegation in the

---

[1] Pursuant to the Court's January 24, 2025 Order, Defendant Canoo Inc. was dismissed from the litigation. *See* ECF No. 151.

**ANSWER TO THIRD AMENDED COMPLAINT**

Complaint, Defendants make no admission that such allegation is relevant to Lead Plaintiff's claims or is an appropriate subject of discovery, and expressly reserve all rights in this regard.

1. Paragraph 1 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 1 states legal conclusions, to which no response is required.

2. Defendants deny the allegations in paragraph 2, except to the extent paragraph 2 states legal conclusions, to which no response is required.

3. Defendants deny the allegations in paragraph 3, except to the extent paragraph 3 states legal conclusions, to which no response is required.

4. Defendants admit that Canoo Inc. ("Canoo") announced financial results on or around March 29, 2021. Defendants deny the remaining allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5, except to the extent paragraph 5 states legal conclusions, to which no response is required.

6. Defendants deny the allegations in paragraph 6, except to the extent paragraph 6 states legal conclusions, to which no response is required.

7. Defendants admit that Tony Aquila became Canoo's Chief Executive Officer and Executive Chairman of its Board. Defendants deny the remaining allegations in paragraph 7.

8. Defendants admit that on August 18, 2020, Hennessy Capital Acquisition Corp. ("Hennessy") announced a proposed merger with Canoo Holdings Ltd., that the pro forma equity value of the merger was approximately $2.4 billion, and the merger required approval of Hennessy's shareholders. Defendants deny the remaining allegations in paragraph 8.

9. Defendants admit that the SEC investigated the merger and issued an August 4, 2023 Order Instituting Cease-And-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-And-Desist Order (the "SEC Order"). Defendants deny

**ANSWER TO THIRD AMENDED COMPLAINT**

that the allegations in paragraph 9 contain a fair and complete description of the documents and statements quoted therein, and respectfully refer the Court to the documents and statements for their contents. Defendants deny the remaining allegations in paragraph 9.

10.    Defendants deny that the allegations in paragraph 10 contain a fair and complete description of the documents and statements quoted therein, and respectfully refer the Court to the documents and statements for their contents. Defendants deny the remaining allegations in paragraph 10.

11.    Defendants deny the allegations in paragraph 11, except to the extent paragraph 11 states legal conclusions, to which no response is required.

12.    The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 12 based on Defendants' manufacturing and subscription statements. To the extent a response is required, Defendants deny the allegations in paragraph 12.

13.    The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 13 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny the allegations in paragraph 13.

14.    The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 14 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny the allegations in paragraph 14.

15.    Defendants admit that on December 21, 2020, Hennessy shareholders voted to approve the merger, and Canoo's common stock and warrants began trading on the Nasdaq Capital Market. Defendants lack the knowledge or information sufficient to form a belief about the truth or falsity of whether Canoo raised $629 million in gross proceeds

3

**ANSWER TO THIRD AMENDED COMPLAINT**

from the merger and related PIPE financing transaction. Defendants deny the remaining allegations in paragraph 15.

16.    Defendants admit that on December 21, 2020, Canoo issued a press release. Defendants admit that on December 22, 2020, Canoo filed a Form 8-K with the SEC. Defendants deny that the allegations in paragraph 16 contain a fair and complete description of the press release and Form 8-K, and respectfully refer the Court to the press release and Form 8-K for their contents.

17.    Defendants admit that on January 13, 2021, Canoo announced a shelf offering for the sale of up to 24,353,356 shares of common stock. Defendants deny that the allegations in paragraph 17 contain a fair and complete description of the documents supporting the shelf offering, and respectfully refer the Court to those documents for their contents.

18.    Defendants admit that on March 29, 2021, Canoo held a conference call to discuss its financial results for Q4 2020 and full year 2020. Defendants admit the Defendant Aquila attended the call, and Defendants Kranz and Balciunas did not attend the call. Defendants deny the remaining allegations in paragraph 18.

19.    Defendants deny that the allegations in paragraph 19 contain a fair and complete description of the March 29, 2021 conference call, and respectfully refer the Court to the transcript of that call for its contents.

20.    The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 20 based on Defendants' manufacturing and subscription statements. To the extent a response is required, Defendants deny the allegations in paragraph 20.

21.    Defendants deny the allegations in paragraph 21, except to the extent paragraph 21 states legal conclusions, to which no response is required.

22.    Defendants admit that Canoo's stock price at the time the stock market opened on March 29, 2021 was $12.46 per share. Defendants admit that Canoo's stock price at the

4
**ANSWER TO THIRD AMENDED COMPLAINT**

time the stock market opened on March 30, 2021 was $9.64 per share. Defendants admit that Canoo's stock price reached a low during market trading hours on March 30, 2021 of $8.52 per share. Defendants deny the remaining allegations in paragraph 22.

23.    After reasonable inquiry, Defendants lack the knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 23.

24.    Defendants admit that in or around March 2023, Canoo stated publicly that it had reached an agreement in principle with the SEC. Defendants further state that Defendant Aquila was not named as a respondent in the SEC Order or as a defendant in the SEC Action, and the SEC Order and the SEC Action contained no allegations that Defendant Aquila engaged in any conduct that violated the securities laws. Defendants deny the remaining allegations in paragraph 24.

25.    Defendants admit that on August 4, 2023, the SEC Order became public and the SEC filed a public complaint in *SEC v. Kranz et al.*, Case No. 23-cv-06332 (C.D. Cal. Aug. 4, 2023) (the "SEC Action"). Defendants deny that the allegations in paragraph 25 contain a fair and complete description of the SEC Order or SEC Action, and respectfully refer the Court to the SEC Order and SEC Action for their contents. Defendants further state that Defendant Aquila was not named as a respondent in the SEC Order or as a defendant in the SEC Action, and the SEC Order and the SEC Action contained no allegations that Defendant Aquila engaged in any conduct that violated the securities laws. Defendants deny the remaining allegations in paragraph 25.

26.    Defendants deny the allegations in paragraph 26, except to the extent paragraph 26 states legal conclusions, to which no response is required.

