JS-5

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-2873 FMO (DMKx)** | Date | **June 22, 2026** |
| Title | **Samuel Blake v. Canoo Inc.**, **et al.** | | |

| | |
|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge |

| | | |
|---|---|---|
| Vanessa FIgueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(In Chambers) Order Re: Further Proceedings**

Having reviewed the record in this action, IT IS ORDERED THAT:

1. The Clerk shall re-open this matter.

2. Plaintiff(s) shall file a Motion for Class Certification and Preliminary Approval of Class Action Settlement Agreement no later than **July 6, 2026**. Defendants may also file a brief in support of the motion for preliminary approval by the same deadline.

3. The Motion shall include appropriate evidentiary support and a thorough discussion of the requirements set forth in Rule 23(e) of the Federal Rules of Civil Procedure, including but not limited to, the following issues:

(A) All class certification and FLSA collective action requirements, including (i) declarations from proposed class representatives as to the adequacy of their representation of the class; and (ii) any differences between the settlement class and the class proposed in the operative complaint (if the class has already been certified, the difference between the settlement class and the previously certified class), and an explanation as to why the differences are appropriate.

(B) Whether the settlement is within a range of possible judicial approval, including

(i) the fairness of its terms;

(ii) the anticipated class recovery under the settlement;

(iii) the potential class recovery if plaintiffs had prevailed on each of the claims that are the subject of the settlement; and

(iv) an explanation of the factors bearing on the amount of the compromise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 21-2873 FMO (DMKx)** | Date | **June 22, 2026** |
| Title | **Samuel Blake v. Canoo Inc., et al.** | | |

(C) The proposed allocation plan for the settlement fund.

(D) The arms-length negotiation of the settlement discussion(s), including whether, and to what extent, the proposed class representatives were involved in the negotiation(s).

(E) Incentive payments and the standard set forth in Radcliffe v. Experian Info. Solutions Inc., 715 F.3d 1157 (9th Cir. 2013), including declarations from the proposed class representative(s) regarding (i) the time, risk, and burden incurred by the class representative(s), and the assistance he or she provided to class counsel throughout the case; and (ii) whether the incentive payment is conditioned on the class representative's approval of the settlement.

(F) If the settlement contemplates a cy pres award, the parties shall identify the proposed cy pres recipient, and explain how the recipient's mission or goals are related to the interests of the class members. The parties shall also identify any relationship they or their counsel have with the proposed cy pres recipient.

(G) Adequacy of the class notice, including whether and how it fairly apprises the putative class members of the terms of the proposed settlement, and of the options available to them in connection with the settlement and court proceedings:

(i) Class members should be instructed to submit their written objections directly to the court, as all objections will be available to all parties on the court's docket.

(ii) In order to ease the burden on class members in exercising their rights under the proposed settlement, the court prefers that the settlement provide for submission of an opt-out or exclusion form, to be provided to class members by the settlement administrator.

(H) How the settlement will be administered, including the proposed amount and cap to be paid to the settlement administrator.

(I) The parties shall carefully evaluate the scope of the release of claims. With respect to absent class members, the court will not approve overly broad releases and waivers of the protections of California Civil Code § 1542. Counsel shall address any differences between the claims to be released and the claims in the operative complaint, (if the class has already been certified, the difference between the claims to be released and those certified for class treatment), and an explanation as to why the differences are appropriate in the instant case.

(J) The parties shall address whether notice under the Class Action Fairness Act ("CAFA") is required and, if so, when it will be given. In addition, the parties must address

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-2873 FMO (DMKx)** | Date | **June 22, 2026** |
|---|---|---|---|
| Title | **Samuel Blake v. Canoo Inc., et al.** | | |

substantive compliance with the CAFA. For example, if the settlement includes coupons, the parties should explain how the settlement complies with 28 U.S.C. § 1712.

4. With respect to any settlement involving claims pursuant to the California Private Attorneys General Act ("PAGA"), Cal. Labor Code §§ 2698, et seq., the parties shall address whether the California Labor & Workforce Development Agency received notice of the settlement, and any response to such notice.

5. Failure to file the motion for preliminary approval by the deadline set by the court may result in dismissal of the case for failure to prosecute and/or to comply with a court order.

00 : 00

Initials of Preparer vdr