27.    The allegations in paragraph 27 are legal conclusions, to which no response is required.

28.    The allegations in paragraph 28 are legal conclusions, to which no response is required.

29.    Defendants admit venue is proper in this District and the Company was headquartered in this District, but lack knowledge or information sufficient to form a belief

5

**ANSWER TO THIRD AMENDED COMPLAINT**

about the truth or falsity of the allegation that many of the acts and transactions asserted in this Complaint occurred or emanated from within this District.

30. Defendants deny the allegations in paragraph 30 except to the extent paragraph 30 states legal conclusions, to which no response is required.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth or the falsity of the allegation that Vladi Shaulov a/k/a Vladi Chaoulov is an Israeli citizen domiciled in Cyprus. Defendants deny the remaining allegations in paragraph 31.

32. Defendants admit Canoo was a Delaware corporation with its principal executive offices located at 19951 Mariner Avenue, Torrance, California 90503 and its securities traded on the Nasdaq Capital Market under the ticker symbol "GOEV" (common shares) and "GOEVW" (warrants). Defendants deny the remaining allegations in paragraph 32.

33. Defendants deny that Aquila is the current CEO and Chairman of Canoo. Defendants admit that Aquila was a pre-merger investor in Canoo, Aquila began serving as Executive Chairman and a Director of Canoo in or around October 2020, and Aquila became CEO in or around April 2021. Defendants deny the remaining allegations in paragraph 33.

34. Defendants admit that Defendant Kranz was a co-founder and became CEO of Canoo Holdings Ltd. prior to the merger in December 2020. Defendants admit that Kranz was CEO of Canoo after the merger in December 2020. Defendants deny the remaining allegations in paragraph 34.

35. Defendants admit that Defendant Balciunas was In Charge of Corporate Development & Strategy and then In Charge of Finance (CFO) of Canoo Holdings Ltd. prior to the merger in December 2020. Defendants admit that Balciunas was CFO of Canoo after the merger in December 2020. Defendants admit that on or around March 23, 2021, Defendant Balciunas notified Canoo of his intention to resign. Defendants admit that the effective date of Defendant Balciunas's resignation was on or around April 2, 2021.

36. Paragraph 36 does not contain any allegations. To the extent it does,

6

**ANSWER TO THIRD AMENDED COMPLAINT**

Defendants deny those allegations.

37. Defendants deny the allegations in paragraph 37, except to the extent paragraph 37 states legal conclusions, to which no response is required.

38. Defendant Canoo has been dismissed from the litigation. ECF 149, 151. Accordingly, no response is required to the allegations in paragraph 38. To the extent a response is required, Defendants deny the allegations in paragraph 38, except to the extent paragraph 38 states legal conclusions, to which no response is required.

39. Paragraph 39 does not contain any allegations. To the extent it does, Defendants deny those allegations.

40. Defendants admit that non-party Stefan Krause and Defendant Kranz founded Evelozcity in 2017. Defendants admit that Canoo developed an electric vehicle platform called a "skateboard" that could be customized for multiple commercial and consumer vehicle programs. Defendants deny the remaining allegations in Paragraph 40.

41. Defendants admit that in September 2019, Canoo debuted its first model called "Canoo." Defendants deny that the allegations in paragraph 41 contain a fair and complete description of the contemporaneous TechCrunch article, and respectfully refer the Court to the article for its contents.

42. Defendants admit that Hennessy was incorporated in Delaware on or about August 6, 2018 as a special purpose acquisition company ("SPAC"). Defendants, after reasonable inquiry, lack sufficient knowledge or information to form a belief about the truth or falsity of the remaining allegations in paragraph 42.

43. Defendants admit that on February 11, 2019, Hennessy commenced an initial public offering and filed a registration statement with the SEC. Defendants admit that on February 28, 2019, the SEC declared Hennessy's registration statement to be effective. Defendants deny the remaining allegations in paragraph 43.

44. Defendants, after reasonable inquiry, lack sufficient knowledge or information to form a belief about the truth or falsity of the allegations in paragraph 44.

45. Defendants, after reasonable inquiry, lack sufficient knowledge or

7

**ANSWER TO THIRD AMENDED COMPLAINT**

information to form a belief about the truth or falsity of the allegations in paragraph 45.

46. Defendants, after reasonable inquiry, lack sufficient knowledge or information to form a belief about the truth or falsity of the allegations in paragraph 46.

47. Defendants, after reasonable inquiry, lack sufficient knowledge or information to form a belief about the truth or falsity of the allegations in paragraph 47.

48. Defendants admit that on August 6, 2020, Hennessy filed a Schedule 14A with the SEC. Defendants deny that the allegations in paragraph 48 contain a fair and complete description of the Schedule 14A, and respectfully refer the Court to the Schedule 14A for its contents. Defendants deny the remaining allegations in paragraph 48.

49. Defendants admit that on August 17, 2020, Hennessy, HCAC IV First Merger Sub, Ltd., HCAC IV Second Merger Sub, LLC, and Canoo Holdings Ltd. signed a Merger Agreement and Plan of Reorganization (the "Merger Agreement"). Defendants deny the remaining allegations in paragraph 49.

50. Defendants admit that on August 18, 2020, Hennessy filed a Schedule 14A and Form 425 with the SEC. Defendants deny that the allegations in paragraph 50 contain a fair and complete description of the Schedule 14A and Form 425, and respectfully refer the Court to the Schedule 14A and Form 425 for their contents. Defendants deny the remaining allegations in paragraph 50.

51. Defendants deny that the allegations in paragraph 51 contain a fair and complete description of the SEC Order, and respectfully refer the Court to the SEC Order for its contents. Defendants deny the remaining allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52, except to the extent paragraph 52 states legal conclusions, to which no response is required.

53. Defendants admit that on September 18, 2020, Hennessy filed a Form S-4 with the SEC. Defendants deny that the allegations in paragraph 53 contain a fair and complete description of the Form S-4, and respectfully refer the Court to the Form S-4 for its contents. Defendants deny the remaining allegations in paragraph 53.

54. Defendants admit that Hennessy filed a Form S-4/A with the SEC on

8

**ANSWER TO THIRD AMENDED COMPLAINT**

November 27, 2020. Defendants deny that the allegations in paragraph 54 contain a fair and complete description of the Form S-4, and respectfully refer the Court to the Form S-4 for its contents. Defendants deny the remaining allegations in paragraph 54.

55.    Defendants admit that on December 4, 2020, Hennessy filed a Form 424B3 with the SEC. Defendants deny that the allegations in paragraph 55 contain a fair and complete description of the Form 424B3 or the SEC Order, and respectfully refer the Court to the Form 424B3 and the SEC Order for their contents. Defendants deny the remaining allegations in paragraph 55.

56.    Defendants admit that Plaintiff alleges that the putative Class Period begins on December 21, 2020. Defendants admit that on December 21, 2020, Hennessy and Canoo announced the merger. Defendants admit that Canoo stock thereafter began trading on the Nasdaq Capital Market. Defendants deny the remaining of the allegations in paragraph 56.

57.    Defendants admit that on December 21, 2020, Hennessy issued a press release. Defendants admit that on December 22, 2020, Canoo Inc. filed a Form 8-K with the SEC. Defendants deny that the allegations in paragraph 57 contain a fair and complete description of the press release or the Form 8-K, and respectfully refer the Court to the press release and the Form 8-K for their contents. Defendants deny the remaining allegations in paragraph 57.

58.    Defendants deny that the allegations in paragraph 58 contain a fair and complete description of the Merger Agreement, and respectfully refer the Court to the Merger Agreement for its contents. Defendants deny the remaining allegations in paragraph 58.

59.    Defendants admit that on January 13, 2021, Canoo filed a Form S-1. Defendants deny that the allegations in paragraph 59 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 59.

60.    Defendants admit that on January 25, 2021, Canoo filed a Form 424B3. Defendants deny that the allegations in paragraph 60 contain a fair and complete

**ANSWER TO THIRD AMENDED COMPLAINT**

description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 60.

61.    Defendants deny the allegations in paragraph 61, except to the extent paragraph 61 states legal conclusions, to which no response is required.

62.    Defendants admit that on August 18, 2020, Hennessy issued a press release. Defendants deny that the allegations in paragraph 62 contain a fair and complete description of the press release, and respectfully refer the Court to the press release for its contents.

63.    Defendants admit that on August 18, 2020, Hennessy held an investor conference call and filed a transcript of the call with the SEC.

64.    Defendants deny that the allegations in paragraph 64 contain a fair and complete description of the August 18, 2020 investor conference call, and respectfully refer the Court to the transcript of that call for its contents. Defendants deny the remaining allegations in paragraph 64.

65.    Defendants deny that the allegations in paragraph 65 contain a fair and complete description of the August 18, 2020 investor conference call, and respectfully refer the Court to the transcript of that call for its contents. Defendants deny the remaining allegations in paragraph 65.

66.    Defendants deny that the allegations in paragraph 66 contain a fair and complete description of the August 18, 2020 investor conference call, and respectfully refer the Court to the transcript of that call for its contents. Defendants deny the remaining allegations in paragraph 66.

67.    The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 67 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 67 contain a fair and complete description of the August 18, 2020 investor conference call, and respectfully refer the Court

10
**ANSWER TO THIRD AMENDED COMPLAINT**

to the transcript of that call for its contents. Defendants deny the remaining allegations in paragraph 67.

68.    Defendants admit that Hennessy prepared an August 2020 investor presentation. Defendants deny that the allegations in paragraph 68 contain a fair and complete description of the August 18, 2020 investor presentation, and respectfully refer the Court to the presentation for its contents. Defendants deny the remaining allegations in paragraph 68.

69.    Defendants deny that the allegations in paragraph 69 contain a fair and complete description of the August 18, 2020 investor presentation, and respectfully refer the Court to the presentation for its contents. Defendants deny the remaining allegations in paragraph 69.

70.    Defendants deny that the allegations in paragraph 70 contain a fair and complete description of the August 18, 2020 investor presentation, and respectfully refer the Court to the presentation for its contents. Defendants deny the remaining allegations in paragraph 70.

71.    Defendants deny that the allegations in paragraph 71 contain a fair and complete description of the August 18, 2020 investor conference call and presentation, and respectfully refer the Court to the transcript of the call and the presentation for their contents. Defendants deny the remaining allegations in paragraph 71.

72.    Defendants admit that Canoo issued a press release on August 25, 2020. Defendants deny that the allegations in paragraph 72 contain a fair and complete description of the press release, and respectfully refer the Court to the press release for its contents. Defendants deny the remaining allegations in paragraph 72.

73.    Defendants admit that Kranz and Balciunas attended an RBC Capital Markets Global Industries conference. Defendants deny that the allegations in paragraph 73 contain a fair and complete description of the conference, and respectfully refer the Court to the transcript of the conference for its contents. Defendants deny the remaining allegations in paragraph 73.

**ANSWER TO THIRD AMENDED COMPLAINT**

74.     Defendants admit that on September 24, 2020, Hennessy filed a Form 8-K with the SEC that included an Analyst Day Presentation, dated September 2020. Defendants deny that the allegations in paragraph 74 contain a fair and complete description of the presentation, and respectfully refer the Court to the presentation for its contents. Defendants deny the remaining allegations in paragraph 74.

75.     Defendants deny the allegations in paragraph 75, except to the extent paragraph 75 states legal conclusions, to which no response is required.

76.     Defendants admit that Hennessy filed a Form S-4 on September 18, 2020, a Form S-4/A on October 23, 2020, and a Form S-4/A on November 27, 2020. Defendants deny the remaining allegations in paragraph 76.

77.     Defendants admit that on December 4, 2020, Hennessy filed a Form 424B3 with the SEC. Defendants deny that the allegations in paragraph 77 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 77.

78.     The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 78 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 78 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 78.

79.     The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 79 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 79 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 79.

**ANSWER TO THIRD AMENDED COMPLAINT**

80.     The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 80 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 80 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 80.

81.     Defendants deny that the allegations in paragraph 81 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 81.

82.     The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 82 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 82 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 82.

83.     The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 83 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 83 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 83.

84.     The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 84 based on Defendants' manufacturing and/or subscription statements. To the extent a response is

**ANSWER TO THIRD AMENDED COMPLAINT**

required, Defendants deny that the allegations in paragraph 84 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 84.

85. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 85 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 85 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 85.

86. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 86 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 86 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 86.

87. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 87 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 87 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 87.

88. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 88 based on Defendants' manufacturing and subscription statements. To the extent a response is

**ANSWER TO THIRD AMENDED COMPLAINT**

required, Defendants deny that the allegations in paragraph 88 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89, except to the extent paragraph 89 states legal conclusions, to which no response is required.

90. Defendants admit that on December 21, 2020, Canoo announced its merger with Hennessy. Defendants admit that on December 21, 2020, the opening price of GOEVQ stock was $19.20 per share. Defendants deny the remaining allegations in paragraph 90.

91. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 91 based on alleged manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 91 contain a fair and complete description of the press release, and respectfully refer the Court to the press release for its contents. Defendants deny the remaining allegations in paragraph 91.

92. Defendants admit that on December 22, 2020, Canoo filed a Form 8-K with the SEC. Defendants deny that the allegations in paragraph 92 contain a fair and complete description of the Form 8-K, and respectfully refer the Court to the Form 8-K for its contents. Defendants deny the remaining allegations in paragraph 92, except to the extent paragraph 92 states legal conclusions, to which no response is required.

93. Defendants admit that on December 21, 2020, the price of GOEVQ stock had a high of $24.90 during market trading hours.

94. Defendants deny the allegations in paragraph 94, except to the extent paragraph 94 states legal conclusions, to which no response is required.

95. Defendants deny the allegations in paragraph 95, except to the extent paragraph 95 states legal conclusions, to which no response is required.

96. Defendants admit that on January 13, 2021, Canoo filed a Form S-1 with the

**ANSWER TO THIRD AMENDED COMPLAINT**

SEC. Defendants admit that Defendant Aquila and Defendant Balciunas signed the Form S-1. Defendants deny the remaining allegations in paragraph 96.

97. Defendants deny that the allegations in paragraph 97 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 97.

98. Defendants deny that the allegations in paragraph 98 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 98.

99. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 99. To the extent a response is required, Defendants deny that the allegations in paragraph 99 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 99.

100. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 100 based on Defendants' manufacturing and subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 100 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 100.

101. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 101 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 101 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 101.

**ANSWER TO THIRD AMENDED COMPLAINT**

102. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 102 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 102 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 102.

103. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 103 based on Defendants' manufacturing and subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 103 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 103.

104. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 104 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 104 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 104.

105. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 105 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 105 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 105.

17
**ANSWER TO THIRD AMENDED COMPLAINT**

106. Defendants deny that the allegations in paragraph 106 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 106.

107. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 107 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 107 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 107.

108. The Court's October 22, 2025 Order granted Defendants' motion to dismiss Plaintiff's allegations "with respect to the manufacturing and subscription statements." ECF No. 153. Accordingly, no response is required to the allegations in paragraph 108 based on Defendants' manufacturing and/or subscription statements. To the extent a response is required, Defendants deny that the allegations in paragraph 108 contain a fair and complete description of the Form S-1, and respectfully refer the Court to the Form S-1 for its contents. Defendants deny the remaining allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109, except to the extent paragraph 109 states legal conclusions, to which no response is required.

110. Defendants admit that on January 25, 2021, Canoo filed a Form 424B3. Defendants deny that the allegations in paragraph 110 contain a fair and complete description of the Form 424B3, and respectfully refer the Court to the Form 424B3 for its contents. Defendants deny the remaining allegations in paragraph 110.

111. Defendants admit that on March 29, 2021, Canoo announced financial results. Defendants deny that the allegations in paragraph 111 contain a fair and complete description of the announcement, and respectfully refer the Court to the announcement for its contents. Defendants deny the remaining allegations in paragraph 111.

112. Defendants admit that on March 29, 2021, Canoo held a conference call to

18

**ANSWER TO THIRD AMENDED COMPLAINT**

discuss its financial results for Q4 2020 and full year 2020.

113. Defendants admit the Defendant Aquila attended the March 29, 2021 conference call, and Defendants Kranz and Balciunas did not attend the conference call. Defendants deny that the allegations in paragraph 113 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 113.

114. Defendants deny that the allegations in paragraph 114 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 114.

115. Defendants deny that the allegations in paragraph 115 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 115.

116. Defendants deny that the allegations in paragraph 116 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 116.

117. Defendants deny that the allegations in paragraph 117 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 117.

118. Defendants deny that the allegations in paragraph 118 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 118.

119. Defendants deny that the allegations in paragraph 119 contain a fair and

**ANSWER TO THIRD AMENDED COMPLAINT**

complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 119.

120. Defendants deny that the allegations in paragraph 120 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 120.

121. Defendants deny that the allegations in paragraph 121 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 121.

122. Defendants deny that the allegations in paragraph 122 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 122.

123. Defendants deny that the allegations in paragraph 123 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 123.

124. Defendants deny that the allegations in paragraph 124 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 124.

125. Defendants deny that the allegations in paragraph 125 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 125.

126. Defendants deny that the allegations in paragraph 126 contain a fair and

**ANSWER TO THIRD AMENDED COMPLAINT**

complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 126.

127. Defendants deny that the allegations in paragraph 127 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 127.

128. Defendants deny that the allegations in paragraph 128 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 128.

129. Defendants deny that the allegations in paragraph 129 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 129.

130. Defendants deny that the allegations in paragraph 130 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 130.

131. Defendants admit that the price of Canoo stock was $11.80 per share when the market closed on March 29, 2021. Defendants deny the remaining allegations in paragraph 131.

132. Defendants deny that the allegations in paragraph 132 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 132.

133. Defendants admit that on March 30, 2021, ROTH Capital Partners issued a report titled "GOEV: 4Q20 Results Were OK; Complete Change in Direction Is Not; DG

**ANSWER TO THIRD AMENDED COMPLAINT**

to Neutral." Defendants deny that the allegations in paragraph 133 contain a fair and complete description of the report, and respectfully refer the Court to the report for its contents. Defendants deny the remaining allegations in paragraph 133.

134. Defendants deny that the allegations in paragraph 134 contain a fair and complete description of the report, and respectfully refer the Court to the report for its contents. Defendants deny the remaining allegations in paragraph 134.

135. Defendants admit that the *Bangkok Post* published an article on April 4, 2021 that was titled "EV Companies Went Public With Big Plans. They're Quickly Hitting Snags." Defendants deny that the allegations in paragraph 135 contain a fair and complete description of the article, and respectfully refer the Court to the article for its contents. Defendants deny the remaining allegations in paragraph 135.

136. Defendants admit that on April 20, 2021, Bank of America Global Research issued a report titled "Paddling its own Canoo, while business model remains very much in flux." Defendants deny that the allegations in paragraph 136 contain a fair and complete description of the report, and respectfully refer the Court to the report for its contents. Defendants deny the remaining allegations in paragraph 136.

137. Defendants deny that the allegations in paragraph 137 contain a fair and complete description of the report, and respectfully refer the Court to the report for its contents. Defendants deny the remaining allegations in paragraph 137.

138. Defendants admit that Canoo's stock traded a low of $0.43 per share during market trading hours on August 21, 2023. Defendants deny the remaining allegations in paragraph 138.

139. Defendants deny the allegations in paragraph 139, except to the extent paragraph 139 states legal conclusions, to which no response is required.

140. Defendants admit that Canoo filed a Form 10-Q with the SEC on May 17, 2021. Defendants deny that the allegations in paragraph 140 contain a fair and complete description of the Form 10-Q, and respectfully refer the Court to the Form 10-Q for its contents. Defendants deny the remaining allegations in paragraph 140.

**ANSWER TO THIRD AMENDED COMPLAINT**

141.    Defendants admit that Canoo filed a Form 10-K with the SEC on March 30, 2023. Defendants deny that the allegations in paragraph 141 contain a fair and complete description of the Form 10-K, and respectfully refer the Court to the Form 10-K for its contents. Defendants deny the remaining allegations in paragraph 141.

142.    Defendants admit that on March 30, 2023, Canoo held a conference call to discuss its financial results for Q4 2022 and full year 2022. Defendants deny that the allegations in paragraph 142 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 142.

143.    Defendants admit that on May 15, 2023, Canoo held a conference call to discuss its quarter results for Q1 2023. Defendants deny that the allegations in paragraph 143 contain a fair and complete description of the conference call, and respectfully refer the Court to the transcript of the conference call for its contents. Defendants deny the remaining allegations in paragraph 143.

144.    Defendants admit that on August 4, 2023, the SEC Order became public and the SEC filed a public complaint in the SEC Action. Defendants deny that the allegations in paragraph 144 contain a fair and complete description of the SEC Order or the SEC Action, and respectfully refer the Court to the SEC Order and the SEC Action for their contents. Defendants deny the remaining allegations in paragraph 144.

145.    Defendants deny that the allegations in paragraph 145 contain a fair and complete description of the SEC Order, and respectfully refer the Court to the SEC Order for its contents. Defendants deny the remaining allegations in paragraph 145.

146.    Defendants deny that the allegations in paragraph 146 contain a fair and complete description of the SEC Order, and respectfully refer the Court to the SEC Order for its contents. Defendants deny the remaining allegations in paragraph 146.

147.    Defendants deny that the allegations in paragraph 147 contain a fair and complete description of the SEC Order, and respectfully refer the Court to the SEC Order for its contents. Defendants deny the remaining allegations in paragraph 147.

**ANSWER TO THIRD AMENDED COMPLAINT**

148.   Defendants admit that on August 4, 2023, the same day the SEC Order was issued, the SEC filed a public complaint in *SEC v. Kranz et al.*, Case No. 23-cv-06332 (C.D. Cal. Aug. 4, 2023) (the "SEC Action"). Defendants deny the remaining allegations in paragraph 148.

149.   Defendants deny that the allegations in paragraph 149 contain a fair and complete description of the SEC Action, and respectfully refer the Court to the SEC Action for its contents. Defendants deny the remaining allegations in paragraph 149.

150.   Defendants deny that the allegations in paragraph 150  contain a fair and complete description of the SEC Action, and respectfully refer the Court to the SEC Action for its contents. Defendants deny the remaining allegations in paragraph 150.

151.   Defendants deny that the allegations in paragraph 151 contain a fair and complete description of the SEC Action, and respectfully refer the Court to that document for its contents. Defendants deny the remaining allegations in paragraph 151.

152.   Defendants deny that the allegations in paragraph 152 contain a fair and complete description of the SEC Action, and respectfully refer the Court to the SEC Action for its contents. Defendants deny the remaining allegations in paragraph 152.

153.   Defendants deny that the allegations in paragraph 153 contain a fair and complete description of the SEC Action, and respectfully refer the Court to the SEC Action for its contents. Defendants deny the remaining allegations in paragraph 153.

154.   Defendants deny that the allegations in paragraph 154 contain a fair and complete description of the SEC Action, and respectfully refer the Court to the SEC Action for its contents. Defendants deny the remaining allegations in paragraph 154.

155.   Defendants deny that the allegations in paragraph 155 contain a fair and complete description of the SEC Action, and respectfully refer the Court to the SEC Action for its contents. Defendants deny the remaining allegations in paragraph 155.

156.   Defendants deny that the allegations in paragraph 156 contain a fair and complete description of the SEC Action, and respectfully refer the Court to the SEC Action for its contents. Defendants deny the remaining allegations in paragraph 156.

**ANSWER TO THIRD AMENDED COMPLAINT**

157. Defendants admit that on August 4, 2023, the SEC issued a press release concerning the SEC Action. Defendants deny that the allegations in paragraph 157 contain a fair and complete description of the press release and respectfully refer the Court to the press for its contents. Defendants deny the remaining allegations in paragraph 157.

158. Defendants admit that Aquila founded AFV Partners in June 2019 and has served as its Chairman and CEO since its founding. After reasonable inquiry, Defendants lack the knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 158.

159. Defendants deny the allegation that Aquila provided "rescue capital" to Canoo. Defendants lack the knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 159.

160. Defendants admit that Defendant Aquila began serving as Executive Chairman and a Director of Canoo in or around October 2020, and Aquila became CEO of Canoo in or around April 2021. Defendants lack the knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 160.

161. Defendants deny the allegations in paragraph 161, except to the extent paragraph 161 states legal conclusions, to which no response is required.

162. Defendants deny the allegations in paragraph 162, except to the extent paragraph 162 states legal conclusions, to which no response is required.

163. Defendants admit that on December 22, 2020, Aquila filed a Form 4 with the SEC. Defendants deny that the allegations in paragraph 163 contain a fair and complete description of the Form 4, and respectfully refer the Court to the Form 4 for its contents. Defendants deny the remaining allegations in paragraph 163.

164. Defendants deny that the allegations in paragraph 164 contain a fair and complete description of the Merger Agreement and respectfully refer the Court to the agreement for its contents. Defendants deny the remaining allegations in paragraph 164.

165. Defendants deny that the allegations in paragraph 165 contain a fair and complete description of the Merger Agreement and respectfully refer the Court to the

**ANSWER TO THIRD AMENDED COMPLAINT**

agreement for its contents. Defendants deny the remaining allegations in paragraph 165.

166. Defendants deny that the allegations in paragraph 166 contain a fair and complete description of the Merger Agreement and respectfully refer the Court to the agreement for its contents. Defendants deny the remaining allegations in paragraph 166.

167. Defendants deny that the allegations in paragraph 167 contain a fair and complete description of the Merger Agreement and respectfully refer the Court to the agreement for its contents. Defendants deny the remaining allegations in paragraph 167.

168. Defendants deny the allegations in paragraph 168, except for the last sentence. With respect to the last sentence of paragraph 168, after reasonable inquiry, Defendants lack the knowledge or information sufficient to form a belief about the truth or falsity of the allegations.

169. Defendants deny that the allegations in paragraph 169 contain a fair and complete description of the initial complaint filed by Canoo in the litigation captioned *Canoo Technologies, Inc. v. Harbinger Motors, Inc. et al.*, Case No. 22-cv-9309 (C.D. Cal.), ECF 1, and respectfully refer the Court to the complaint for its contents. Defendants deny the remaining allegations in paragraph 169.

170. Defendants deny that the allegations in paragraph 170 contain a fair and complete description of the first amended complaint filed by Canoo in the litigation captioned *Canoo Technologies, Inc. v. Harbinger Motors, Inc. et al.*, Case No. 22-cv-9309 (C.D. Cal.), ECF 96, and respectfully refer the Court to that document for its contents. Defendants deny the remaining allegations in paragraph 170.

171. Defendants deny that the allegations in paragraph 171 contain a fair and complete description of the documents and statements quoted therein, and respectfully refer the Court to the documents and statements for their contents. Defendants deny the remaining allegations in paragraph 171.

172. Defendants deny the allegations in paragraph 172, except to the extent paragraph 172 states legal conclusions, to which no response is required.

173. Defendants deny the allegations in paragraph 173, except to the extent

**ANSWER TO THIRD AMENDED COMPLAINT**

paragraph 173 states legal conclusions, to which no response is required.

174. Defendants deny the allegations in paragraph 174, except to the extent paragraph 174 states legal conclusions, to which no response is required.

175. Defendants deny the allegations in paragraph 175, except to the extent paragraph 175 states legal conclusions, to which no response is required.

176. Defendants deny the allegations in paragraph 176, except to the extent paragraph 176 states legal conclusions, to which no response is required.

177. Defendants deny the allegations in paragraph 177, except to the extent paragraph 177 states legal conclusions, to which no response is required.

178. Defendants deny the allegations in paragraph 178, except to the extent paragraph 178 states legal conclusions, to which no response is required.

179. Defendants deny the allegations in paragraph 179, except to the extent paragraph 179 states legal conclusions, to which no response is required.

180. Defendants deny the allegations in paragraph 180, except to the extent paragraph 180 states legal conclusions, to which no response is required.

181. Defendants deny the allegations in paragraph 181, except to the extent paragraph 181 states legal conclusions, to which no response is required.

182. Defendants deny the allegations in paragraph 182, except to the extent paragraph 182 states legal conclusions, to which no response is required.

183. Defendants deny the allegations in paragraph 183, except to the extent paragraph 183 states legal conclusions, to which no response is required.

184. Defendants deny the allegations in paragraph 184, except to the extent paragraph 184 states legal conclusions, to which no response is required.

185. Paragraph 185 does not contain any allegations. To the extent it does, Defendants deny those allegations.

186. Defendants deny the allegations in paragraph 186, except to the extent paragraph 186 states legal conclusions, to which no response is required.

187. Defendants deny the allegations in paragraph 187, except to the extent

27

**ANSWER TO THIRD AMENDED COMPLAINT**

paragraph 187 states legal conclusions, to which no response is required.

188.  Defendants deny the allegations in paragraph 188, except to the extent paragraph 188 states legal conclusions, to which no response is required.

189.  Defendants deny the allegations in paragraph 189, except to the extent paragraph 189 states legal conclusions, to which no response is required.

190.  Defendants deny the allegations in paragraph 190, except to the extent paragraph 190 states legal conclusions, to which no response is required.

191.  Defendants deny the allegations in paragraph 191, except to the extent paragraph 191 states legal conclusions, to which no response is required.

192.  Defendants deny the allegations in paragraph 192, except to the extent paragraph 192 states legal conclusions, to which no response is required.

193.  Defendants deny the allegations in paragraph 193, except to the extent paragraph 193 states legal conclusions, to which no response is required.

194.  Defendants deny the allegations in paragraph 194, except to the extent paragraph 194 states legal conclusions, to which no response is required.

195.  Defendants deny the allegations in paragraph 195, except to the extent paragraph 195 states legal conclusions, to which no response is required.

196.  Defendants deny the allegations in paragraph 196, except to the extent paragraph 196 states legal conclusions, to which no response is required.

197.  Defendants deny the allegations in paragraph 197, except to the extent paragraph 197 states legal conclusions, to which no response is required.

198.  Defendants deny the allegations in paragraph 198, except to the extent paragraph 198 states legal conclusions, to which no response is required.

199.  Defendants deny the allegations in paragraph 199, except to the extent paragraph 199 states legal conclusions, to which no response is required.

200.  Defendants deny the allegations in paragraph 200, except to the extent paragraph 200 states legal conclusions, to which no response is required.

201.  Defendants deny the allegations in paragraph 201, except to the extent

**ANSWER TO THIRD AMENDED COMPLAINT**

paragraph 201 states legal conclusions, to which no response is required.

202. Defendants repeat and reallege as if set forth herein the responses to all of Plaintiff's allegations.

203. Defendants deny the allegations in paragraph 203, except to the extent paragraph 203 states legal conclusions, to which no response is required.

204. Defendants deny the allegations in paragraph 204, except to the extent paragraph 204 states legal conclusions, to which no response is required.

205. Defendants deny the allegations in paragraph 205, except to the extent paragraph 205 states legal conclusions, to which no response is required.

206. Defendants deny the allegations in paragraph 206, except to the extent paragraph 206 states legal conclusions, to which no response is required.

207. Defendants deny the allegations in paragraph 207, except to the extent paragraph 207 states legal conclusions, to which no response is required.

208. Defendants deny the allegations in paragraph 208, except to the extent paragraph 208 states legal conclusions, to which no response is required.

209. Defendants deny the allegations in paragraph 209, except to the extent paragraph 209 states legal conclusions, to which no response is required.

210. Defendants deny the allegations in paragraph 210, except to the extent paragraph 210 states legal conclusions, to which no response is required.

211. Defendants deny the allegations in paragraph 211, except to the extent paragraph 211 states legal conclusions, to which no response is required.

212. Defendants deny the allegations in paragraph 212, except to the extent paragraph 212 states legal conclusions, to which no response is required.

213. Defendants repeat and reallege as if set forth herein the responses to all of Plaintiff's allegations.

214. Defendants deny the allegations in paragraph 214, except to the extent paragraph 214 states legal conclusions, to which no response is required.

215. Defendants deny the allegations in paragraph 215, except to the extent

**ANSWER TO THIRD AMENDED COMPLAINT**

paragraph 215 states legal conclusions, to which no response is required.

216. Defendants deny the allegations in paragraph 216, except to the extent paragraph 216 states legal conclusions, to which no response is required.

217. Defendants deny the allegations in paragraph 217, except to the extent paragraph 217 states legal conclusions, to which no response is required.

218. Defendants deny the allegations in paragraph 218, except to the extent paragraph 218 states legal conclusions, to which no response is required.

219. Defendants deny the allegations in paragraph 219, except to the extent paragraph 219 states legal conclusions, to which no response is required.

## AFFIRMATIVE DEFENSES

Defendants, by their attorneys, hereby set forth and assert their defenses to Lead Plaintiff's Consolidated Third Amended Class Action Complaint. By listing any matter as a defense, Defendants do not assume the burden of proof or any other burden under applicable law as to any defense or issue that would otherwise rest on Lead Plaintiff or as to any element of Lead Plaintiff's claims. Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses, including by asserting additional grounds for the defenses alleged herein and additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein, of which it becomes aware through discovery or other investigation.

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

The action is barred, in whole or in part, because Lead Plaintiff has not suffered any injury or damage or, in the alternative, because any injury or damage that Lead Plaintiff claims to have sustained was not caused by Defendants.

### Third Defense

Lead Plaintiff's claims are barred, in whole or in part, because the Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and

**ANSWER TO THIRD AMENDED COMPLAINT**

the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Lead Plaintiff complains.

### Fourth Defense

Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact, and complied with all applicable disclosure requirements.

### Fifth Defense

Lead Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions alleged in the Complaint were forward-looking and satisfied the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, federal securities laws, and/or the "bespeaks caution" doctrine.

### Sixth Defense

Defendants are not liable because Lead Plaintiff's claims are barred, in whole or in part, because, assuming there was any untruth or omission as alleged in the Complaint (and Defendants deny there was any), Lead Plaintiff knew or should have known of such untruth or omission.

### Seventh Defense

Defendants are not liable because Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff purchased Canoo securities with actual or constructive knowledge of the risks involved in an investment in Canoo securities and thus voluntarily assumed the risk of the losses alleged in the Complaint.

### Eighth Defense

Defendants are not liable because they acted in good faith and in reasonable reliance upon the work, opinions, information, representations, and advice of others, upon whom Defendants were entitled to rely. Without limiting the foregoing, with respect to the portions of Canoo's registration statements and reports filed with the SEC ("Registration Materials") purporting to be made on the authority of experts, Defendants had no

**ANSWER TO THIRD AMENDED COMPLAINT**

reasonable grounds to believe and did not believe, at the time such part of the Registration Materials became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## Ninth Defense

Defendants are not liable because they did not act with scienter and did not act knowingly or recklessly as to any alleged misstatement or omission.

## Tenth Defense

Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, including by acting in conformity with the law and rules and regulations of the SEC, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the Complaint.

## Eleventh Defense

This action may not properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

## Twelfth Defense

Lead Plaintiff's claims are barred, in whole or in part, because any allegedly untrue statement of material fact, omissions of material fact, misleading statements, or other action allegedly taken by the Defendants was not material, and/or was not material to the investment decisions of Lead Plaintiff.

## Thirteenth Defense

Lead Plaintiff's claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Complaint did not affect the market price of Canoo securities.

## Fourteenth Defense

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff has not pleaded, and cannot prove, loss causation or transaction causation, and/or has not pleaded,

**ANSWER TO THIRD AMENDED COMPLAINT**

and cannot prove, that Lead Plaintiff suffered damages that can be attributed and/or causally related to the alleged misrepresentations or omissions. Without limiting the foregoing, Lead Plaintiff's claims are barred, in whole or in part, because any depreciation in the market price of Canoo stock resulted from factors other than the purported misrepresentations and omissions alleged in the Complaint, 15 U.S.C. § 77l(b), 15 U.S.C. § 77k(e).

### Fifteenth Defense

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff was not entitled to, and did not reasonably and/or justifiably rely, or did not in fact rely, on any of the statements or omissions alleged in the Complaint in deciding to purchase Canoo securities.

### Sixteenth Defense

Lead Plaintiff's claims are barred, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and Lead Plaintiff will be otherwise unable to establish that he relied upon the purported misstatements and omissions alleged in the Complaint.

### Seventeenth Defense

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff will be unable to establish that the purported misstatements and omissions alleged in the Complaint were the cause of Lead Plaintiff's decisions to purchase Canoo securities on the terms of their investments.

### Eighteenth Defense

Lead Plaintiff's claims are barred, in whole or in part, because the losses, if any, sustained by Lead Plaintiff were not actually or proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Complaint.

### Nineteenth Defense

Lead Plaintiff's claims are barred, in whole or in part, because the injuries alleged by Lead Plaintiff, to the extent any exist, were caused, in whole or in part, by intervening

33
**ANSWER TO THIRD AMENDED COMPLAINT**

and/or superseding causes unrelated to the alleged conduct of Defendants, by the conduct of third parties for whom Defendants were not responsible, or through forces in the marketplace over which Defendants have no control.

## Twentieth Defense

Defendants are not liable because to the extent that Lead Plaintiff has been damaged, if at all, his failure to mitigate his damages bars recovery.

## Twenty-First Defense

Any damage, loss or liability sustained by Lead Plaintiff must be reduced or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Defendants under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including under the proportionate liability provisions of the federal securities laws.

## Twenty-Second Defense

To the extent Lead Plaintiff suffered damages, if at all, such damages must be offset by Lead Plaintiff's gains, including subsequent gains in Canoo's stock price, including gains arising after the putative Class Period.

## Twenty-Third Defense

To the extent Lead Plaintiff suffered damages, if at all, such damages must be capped pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e)(1), and the damages limitations of the Securities Act of 1933 and Securities and Exchange Act of 1934.

## Twenty-Fourth Defense

If and to the extent that Defendants are found to have made any false or misleading statements or omissions (which Defendants deny), the actual facts which Lead Plaintiff alleges to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Lead Plaintiff is not entitled to any recovery from Defendants because the substance of the allegedly material information that Lead Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in the public

**ANSWER TO THIRD AMENDED COMPLAINT**

disclosures of other parties and third parties, in Defendants' own public filings and announcements, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

### Twenty-Fifth Defense

Defendants are not liable because they did not violate Rule 10b-5 of the Securities and Exchange Act, because they acted at all times in good faith and did not directly or indirectly induce the alleged wrongful act or acts, nor were they culpable participants in any of the alleged wrongdoing.

### Twenty-Sixth Defense

Defendants deny that Lead Plaintiff is entitled to recover attorneys' fees, costs, or expenses and, to the extent Lead Plaintiff seeks injunctive relief, any such claim is barred because Lead Plaintiff has an adequate remedy at law.

### Twenty-Seventh Defense

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff lacks standing to maintain this action under Article III or other applicable statutes or common law.

### Twenty-Eighth Defense

Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the purported misrepresentations, omissions, and conduct alleged in the claims against Defendants.

### Twenty-Ninth Defense

Lead Plaintiff's claims predicated on statements of opinion or belief fail because these statements were not objectively false when made, and because Defendants honestly, and upon reasonable basis, believed them to be true at the time the alleged statements were made.

### Thirtieth Defense

Lead Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

35

**ANSWER TO THIRD AMENDED COMPLAINT**

## Thirty-First Defense

Lead Plaintiff's claims are barred, in whole or in part, under the doctrines of acquiescence, unclean hands, estoppel, res judicata, waiver, ratification, laches and other related doctrines and principles, or any one of them.

## Thirty-Second Defense

Lead Plaintiff's claims are barred, in whole or in part, on the grounds that at all times alleged in the Complaint, Lead Plaintiff expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

## Thirty-Third Defense

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff would have acquired Canoo common stock even if, when acquired, Lead Plaintiff had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

## Thirty-Fourth Defense

Lead Plaintiff's claims are barred, in whole or in part, because, pursuant to Section 21D(f) of the Securities Exchange Act of 1934, Defendants are covered persons who did not knowingly commit a violation of the securities laws.

## Thirty-Fifth Defense

Lead Plaintiff's claims are barred, in whole or in part, because Defendants had no duty to disclose any facts allegedly not disclosed.

## Thirty-Sixth Defense

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff and members of the putative class relied upon their own independent investigations, own decisions, and the advice of professional investment advisors.

## Thirty-Seventh Defense

Lead Plaintiff's claims are barred, in whole or in part, because the damages sought are too speculative and/or remote.

**ANSWER TO THIRD AMENDED COMPLAINT**

### Thirty-Eighth Defense

Lead Plaintiff's Securities Act claims are barred, in whole or in part, because Lead Plaintiff did not acquire his shares directly from Canoo and/or Lead Plaintiff's shares are not traceable to the Registration Materials.

### Thirty-Ninth Defense

Lead Plaintiff's Securities Act claims are barred, in whole or in part, because Defendants had, after reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time the Registration Materials were filed, that the statements in the documents were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

### Fortieth Defense

Lead Plaintiff's Securities Act claims are barred, in whole or in part, because Lead Plaintiff was informed of the risks associated with his investment.

### Forty-First Defense

Lead Plaintiffs' claims are barred, in whole or in part, to the extent that other parties not named in the Complaint are indispensable parties to this Action.

### Forty-Second Defense

Lead Plaintiff's claims are barred, in whole or in part, because some or all of the purported misstatements or omissions alleged in the Complaint reflect or pertain to non-actionable statements of corporation optimism or puffery.

### Forty-Third Defense

To the extent Lead Plaintiff suffered damages, if at all, any damage, loss, or liability must be reduced, diminished and/or barred to the extent Lead Plaintiff seeks an overlapping or duplicative recovery pursuant to the various claims against Defendants or others.

### Forty-Fourth Defense

To the extent Lead Plaintiff's allegations are true (which Defendants deny), then Defendants were victims of fraud, deceit, misrepresentations, concealment, negligence, breach of contract, and/or breach of duties practiced upon them by others.

**ANSWER TO THIRD AMENDED COMPLAINT**

**Forty-Fifth Defense**

Lead Plaintiff's claims are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

\* \* \*

Defendants reserve the right to raise any additional grounds for the defenses alleged herein and additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which they become aware at any subsequent stage of this action. Defendants further reserve their right to withdraw, amend, or modify their Answer accordingly and further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court:

1.    Enter judgment in Defendants' favor;

2.    Award Defendants their reasonable costs and fees, including attorneys' fees; and

3.    Grant Defendants such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendants demand a trial by jury on all issues so-triable.

DATED: November 26, 2025    Respectfully submitted,

Kirkland & Ellis LLP

*/s/ Edward Hillenbrand*
Edward Hillenbrand

*Attorneys for Defendants*

38
**ANSWER TO THIRD AMENDED COMPLAINT**